**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOSEPH STRAUCH and TIMOTHY COLBY, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>COMPUTER SCIENCES CORPORATION,<br><br>                    Defendant. | No. 14 Civ. 956 (JBA)<br><br>**REPORT OF PARTIES' FED. R. CIV. P. 26(F) CONFERENCE** |

**REPORT OF PARTIES' FED. R. CIV. P. 26(F) CONFERENCE**

Date Complaint Filed: July 1, 2014

Date Complaint Served: July 15, 2014

Date of Defendant's Appearance: August 1, 2014

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on August 20, 2014.[1]  The participants were Jahan C. Sagafi, Michael J. Scimone, Michael N. Litrownik, Andrew Lah, and Daniel M. Hutchinson for Plaintiffs Joseph Strauch and Timothy Colby and the proposed class members; and William Joseph Anthony and David R. Golder for Defendant Computer Sciences Corporation ("CSC").

**I.     Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have

---

[1] Based on counsel's schedule, the parties agreed to supplement this initial conference with a more detailed discussion of electronically stored information ("ESI") on August 28.  The results of that second discussion are also incorporated into this Report, to the extent appropriate.

developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because they arise out of a statute of the United States, the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq.* The Court also has jurisdiction over Plaintiffs' state law claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A) because the aggregated claims of the individual class members exceed $5,000,000, exclusive of interests and costs, and more than two-thirds of the proposed class, on the one hand, and CSC, on the other, are citizens of different states. In addition, the Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367, because they are so related to Plaintiffs' FLSA claims as to form part of the same case or controversy.

### B. Personal Jurisdiction

The Court has personal jurisdiction over CSC because it does business in this District.

## III. Brief Description of Case

Plaintiffs are CSC Systems Administrators who allege that their employer, CSC, misclassified them and similarly situated workers as exempt from overtime and other wage and hour protections in violation of the FLSA and California and Connecticut wage and hour laws. Plaintiffs allege that their primary duty is installing, maintaining, and/or supporting computer software or hardware for CSC clients, which would not qualify them as exempt from overtime under any of the relevant laws.

Plaintiffs bring these claims on behalf of themselves and others similarly situated. Plaintiffs intend to seek certification of a nationwide collective under the FLSA and disseminate notice to all class members to allow them to opt into the action pursuant to 29 U.S.C. § 216(b). Plaintiffs also intend to seek certification of state law classes under Rule 23.

As an initial defense, CSC denies the allegations in Plaintiffs' Complaint and contends that Plaintiffs were not denied any wages. CSC contends that Plaintiffs have been paid all wages due to them under the FLSA, Connecticut law, California law, or any other wage payment laws, and that Plaintiffs are salaried employees exempt from the overtime requirements of the FLSA and state wage payment laws. At all times, CSC acted in good faith with respect to Plaintiffs' exempt classifications and employment with the company. CSC further avers that this action should not be certified as a class or collective action. CSC reserves the right to add additional or other defenses, or to delete or withdraw defenses, and to add other claims as they become necessary after reasonable opportunity for discovery.

## IV.   Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

    **a.**    Plaintiff Timothy Colby was employed as a CSC Systems Administrator from approximately October 2011 to approximately February 2014.

    **b.**    Plaintiff Joseph Strauch was employed as a CSC Systems Administrator from approximately December 1999 to approximately June 2011 and again from approximately October 2011 to the present.

**V.     Case Management Plan:**

    **A.     Scheduling Order**

The parties request the deadlines in the July 1, 2014 Order on Pretrial Deadlines (ECF No. 2) be taken off calendar and replaced as follows:

| Item | Date |
|---|---|
| Deadline for motion to amend complaint (except regarding parties and state law causes of action, as set forth below) | December 18, 2014 |
| Deadline for FLSA conditional certification motion | December 18, 2014 |
| Deadline for motion to amend complaint to add parties and/or state law causes of action | February 15, 2015 |
| Deadline for Rule 23 class certification motion | July 2, 2015 |

The parties respectfully submit that, after the Court's decision on Plaintiffs' Rule 23 motion, the parties will be in a better position to submit a proposed schedule for remaining fact and expert discovery, dispositive motion practice, and trial, based on the contours of the case at that time.

    **B.     Scheduling Conference with the Court**

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  The parties prefer a conference in person.

    **C.     Early Settlement Conference**

        1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time, but the parties are open to exploring settlement once sufficient discovery has been conducted to enable them to assess the case's strengths and weaknesses.

        2.     The parties do not request a pretrial settlement conference with the Court.

**3.** The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16(h).

**D.   Joinder of Parties and Amendment of Pleadings**

**1**. As proposed in the schedule above, Plaintiffs should be allowed until December 18, 2014 to file motions to join additional parties and amend the pleadings, except that any motion to amend the complaint to add parties and/or state law causes of action should be due February 15, 2015.

**2**. CSC should be allowed until December 18, 2014 to file motions to join additional parties.

**E.   Discovery**

**1**. The parties anticipate that discovery will be needed on the following subjects:

**a**. Class member contact information. Plaintiffs submit that "[p]re-certification discovery of potential class lists is favored by most cases considering the question, within the contexts of Rule 23, FLSA, or both." *Zaniewski v. PRRC Inc.*, No. 11 Civ. 1535, 2012 WL 996703, at *1 (D. Conn. Mar. 22, 2012); *see also, e.g.*, *Allard v. Post Rd. Entm't*, No. 11 Civ. 901, 2012 WL 951917 (D. Conn. Mar. 20, 2012) (granting pre-certification discovery of class list due to plaintiff's good-faith need to enable her to define the class). CSC denies that Plaintiffs are entitled to class member contact information or class lists. *See, e,g, Ruggeri, et al. v. Boehringer Ingelheim Corp.*, No. 06-cv-1985, at pp. 15-17 (JBA) (D. Conn. Feb. 27, 2008).

**b**. Whether conditional certification of an FLSA collective and issuance of notice pursuant to 29 U.S.C. § 216(b) is appropriate.

    **c.**  Whether class certification pursuant to Fed. R. Civ. P. 23 is appropriate.

    **d**.  Whether Plaintiffs and similarly situated workers are properly classified as exempt from overtime under state and federal laws.

    **e**.  Whether CSC's decision to classify Plaintiffs and similarly situated workers was made in good faith or constituted a wilful violation of the applicable laws.

    **f**.  The extent of monetary damages and other relief to which Plaintiffs and similarly situated workers are entitled.

  **2**.  Discovery has commenced.  As proposed above, the parties will present a proposal for the completion of fact discovery following the Court's determination of Plaintiffs' Rule 23 class certification motion.

  **3**.  Discovery will not be conducted in phases.  However, the parties are working cooperatively to prioritize discovery particularly relevant to FLSA and Rule 23 certification first, followed by additional discovery after the Court's FLSA and Rule 23 certification decisions.

  **4**.  Plaintiffs have propounded a Rule 30(b)(6) deposition notice including twenty-one topics listed in ten general categories.  Plaintiffs may take depositions of fact witnesses as well, depending on developments in discovery.  CSC anticipates deposing both named plaintiffs and opt-in plaintiffs.  Plaintiffs will work with CSC to schedule a reasonable number of opt-in plaintiff depositions to be conducted after FLSA certification.  The named plaintiff and 30(b)(6) depositions will commence once sufficient documents are produced to enable the parties to take those depositions effectively.  The parties anticipate working cooperatively to begin those depositions by October 31, 2014.

        **a**.        The parties may request permission to serve more than 25 interrogatories.

        **b**.        The parties will propose a schedule for expert discovery after the Court's Rule 23 class certification decision.

        **c**.        Plaintiffs will propose a deadline for submission of their damages analysis after the Court's Rule 23 class certification decision.

        **j**.        Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: The parties met telephonically on August 28, 2014 to discuss the preservation, disclosure and management of electronically stored information.  During the teleconference, information was exchanged regarding CSC's systems as well as the nature of electronically stored information sought by Plaintiffs in discovery.  Based on the initial exchange of information, follow-up was required by both sides.  The parties have agreed to continue this dialogue after additional information can be obtained.  For now, the primary sources of electronically stored information to be addressed in discovery are as follows: (i) Electronic Time Entry Systems; (ii) Human Resources Information Systems; (iii) Ticketing Systems; and (iv) E-Mail, although Plaintiffs are still learning the nature of CSC's electronic systems and will seek discovery from such other sources as are appropriate, if any.  In addition, the parties have expressed a commitment and have begun to work

cooperatively and in good faith to the greatest extent possible, including as it relates to the exchange of electronically stored information.  Lastly, it is the goal of the parties to conduct e-discovery in conformance with Fed R. Civ. P. 1 (the Rules "should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding") as well as Fed R. Civ. P. 26(b)(2)(C) (limiting discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues").

**k.** With regard to discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production, the parties propose the following procedures for asserting claims of privilege after production:  Any party who discovers that it has inadvertently produced privileged or work-product protected documents shall promptly notify opposing counsel within 30 days of such disclosure, who shall then either promptly return any such materials to the producing party without retaining copies of same, or sequester such materials pending a determination by the Court of any claim of privilege or work product protection.  Any such inadvertent production shall not constitute a waiver of any applicable privileges.  To this end, the parties anticipate seeking the entry of a Fed. R. Evid. 502(d) Order regarding the non-waiver of any privileges in connection with the discovery process.   Any party claiming privilege or work product protection will produce a privilege log in the event that either party demands the return of inadvertently produced privileged materials.  The parties reserve their rights to challenge the assertion of any privilege or work product protection with respect to any documents or information identified in such a privilege log.

**F.     Dispositive Motions:**

The parties will propose a schedule for dispositive motions after the Court's Rule 23 class certification decision.

**G.     Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within thirty days of the Court's determination of any dispositive motions.

**VI.     TRIAL READINESS**

The parties will propose a trial date after the Court's Rule 23 class certification decision.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

*On behalf of Plaintiffs:*

By: */s/ Jahan C. Sagafi*                                      By: */s/ Karen Baldwin Kravetz*

Jahan C. Sagafi (pro hac vice)                          Karen Baldwin Kravetz (ct 19665)
OUTTEN & GOLDEN LLP                                 SUSMAN, DUFFY & SEGALOFF, P.C.
One Embarcadero Center, 38th Floor              59 Elm Street, 5th Floor
San Francisco, CA 94111                                 New Haven, CT 06510
Telephone:  (415) 638-8800                             Telephone: (203) 624-9830
Facsimile:  (415) 638-8810                              Facsimile: (203) 562-8430
jsagafi@outtengolden.com                              kkravetz@susmanduffy.com

Michael J. Scimone (pro hac vice)
Michael N. Litrownik (ct 28845)
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:  (212) 245-1000
Facsimile:  (646) 509-2060
mscimone@outtengolden.com
mlitrownik@outtengolden.com

LEWIS, FEINBERG, LEE, RENAKER &
JACKSON, P.C.
Todd Jackson (pro hac vice)
Andrew Lah (pro hac vice)
476 9th Street

Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile:  (510) 839-7839
tjackson@lewisfeinberg.com
alah@lewisfeinberg.com

LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
Kelly M. Dermody (pro hac vice)
Daniel M. Hutchinson (pro hac vice)
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008
kdermody@lchb.com
dhutchinson@lchb.com

Sudarsana Srinivasan (pro hac vice)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile:  (212) 355-9592
dsrinivasan@lchb.com


*Defendant Computer Sciences Corporation*


By:  */s/ William J. Anthony*
Jackson Lewis P.C.
William J. Anthony (ct 17865)
Kristi Rich Winters (ct 28066)
18 Corporate Woods Boulevard, 3rd floor
Albany, NY 12211
Telephone: 518-434-1300
Fax: 518-427-5956
Anthonyw@jacksonlewis.com
Kristi.Winters@jacksonlewis.com

David R. Golder (ct 27941)
David C. Salazar-Austin (ct 25564)
90 Statehouse Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330

golderd@jacksonlewis.com
salazard@jacksonlewis.com

Brett M. Anders*
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
Tel: (973) 538-6890
andersb@jacksonlewis.com

Cary G. Palmer*
Nathan W. Austin*
801 K Street, Suite 2300
Sacramento, CA 95814
Tel: (916) 341-0404
palmerc@jacksonlewis.com
AustinN@jacksonlewis.com

* *pro hac vice* motions forthcoming