UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Joseph Strauch and Timothy Colby, and on behalf of themselves and all those similarly situated<br><br>Plaintiffs,<br>v.<br><br>Computer Sciences Corporation<br><br>Defendant. | CIVIL NO.: 3:14-cv-956 (JBA)<br><br><br><br><br><br>December 18, 2014 |

# DEFENDANT'S MOTION TO COMPEL

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Local Rules 7 and 37 of this District, Defendant, Computer Sciences Corporation ("CSC" or "Defendant") respectfully requests that this Court order (1) limited discovery from the opt-in Plaintiffs, including their resumes, job applications and other documents they prepared that demonstrate how they performed their jobs at CSC, and documents reflecting any communications regarding their claims in this lawsuit; and (2) discovery of all communications Plaintiffs have had with other putative class members.

CSC has every right to seek discovery from the opt-in Plaintiffs, who have affirmatively opted into and chosen to participate in this action. Indeed, Plaintiffs themselves continue to request discovery and information pertaining to the entire putative class. *See* Plaintiffs' Motion to Compel. (Doc. #98-101.) In addition, Plaintiffs requested individualized discovery, including personnel files, for all opt-in plaintiffs that CSC has produced and continues to produce. CSC's requested discovery is very limited in scope yet relevant to determining Plaintiffs' exempt status and whether Plaintiffs are in fact similarly situated to each other.

Given that over 70 individuals have opted into this lawsuit, CSC is also entitled to any communications Plaintiffs have had with other putative class members. Such communications are not protected by the attorney-client privilege, common interest privilege, or work product doctrine.

Despite CSC's good faith efforts to meet and confer to resolve these issues without the Court's intervention, Plaintiffs refuse to provide CSC with this relevant information and documentation. As set forth more fully in the attached memorandum of law, CSC is entitled to the documents requested and CSC respectfully requests that this Court grant its Motion to Compel. Alternatively, this Court should conduct an *in camera* review of the redacted portions of the communications that Plaintiffs claim to be protected by the attorney-client privilege, common interest rule, and/or work product doctrine.

Respectfully submitted,

DEFENDANT,
COMPUTER SCIENCES CORPORATION

By its attorneys,

*/s/ David R. Golder*
Jackson Lewis, P.C.
David R. Golder (ct 27941)
David C. Salazar-Austin (ct 25564)
90 Statehouse Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
golderd@jacksonlewis.com
salazard@jacksonlewis.com

William J. Anthony (ct 17865)
Kristi Rich Winters (ct 28066)
18 Corporate Woods Boulevard, 3rd floor
Albany, New York 12211
Telephone: 518-434-1300
Fax: 518-427-5956
Anthonyw@jacksonlewis.com
Kristi.Winters@jacksonlewis.com

Brett M. Anders (*pro hac vice*)
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
Tel: (973) 538-6890
andersb@jacksonlewis.com

Cary G. Palmer (*pro hac vice*)
Nathan W. Austin (*pro hac vice*)
801 K Street, Suite 2300
Sacramento, CA 95814
Tel: (916) 341-0404
palmerc@jacksonlewis.com
AustinN@jacksonlewis.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on December 18, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ David R. Golder*
David R. Golder