IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
                                            :
JOSEPH STRAUCH, ET AL        :           3:14 CV 956 (JBA)
                                            :
V.                                        :
                                            :
COMPUTER SCIENCES CORP.   :           DATE: JANUARY 6, 2015
                                            :
-----------------------------------------------------------X

RULING ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

On July 1, 2014, plaintiffs Joseph Strauch and Timothy Colby filed this proposed class action lawsuit under the Fair Labor Standards Act ["FLSA"], 29 U.S.C. 201 et seq., and under the parallel state wage and hour statutes in Connecticut, CONN. GEN. STAT. §§ 31-60, 31-76c, 31-71b & 31-71c, and in California, CAL. LABOR CODE §§ 510, 1194, 226, 1174, 1774.5, 218.5, 226.7, 512 & 2698-2699.5, and Cal. Wage Order 4-2001, on behalf of defendant's information technology support workers (and in particular System Administrators ["SAs"]), who allege that they have been misclassified as exempt, even though they perform primarily nonexempt work. (First Claim through Eighth Claim). As of early January 2015, more than seventy individuals have filed Notices of Filing of Consents to Become Party Plaintiffs. (Dkts. ##7-8, 10-11, 17-18, 40, 58, 65, 76, 85, 87-89, 93, 97, 102, 104-05, 107-09, 111, 114, 119). On September 4, 2014, defendant filed its answer and defenses. (Dkt. #59).[1]

On November 12, 2014, plaintiffs filed the pending Motion to Compel Production of

---

[1]On October 31, 2014, defendant filed its Motion to Transfer Venue (Dkt. #95), to the U.S. District Court for the Eastern District of Virginia, as to which plaintiffs filed their brief in opposition on November 21, 2014 (Dkt. #106); defendant's reply brief was filed on December 5, 2014. (Dkt. #116). That matter is pending before U.S. District Judge Janet Bond Arterton.

Defendant recently filed its Motion to Compel, with brief, affidavit and exhibit in support (Dkts. ##120-22), the briefing for which has not been completed yet. (See Dkts. ##123-26).

Documents, and brief and declarations in support. (Dkts. ##98-101).[2]  On December 3, 2014, defendant filed its brief and declaration in opposition. (Dkt. #110).[3]  Thirteen days later, plaintiffs filed their reply brief. (Dkt. #116). On November 17, 2014, U.S. District Judge Janet Bond Arterton referred this motion to this Magistrate Judge. (Dkt. #103).[4]

For the reasons stated below, plaintiffs' Motion to Compel (Dkt. #98) is <u>granted in part and denied in part</u>.

## I.  DISCUSSION

At issue here is plaintiffs' Request for Production No. 1, which seeks for all prospective class members, their full name, job title, job level or salary grade, job location, and Social Security number; dates of hire, transfer to a new location or job position, or termination; all information regarding compensation earned by or paid by defendant to each individual, including the individual's hourly rate; all last known contact information, including current and former home addresses, telephone numbers, and e-mail addresses; and information reflecting each individual's location within defendant's organization, including team, group, division, organizational unit, and other detailed organizational information. (Dkt. #99, Brief at 3; Sagafi Decl., Exh. C).

According to plaintiffs, "[a]t this early state of discovery," it is "unclear" to them how

---

[2]Attached was the Declaration of Joseph Strauch, signed November 11, 2014 ["Strauch Decl."] and the Declaration of Attorney Jahan C. Sagafi, signed November 12, 2014 ["Sagafi Decl."], with the following three exhibits: copy of defendant's Management Policy Statement – Global Jobs and Roles (Exh. A); copy of defendant's Job Description Summary Report (Exh. B); and copy of plaintiffs' Request for Production No. 1 (Exh. C).  Copies of case law were also attached.

[3]Attached was the declaration of Attorney David R. Golder, signed December 3, 2014, with the following two exhibits: copy of Defendant's Objections and Responses to Plaintiffs' First Requests for Production of Documents, dated October 24, 2014 (Exh. 1); and copies of e-mails, dated July 10, 11, 15 & 23, August 15, and September 19, 2014 (Exh. 2).

[4]Under the Scheduling Order filed by Judge Arterton on October 27, 2014 (Dkt. #94), scheduling for the class certification motions will be set after this ruling is filed. (¶ 2).

SAs fit into the various job categories defendant has established in its corporate records, and while some of this information is available through defendant's employee portal, entitled "Employee Self Service" ["ESS"], former employees do not have access to the ESS because it is, as expected, password protected. (Dkt. #99, Brief at 2-3; Strauch Decl. ¶¶ 2-4; Sagafi Decl., Exhs. A-B). As plaintiffs explain, SAs fall within three broad categories – "Family," "Discipline," and "Function," which are then followed by further subcategories by Contribution Group and Job Title, including "Associate Professional," "Professional," "Senior Professional," "Advisor," and "Principal." (Dkt. #99, Brief at 2; Sagafi Decl., Exh. B). Plaintiffs posit that to determine whether potential plaintiffs are "similarly situated" under FLSA, 29 U.S.C. § 216(b), federal courts, including this district, "apply a two-step process[,]" the first step of which, described as the "notice" stage, "authorize[s] notice inviting prospective opt-ins to join the collective action if there are substantial allegations that the proposed class members were victims of a single decision, policy or plan that violated the law[.]" (Dkt. #99, Brief at 4, citing Aros v. United Rentals, Inc., 269 F.R.D. 176, 179 (D. Conn. 2010)). Plaintiffs have cited multiple decisions in this district for the proposition that "[p]re-certification discovery of potential class lists is favored by most cases considering the question, within the contexts of Rule 23, FLSA, or both." (Dkt. #99, at Brief 4-5, quoting Zaniewski v. PRRC, Inc., No. 11 CV 1535 (CSH), 2012 WL 996703, at *1 (D. Conn. Mar. 22, 2012); see also Dkt. #99, Brief at 5-6). Plaintiffs further argue that employee classification information is also relevant to Rule 23 class certification and allowing plaintiffs access to the same information as defendant will facilitate efficient adjudication of FLSA and Rule 23 certification issues. (Id. at 6-7).

In contrast, defendant objects to the pre-certification disclosure of confidential

information regarding putative class members as irrelevant and immaterial to plaintiffs' current claims, for which the majority of courts, including the Eastern District of New York, have allowed only "limited discovery[,]" absent a showing of "good faith need[.]"  (Dkt. #110, at 1, 2-5).   Defendant further emphasizes that plaintiffs cannot articulate any "good faith need" when more than seventy plaintiffs already have opted-in here.  (Id. at 2, 5-6). Defendant further argues that plaintiffs' counsel may jeopardize any court-authorized notice with "misleading and improper ex parte communications[,]" which communications are not necessary given that plaintiffs already have contacted potential class members through e-mail and LinkedIn requests which have directed the potential class members to the website of their attorneys; defendant has cited several decisions from the Eastern District of New York that have "refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification."  (Id. at 6-9, quoting Dziennik v. Sealift, Inc., No. 05-CV-4659 (DLI)(MDG), 2006 WL 1455464, at *3 (E.D.N.Y. May 23, 2006)).   Thus, defendant concluded that "[a]t most, [p]laintiffs need only the number of putative class members, job titles, and states where putative class members are employed for their anticipated Rule 23 class motions, not a detailed class list with contact information." (Dkt. #110, at 2).

In their reply brief, plaintiffs counter that they seek "organizational information showing where [c]lass [m]embers are located within [defendant's] company structure, such as their precise job titles or levels, the location and state in which they work, the client they support, and similar objective labeling information that [defendant] applies in organizing and differentiating them within the company[,]" as the requested organizational data is critical

to certification under FLSA and Rule 23, and will streamline the litigation. (Dkt. #116, Brief at 1, 3-5)(emphasis in original). Plaintiffs contend that they need this organizational information even as to the now seventy opt-in plaintiffs, who do not know whether they have been categorized, for example, as an "Associate Professional," "Professional," or "Senior Professional." (Id. at 1-2, 4-5). Plaintiffs estimate that there are approximately 3,000 class members who have not opted-in. (Id. at 2-4, 8). Plaintiffs argue that this district "routinely" orders production of class lists in FLSA cases, that the cases cited by defendant are distinguishable, and that the cases from the Eastern District of New York take the "minority position[]" in this country. (Id. at 5-7). Lastly, plaintiffs argue that their communications with class members are proper. (Id. at 7-10).

This issue was addressed three years ago in this district by U.S. Magistrate Judge Donna F. Martinez, in Allard v. Post Road Entertainment, No. 3:11 CV 901 (AWT), 2012 WL 951917 (D. Conn. Mar. 20, 2012), in which the plaintiff, a server at one of defendant's seven Black Bear Saloons, requested the names, addresses and e-mail addresses of every server and bartender employed at all seven locations. Id. at *1. In carefully reviewing the conflicting decisions on point, Judge Martinez agreed with the analysis of the judges in the Southern District of New York in concluding that plaintiff had a "good faith need" for the pre-certification discovery in order to "enable her to define the class and identify similarly situated employees[.]" Id. at *1-2 (multiple citations omitted). She further found that the "discovery of names, addresses and e-mail [addresses] [was] not extraordinarily invasive of the employees' privacy[.]" Id. at *2 (citation omitted). See also Zaniewski, 2012 WL 996703, at *1-2 (permitting such discovery for putative plaintiffs who worked as Assistant Store Managers in PriceRite stores in Connecticut, Massachusetts and New York).

As previously mentioned, there is an abundance of case law from the Southern

District of New York, over the last nine years, which has "routinely allow[ed] plaintiffs to discover identifying information regarding potential class members so that they may be told about the pending FLSA action." Fei v. WestLB AG, No. 07 Civ. 8786 (HB)(FM), 2008 WL 7863592, at *1 (S.D.N.Y. Apr. 23, 2008)(multiple citations omitted).  U.S. Magistrate Judge Frank Maas held that "conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members[,]" especially since "the information that [plaintiff] seeks obviously will be of considerable help to [him] in his efforts to define the class." Id. at *2 (multiple citations omitted).  As a result, plaintiff's motion to compel was granted with respect to his request for the names, positions, job titles, dates of employment, social security numbers, addresses, and telephone numbers of WestLB's "executives" and "managers," and any other persons with comparable titles.  Id. at *3.

In subsequent years, pre-certification discovery was permitted, but with more limited requests – the putative class members' names, telephone numbers, and e-mail addresses, Glatt v. Fox Searchlight Pictures, Inc., No. 11 Civ. 6784 (WHP), 2012 WL 2108220, at *2-3 (S.D.N.Y. June 11, 2012)(multiple citations omitted);[5] the putative class members' names, addresses, and dates of employment for approximately 1,500 store managers at defendant's Family Dollar stores, Youngblood v. Family Dollar Stores, Inc., Nos. 09 Civ. 3187 (RMB)(FM), 10 Civ. 7580 (RMB)(FM), 2011 WL 1742109, at *1-5 (S.D.N.Y. Jan. 5, 2011)(Maas, M.J.)(multiple citations omitted)(filed under parallel New York State statute, not FLSA); the putative class members' names, addresses and telephone numbers of defendant's personal bankers, Ruiz v. Citibank, N.A., Nos. 10 Civ. 5950 (JGK)(MHD), 10 Civ. 7304 (JGK)(MHD), 2010 WL 4630263, at *1-2 (S.D.N.Y. Nov. 9, 2010)(multiple citations omitted); and the

---

[5]The Glatt lawsuit is the well-publicized FLSA action brought by an unpaid intern for the filming and post-production of the movie, Black Swan.  Id. at *1.

6

putative class members' names, last known addresses, last known telephone numbers, and job positions of every non-exempt tipped employee at defendant's restaurants, Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09 Civ. 1148 (LBS), 2010 WL 2362981, at *1-3 (S.D.N.Y. June 14, 2010)(multiple citations omitted).  Just seven months ago, after conditionally certifying the collective FLSA action, U.S. Magistrate Judge James L. Cott, relied on all of these decisions in holding that plaintiff was entitled to discovery of the putative class members' names, mailing addresses, e-mail addresses, telephone numbers, and dates of employment for all non-managerial employees, but defendants "need not produce at this time the dates of birth or social security numbers for these employees." Tate v. WJL Equities Corp., No. 13 Civ. 8616 (JLC), 2014 WL 2504507, at *1-2 (S.D.N.Y. June 3, 2014)(multiple citations omitted).  See also Sharma v. Burberry Ltd., No. 12-6356 (LDW)(AKT), 2014 WL 4385426, at *1, 12-15, 20-21  (E.D.N.Y. Sept. 4, 2014)(after partial conditional certification for sales associates only at defendant Burberry's New York and New Jersey stores, and not at  all of its sixty-five stores nationwide, U.S. Magistrate Judge A. Kathleen Tomlinson ordered disclosure of names, addresses, telephone numbers, e-mail addresses, and dates of employment for all potential class members, but "decline[d] to allow discovery in the first instance[]" of their social security numbers)(multiple citations omitted).

As pointed out by Magistrate Judge Martinez in Allard, the Eastern District of New York has taken the opposite position on this issue.  See also Charles v. National Mut. Ins. Co., No. 09 CV 94 (ARR), 2010 WL 7132173, at *3 (E.D.N.Y. May 27, 2010)(courts throughout the country "have ruled both ways on the question.")(multiple citations omitted).  Over the past nine years, the Eastern District of New York has denied as premature pre-certification disclosure of the names, titles, compensation rates, and contact information of opt-in plaintiffs, at times without prejudice to reconsideration once the conditional

certification has been granted.  See, e.g., Zheng v. Good Fortune Supermarket Group (USA), Inc., No. 13-CV-60 (ILG), 2013 WL 5132023, at *8 (E.D.N.Y. Sept. 12, 2013)(multiple citations omitted); Jenkins v. TJX Cos., No. CV 10-3753 (ADS)(WDW), 2011 WL 1563677, at *1-3 (E.D.N.Y. Apr. 25, 2011)(multiple citations omitted); Charles, 2010 WL 7132173, at *1, 3, 5-8 (multiple citations omitted); Searson v. Concord Mtg. Corp., No. CV 07-3909 (DRH)(ARL), 2008 WL 961624, at *1 (E.D.N.Y. Apr. 8, 2008)(multiple citations omitted).

This Magistrate Judge agrees with Magistrate Judge Martinez in Allard, and with the Southern District of New York, that pre-certification of discovery of some identifying information regarding putative class members is appropriate.  However, the information sought by plaintiffs is too excessive and intrusive.  First and foremost, as indicated above, the more recent decisions do not permit initial disclosure of social security numbers.

Second, by plaintiffs' accounts, the size of the putative class is significant (approximately 3,000), and there is uncertainty as to the various categorizations created by defendant.  Thus, before defendant is put to the task of providing detailed information about 3,000 people, it should first provide a global breakdown of the number of putative class members who fall within each category and subcategory, including precise job titles or levels, and the location and state in which they work.  (See Dkt. #116, Brief at 1, 3-4).  Once that information is obtained, the parties may have an easier time reaching an agreement as to which categories and/or subcategories require production of individual identifying information, or in the absence of such an agreement, the Court will be able to make a more informed decision based upon this additional information.

And lastly, given the uncertainty of these various categorizations, with respect to the now seventy opt-in plaintiffs (see id. at 1-2), plaintiffs are entitled to the following information: their full names, job titles, job levels or salary grades, and job locations; dates

of hire, transfer to a new location or job position, or termination; all information regarding compensation earned by or paid by defendant to each individual, including the individual's hourly rate; all last known contact information, including current and former home addresses, telephone numbers, and e-mail addresses; and information reflecting each individual's location within defendant's organization, including team, group, division, organizational unit, and other detailed organizational information.

Defendant shall comply with this ruling **on or before February 6, 2015**.

## II.  CONCLUSION

For the reasons stated above, plaintiffs' Motion to Compel (Dkt. #98) is <u>granted in part and denied in part to the extent set forth above</u>.[6]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

---

[6]If any counsel believes that a settlement conference before this Magistrate Judge would be productive, he or she should contact this Magistrate Judge's Chambers accordingly.

Dated at New Haven, Connecticut, this 6th day of January, 2015.

            <u>/s/ Joan G. Margolis, USMJ</u>
            Joan Glazer Margolis
            United States Magistrate Judge