IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------X
:
JOSEPH STRAUCH, ET AL            :        3:14 CV 956 (JBA)
:
V.                                :
:
COMPUTER SCIENCES CORP.          :        DATE: FEBRUARY 10, 2015
:
-------------------------------------------------------X

RULING ON DEFENDANT'S MOTION TO COMPEL

On July 1, 2014, plaintiffs Joseph Strauch and Timothy Colby filed this proposed class action lawsuit under the Fair Labor Standards Act ["FLSA"], 29 U.S.C. 201 et seq., and under the parallel state wage and hour statutes in Connecticut, CONN. GEN. STAT. §§ 31-60, 31-76c, 31-71b & 31-71c, and in California, CAL. LABOR CODE §§ 510, 1194, 226, 1174, 1774.5, 218.5, 226.7, 512 & 2698-2699.5, and Cal. Wage Order 4-2001, on behalf of defendant's information technology support workers (and in particular System Administrators), who allege that they have been misclassified as exempt, even though they perform primarily nonexempt work. (First Claim through Eighth Claim). As of early February 2015, nearly eighty individuals have filed Notices of Filing of Consents to Become Party Plaintiffs. (Dkts. ##7-8, 10-11, 17-18, 40, 58, 65, 76, 85, 87-89, 93, 97, 102, 104-05, 107-09, 111, 114, 119, 129-30, 133, 136-37). On September 4, 2014, defendant filed its answer and defenses. (Dkt. #59).[1]

On December 29, 2014, U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery. (Dkt. #124). Familiarity is presumed with this

---

[1] On October 31, 2014, defendant filed its Motion to Transfer Venue (Dkt. #95), to the U.S. District Court for the Eastern District of Virginia, as to which plaintiffs filed their brief in opposition on November 21, 2014 (Dkt. #106); defendant's reply brief was filed on December 5, 2014. (Dkt. #116). That matter is pending before U.S. District Judge Janet Bond Arterton.

Magistrate Judge's Ruling on Plaintiffs' Motion to Compel Production of Documents, filed January 6, 2015 (Dkt. #127), 2015 WL 75884 ["January 2015 Discovery Ruling"].

On December 18, 2014, defendant filed the pending Motion to Compel, with affidavit and brief in support. (Dkts. ##120-22).² On January 16, 2015, plaintiffs filed their brief and declaration in opposition. (Dkts. ##131-32; <u>see also</u> Dkts. ##123, 125-26).³ Two weeks later, defendant filed its reply brief and supplemental affidavit. (Dkts. ##134-35).⁴

For the reasons stated below, defendant's Motion to Compel (Dkt. #120) is <u>granted in part and denied in part</u>.

## I.  DISCUSSION

At issue here are two interrogatories and four requests for production that seek from the opt-in plaintiffs their resumes, job applications and other documents submitted to their employers, as well as documents reflecting any communications regarding their claims, including communications with other potential class members. (Interrogatories Nos. 5 and 10, and Requests for Production Nos. 14, 15, 16 and 17). (Dkt. #120, at 1; Dkt. #121, Exh. A; Dkt. #122, at 1-3).

Two issues are raised in the parties' briefs: (1) whether defendant is entitled to

---

²The following four exhibits were attached to the affidavit of defense counsel (Dkt. #121): copy of Defendant's First Set of Interrogatories and Requests for Production, dated August 22, 2014 (Exh. A); copy of Opt-In Plaintiffs' Objections and Responses to Defendant's First Set of Interrogatories and Requests for Production, dated September 22, 2014 (Exh. B); copy of Plaintiffs' First Request for Production of Documents, dated August 21, 2014 (Exh. C); and copies of redacted e-mails between plaintiffs, dated July 10, 11, 15 & 23, August 15, and September 19, 2014 (Exh. D).

³The following three exhibits were attached to the declaration of plaintiffs' counsel (Dkt. #132): copy of letter between counsel, dated October 17, 2014 (Exh. A); copy of e-mail between counsel, dated November 20, 2014 (Exh. B); and copy of Plaintiffs' Privilege Log, dated October 22, 2014 (Exh. C).

⁴Attached as Exh. A to the supplemental affidavit are copies of e-mails between counsel, dated October 29 and November 13, 16, 17, 20 & 25, 2014.

discovery from <u>all</u> opt-in plaintiffs, as it has requested, or only a representative sample of ten percent of the total number of opt-in plaintiffs, as plaintiffs have requested (Dkt. #122, at 4-8; Dkt. #131, Brief at 1, 2, 3-11; Dkt. #135, at 2-6), and (2) whether plaintiffs' communications are protected by the attorney-client, common interest, or work product privilege. (Dkt. #122, at 8-12; Dkt. #131, Brief at 11-17; Dkt. #135, at 6-8).

### A.  INDIVIDUALIZED DISCOVERY VERSUS REPRESENTATIVE SAMPLE

As previously stated, as of early February 2015, there are close to 80 plaintiffs who have opted into this lawsuit, and according to plaintiffs, there is the possibility that more than 3,000 System Administrators may choose to do the same.   (Dkt. #131, Brief at 1). As was the case in the January 2015 Discovery Ruling, <u>see</u> 2015 WL 75884, at *1-5, federal courts have taken two divergent approaches in resolving this issue.  As Chief Judge Christina Reiss of the District of Vermont summarized last year, "Generally, there are two lines of cases regarding individualized discovery in opt-in class actions: one allowing all opt-in plaintiffs to be subject to discovery and one allowing only a sample of opt-in plaintiffs to be subject to discovery." <u>Forauer v. Vermont Country Store, Inc.</u>, No. 5:12-cv-276, 2014 WL 2612044, at *2 (D. Vt. June 11, 2014)(internal quotations & citations omitted).  As explained by Chief Judge Reiss, those decisions requiring all opt-in plaintiffs to respond to discovery have done so because such plaintiffs ought to be treated as "ordinary party plaintiffs subject to the full range of discovery permitted by the Federal Rules of Civil Procedure[,]" and under the "two-step method" for conditional class certification/decertification, "it is essential for a defendant to take individualized discovery of the opt-in plaintiffs to determine if they are 'similarly situated' within the meaning of [the] FLSA." <u>Id.</u> at *3 (internal quotations & citations omitted).   Courts taking the opposite position have held that "collective actions under the

FLSA should be governed by the same standards as govern discovery in [Fed. R. Civ. P. 23] class actions[,]" in which "individualized discovery . . . would undermine the purpose and utility of both class and collective actions[,]" and further "would be unreasonably burdensome and wasteful of the parties' and the court's resources."  Id. at *2 (internal quotations & citations omitted).  In the latter circumstance, "particularly when the opt-in plaintiffs are numerous[,]" courts permit discovery only from "a statistically significant representative sampling" of plaintiffs.  Id. (internal quotations & citations omitted).  See also Wellens v. Daiichi Sankyo Inc., No. C-13-581-WHO (DMR), 2014 WL 7385990, at *2-4 (N.D. Cal. Dec. 29, 2014); Bonds v. GMS Mine Repair & Maintenance, Inc., No. 2:13-cv-1217, 2014 WL 6682475, at *2 (W.D. Pa. Nov. 25, 2014);[5] O'Toole v. Sears Roebuck & Co., No. 11 C 4611, 2014 WL 1388660, at *2 (N.D. Ill. April 10, 2014);[6] Scott v. Bimbo Bakeries, Inc., No. 10-3154, 2012 WL 6151734, at *4-6 (E.D. Pa. Dec. 11, 2012).

In Forauer, where the court already had conditionally certified a class of all current and former telemarketing sales representatives and customer service representatives employed by the famed defendant retailer within the last three years,[7] defendant was permitted to depose all 24 opt-in plaintiffs, in that the legal issue raised in the litigation "appears to be an inherently individualized inquiry."  2014 WL 2612044 at *1, 4 (citations omitted).   More than five years ago, in Hugeros v. NY State Catholic Health Plan, Inc., No. CV 07-418 (ADS)(ETB), 2009 WL 3463765, at *1-3 (E.D.N.Y. Oct. 21, 2009), all 38 remaining

---

[5]The district court in Bonds adopted the "third, hybrid-like, approach" suggested by defendant, discussed below.  Id. at *3.

[6]This decision contains delightfully colorful language that warms the heart of any judicial officer who deals with discovery disputes on nearly a daily basis.

[7]Whether or not the class has been conditionally certified does not appear to be a determining factor in the various cases discussed below.

opt-in plaintiffs had provided "detailed responses" to the defendant's interrogatories and requests for production, but U.S. Magistrate Judge E. Thomas Boyle held that only 13 (or 30%) of these opt-in plaintiffs ought to be deposed.  See also Scott v. Chipolte Mexican Grill, Inc., 300 F.R.D. 188, 190-93 (S.D.N.Y. 2014)(the parties agreed that only 10% of the 582 opt-in plaintiffs needed to respond to defendant's three proposed interrogatories and three proposed requests for production).

As U.S. Magistrate Judge Jeffrey Cole observed in O'Toole, "[n]ot surprisingly, . . . as the size of the class increases, the cases allowing individualized discovery grow fewer and farther between. . . .The more common approach in cases involving larger classes is to allow discovery on a representative basis." 2014 WL 1388660, at *2 (multiple citations omitted). Conversely, as U.S. District Judge John A. Ross found in White v. 14051 Manchester, Inc., No. 4:12-CV-469 JAR, 2013 WL 1867113, at *1-2 (E.D. Mo. May 2, 2013), "in an FLSA collective action where the plaintiff class is small and the discovery is related to the question of whether the individual plaintiffs are similarly situated within the meaning of the FLSA, individualized discovery is often permitted." (multiple citations omitted)(ordering discovery from all 50 individuals who had opted-in to the FLSA collective action).

Although there is far from a "bright line" test as to the number of opt-in plaintiffs which tips the balance in favor of representative sampling as opposed to individualized discovery, it appears that when the number of opt-in plaintiffs is approaching 200, courts are more inclined to order a representative sampling. See, e.g., Wellens, 2014 WL 7385990, at *1, 4 (of the total of 248 plaintiffs, the parties had agreed that defendant could depose the 6 named plaintiffs as well as 25 opt-in plaintiffs, approximately 39 plaintiffs already had provided detailed sworn declarations, and the court ordered an additional 37 opt-in plaintiffs to respond to defendant's three interrogatories, so that defendant will have obtained

5

information from approximately 99 plaintiffs, or 40% of the class); O'Toole, 2014 WL 1388660, at *1, 3 (of the more than 700 opt-in plaintiffs, 33% ordered to respond to defendant's seven interrogatories and seventeen requests for production); Scott, 2012 WL 6151734, at *1, 6 (of the more than 650 opt-in plaintiffs, 10% need to respond to defendant's discovery responses); Smith v. Family Video Movie Club, Inc., No. 11 C 1773, 2012 WL 4464887, at *1-3 (N.D. Ill. Sept. 27, 2012)(of the 828 opt-in plaintiffs, defendant was permitted to propound discovery on 166 of them, or 20%); Rindfleisch v. Gentiva Health Servs., Inc., No. 1:10-cv-3288-SCJ, 2011 WL 7662026, at *1-2, 5 (N.D. Ga. Dec. 29, 2011)(of the approximately 1,100 opt-in plaintiffs, defendants may propound discovery upon 60 (or 5%) of them).

In Bonds, the court adopted the "third, hybrid-like approach" suggested by defendant, namely that all 161 opt-in plaintiffs respond to defendant's five interrogatory questionnaire, but only an additional 20 (or 12%) would need to respond to defendant's ten written interrogatories and eight requests for production, and be subjected to depositions. 2014 WL 6682475, at *1-4.

As of the present, there are close to 80 opt-in plaintiffs, and according to plaintiffs, there is the potential of 3,000, a large enough number to trigger the imposition of a representative sample. Consistent with the various rulings addressed above, defendants may serve their limited discovery requests upon 32 (or 40%) of the present opt-in plaintiffs; to the extent that the number of opt-in plaintiffs grows dramatically, defense counsel may seek court permission to serve discovery requests upon a significantly smaller percentage of the

new opt-ins, if counsel are unable to reach an agreement in the future.[8]

### B. PRIVILEGED DOCUMENTS

With respect to the two named plaintiffs, it appears that there are a handful of documents at issue, and defendant has suggested an in camera review of the redacted portions as an alternative option (Dkt. #120, at 2; Dkt. #121, Exh. D; Dkt. #122, at 12; Dkt. #131, Brief at 11-14; Dkt. #132, Exh. C; Dkt. #135, at 9). Therefore, the best course of action is simply to have plaintiffs submit unredacted versions of these documents to this Magistrate Judge's Chambers for her in camera review, **on or before February 25, 2015**. To the extent that there any similar issues from any of the 32 opt-in plaintiffs from whom discovery is required, then copies of such documents will be forwarded to this Magistrate Judge's Chambers on the same date on which responses to other discovery inquiries are provided to defense counsel.

### II. CONCLUSION

For the reasons stated above, defendant's Motion to Compel (Dkt. #120) is granted in part and denied in part to the extent set forth above.[9]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72;

---

[8] A collateral issue arises whether defendant can select the representative sample, see, e.g. Wellens, 2014 WL 7385990, at *4 (regarding interrogatories and requests for production); Bonds, 2014 WL 6682475, at *4; O'Toole, 2014 WL 1388660, at *3, or whether the selection will be divided between both sides, see, e.g., Wellens, 2014 WL 7385990, at *1 (regarding depositions); Scott, 300 F.R.D. at 192; Smith, 2012 WL 4464887, at *3.

If counsel are unable to agree on this issue, they should notify this Magistrate Judge's Chambers accordingly.

The Magistrate Judge also leaves open the number of opt-in plaintiffs to be deposed, if counsel are unable to agree on that number as well.

[9] If any counsel believes that a settlement conference before this Magistrate Judge would be productive, he or she should contact this Magistrate Judge's Chambers accordingly.

and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 10th day of February, 2015.

      /s/ Joan G. Margolis, USMJ  
      Joan Glazer Margolis  
      United States Magistrate Judge