COURT-AUTHORIZED NOTICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

# If you have been employed by Computer Sciences Corporation ("CSC") as a System Administrator between [date] and the present, please read this notice.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

System Administrators Joseph Strauch and Timothy Colby ("named Plaintiffs" or "Plaintiffs") have filed this action against CSC on behalf of System Administrators who worked for CSC at any time between [date] to the present.

Plaintiffs claim that CSC improperly classified SAs as exempt from the Fair Labor Standards Act ("FLSA") and that CSC therefore owes SAs overtime pay for hours worked over 40 in a week.

CSC's position is that its SAs have the job duties, responsibilities, and salaries of exempt employees, and, as such, SAs are properly classified as exempt from overtime compensation requirements.

The court has conditionally certified this case as a collective action, authorizing this notice to be sent so that SAs can decide whether to opt in.  The court has not ruled on the merits of the case. The Court may ultimately rule that the case should not proceed as a collective action and, therefore, decertify the class. Once the evidence is in, the court may decide the case in favor of either party – Plaintiffs or CSC.

**This notice contains information that affects your rights. Please read it carefully.**

**TO:**          Current and former Associate Professional System Administrators[,] [or] Professional System Administrators[, and Senior Professional System Administrators] ("SAs") earning less than $100,000 annually who have worked for CSC at any time from [date] to the present.

**RE:**          Fair Labor Standards Act ("FLSA") lawsuit against CSC seeking compensation for overtime for hours worked by SAs.  *Strauch v. Computer Sciences Corporation*, Case No. 14 Civ. 956 (JBA), pending in the United States District Court for the District of Connecticut.

### 1.        Why did I get this notice?

You are getting this notice because CSC's records show that you work or worked for CSC as a System Administrator during the relevant time covered by the lawsuit. A lawsuit has been brought against CSC claiming that SAs were not paid all overtime wages as required by law.

CSC denies the allegations and claims that SAs are properly classified as exempt. The purpose of this notice is to notify you of your right to join this case. Please note that the Court has not ruled on the merits of the lawsuit.

The Honorable Janet Bond Arterton, United States District Court Judge in the District of Connecticut, is overseeing this collective action. The lawsuit is known as *Strauch v. Computer Sciences Corporation, Case No. 14 Civ. 956 (JBA)*.

### 2.     What are the Plaintiffs' and CSC's positions in this lawsuit?

Plaintiffs Joseph Strauch and Timothy Colby (the "Named Plaintiffs" or "Plaintiffs") have filed this action under the FLSA against CSC on behalf of SAs who worked for CSC anywhere in the United States at any time from [date] to the present.

Plaintiffs allege that CSC has misclassified SAs as "exempt" from overtime under the FLSA and failed to pay them overtime pay for hours worked over 40 per week. Plaintiffs allege that they and SAs who opt in should recover unpaid overtime pay, liquidated damages (equal to the unpaid overtime pay), interest, attorneys' fees, and costs associated with bringing this lawsuit. Plaintiffs have also asserted similar claims under state law.

CSC's position is that its SAs have the job duties, responsibilities, and salaries of exempt employees, and, as such, SAs are properly classified as exempt from overtime compensation requirements.

### 3.     Has the Court decided who is right?

The Court has not decided whether CSC or the Plaintiffs are correct. The Court has simply conditionally certified this case as a collective action. The Court may ultimately rule that the Opt-Ins are not similarly situated to Plaintiffs or to each other in their job duties and responsibilities and, therefore, decertify the class. Once the evidence is in, the Court may decide in favor of the SAs, or it may decide in favor of CSC, and rule that no overtime wages are due.

### 4.     What is a collective action and who is involved?

A collective action lawsuit allows the court to decide multiple workers' similar claims together in one proceeding. All SAs who decide to participate in the case are Opt-In Plaintiffs or part of a "Collective." The employees who brought this lawsuit are called the Named Plaintiffs. The company that they have sued – CSC – is called the Defendant. One court resolves the claims of everyone who decides to join the case.

Here, the court has conditionally authorized this case to proceed as a collective action. Specifically, the Court preliminarily found that Plaintiffs who filed this lawsuit are "similarly situated" to other CSC SAs. The Court may later decertify this Collective based upon a more rigorous analysis of whether members are truly "similarly situated" after the discovery process closes.

### 5.     Can I join this lawsuit?

If you are an "SA" as defined on page 1, you may choose to join this suit (that is, you may "opt in"). To opt in, you must submit a "Consent to Join" form. The Consent to Join form is

enclosed with this notice.  You may use the enclosed envelope to mail your form, or you may fax it or e-mail it to Plaintiffs' counsel (whose information is available in Section 10, below).

### 6. What happens if I join the lawsuit?

If you file a Consent to Join form by following the instructions, you will be bound by the judgment (the final result of the lawsuit), whether favorable or unfavorable (that is, whether the Plaintiffs win or lose their case against CSC).

If you join this lawsuit, you are choosing to be represented by Plaintiffs' counsel and the Named Plaintiffs who brought this case to make decisions and agreements on your behalf concerning the lawsuit.  These decisions and agreements will then be binding on you.

If you join this lawsuit, you may be asked to provide information, documents, and/or testimony at a deposition and/or trial regarding the issues in the case.  If so, Plaintiffs' counsel will assist you.

### 7. What happens if I do nothing?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment, or settlement rendered in this case, whether favorable or unfavorable.  You will not be entitled to share any money recovered in this lawsuit.  You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted.  If you proceed separately, you may also have to pay your own lawyer.

You should be aware that your federal wage and hour claims are limited by a two or three-year statute of limitations.  Delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law.

### 8. How do I join the case?

Enclosed is a "Consent to Join" Form.  If you wish to join this lawsuit, it is very important that you read, sign, and promptly return the Consent to Join form.  An addressed and postage-paid envelope is enclosed for your convenience.  The Consent to Join Form must be sent to:

CSC Overtime Case
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
[fax number]
[email address]

The signed Consent to Join form must be postmarked by [XX days from mailing of this Notice].  **If your signed Consent to Join form is not postmarked by <u>then,</u> you will not be allowed to participate in this lawsuit, or share in any recovery, and you will not be bound by any settlement or judgment.**

### 9. No retaliation permitted

It would be a violation of federal law for CSC to fire, discipline, or in any manner discriminate or retaliate against anyone for taking part in this case.  If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this

notification, considering whether to join this lawsuit, or actually joining this lawsuit, you may contact Plaintiffs' lawyers or any other lawyer of your choosing.

## 10. Do I have a lawyer in this case?

If you choose to join this suit, you will be represented by the Named Plaintiffs through their attorneys. They are:

OUTTEN & GOLDEN LLP
Jahan C. Sagafi
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Michael J. Scimone
Michael N. Litrownik
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Email: mlitrownik@outtengolden.com

LEWIS, FEINBERG, LEE & JACKSON, P.C.
Todd Jackson
Andrew Lah
Michael Caesar
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Email: mcaesar@lewisfeinberg.com

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Kelly M. Dermody
Daniel Hutchinson
Lin Y. Chan
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
E-Mail: lchan@lchb.com

Sudarsana Srinivasan
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500

If you want further information about this lawsuit, or have questions about the procedure or deadline for filing a "Consent to Join," please contact Plaintiffs' counsel.

## 11. How will the lawyers be paid?

Plaintiffs' attorneys will **not** charge you directly for their work in this case. If the Plaintiffs recover nothing from CSC, you will not have to pay the attorneys for any of their work. If there is a recovery, Plaintiffs' attorneys will receive whatever attorneys' fees the Court orders. Those fees may be subtracted from the recovery obtained from CSC, or they may be paid separately by CSC, or they may be a combination of the two.

## 12. This notice has been authorized by the Court.

This notice and its contents have been authorized by the United States District Court for the District of Connecticut, the Honorable Janet Bond Arterton presiding.