IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
                                        :
JOSEPH STRAUCH, ET AL              :             3:14 CV 956 (JBA)
                                        :
V.                                        :
                                        :
COMPUTER SCIENCES CORP.       :             DATE: JUNE 10, 2015
                                        :
-----------------------------------------------------------X

## RULING ON NUMBER OF DEPOSITIONS

       The factual and procedural history behind this FLSA litigation has been set forth in this Magistrate Judge's Ruling on Defendant's Motion to Compel, filed February 10, 2015, 2015 WL 540911 ["February 2015 Discovery Ruling"] and in Judge Arterton's Ruling Granting Plaintiffs' Motion for Conditional Certification, filed June 9, 2015 (Dkt. #168)["June 2015 Ruling"].  The February 2015 Discovery Ruling addressed the number of opt-in plaintiffs from whom written discovery responses were required, adopting the position that a large representative sample was sufficient, in this case, 40% of nearly 80 opt-in plaintiffs, or 32 plaintiffs.  2015 WL 540911, at *1-3.  The ruling specifically "le[ft] open the number of opt-in plaintiffs to be deposed, if counsel are unable to agree on that number. . . ." Id. at *3, n.8.

       No agreement was reached with regard to the number of potential plaintiffs to be deposed.  On May 22, 2015, defendant sent a letter to this Magistrate Judge with its suggestions, as to which plaintiffs forwarded a letter six days later with their own suggestions.[1]  A brief telephonic status conference was held on June 9, 2015.  (Dkt. #169).  In their letters, counsel agree that there are approximately 86 to 89 opt-in plaintiffs, and in

---

[1] If an objection is filed to this discovery ruling, then the two letters will be docketed on CM/ECF.

light of Judge Arterton's June 2105 Ruling, the putative class is approximately 4,000 to 4,421 people. (5/22/15 Letter at 1; 5/28/15 Letter at 1). Counsel also agree to a three-tier approach for conducting depositions, with the first tier including any class representative identified by plaintiffs in any pleading or amended pleading filed in this case, whose number would not be used in any "cap" toward the total number of depositions. (5/22/15 Letter at 2; 5/28/15 Letter at 2). However, the parties disagree about who should be included in the second and third tiers.

Defendant argues that the second tier should consist of anyone who has submitted, or will submit, a declaration in support of plaintiffs' motions, objections or pleadings and anyone plaintiffs otherwise identify as a witness; according to defendant, plaintiffs have submitted 24 opt-in plaintiff declarations to date. (5/22/15 Letter at 2). As a third tier, defendant reserves the right to depose up to 100 additional opt-in plaintiffs, not including those who fall into the first and second tiers, and given that the putative class "could well number into the thousands[,]" these 100 depositions will be less than 10% of the total group. (Id.).

In contrast, plaintiffs have proposed a "sliding-scale approach," under which the second tier would be 15% of the current 86 opt-ins, or 13 deponents. (5/28/15 Letter at 2). For the third tier, plaintiffs suggest that defendant be permitted to depose 10% of the next 100 opt-ins (10 deponents) and 5% of the next 300 opt-ins (15 deponents), with a cap of 38 depositions. (Id. at 2-3).

In a recent decision, Lloyd v. J.P. Morgan Chase & Co., Nos. 11 Civ. 9305 (LTS)(HBP), 12 Civ. 2197 (LTS)(HBP), 2015 WL 1283681 (S.D.N.Y. Mar. 20, 2015), approximately 1,049 individuals had filed consents to join the FLSA lawsuit; relying upon the February 2015

Discovery Ruling, among others, U.S. Magistrate Judge Henry Pitman allowed defendants to seek written discovery from 100 opt-ins and to depose 20 of them. Id. at *1-4.

Given the size of the putative class here, which is approximately 4,000 people, this Magistrate Judge agrees that a "sliding scale approach" is appropriate, but one that is not as restrictive as has been suggested by plaintiffs. As previously stated, the parties agree that the first of three tiers will consist of any class representative identified by plaintiffs in any pleading or amended pleading filed in this case, whose number would not be used in any "cap" toward the total number of depositions.

The second tier will consist, as suggested by defendant, of anyone who has submitted, or will submit, a declaration in support of plaintiffs' motions, objections or pleadings and anyone plaintiffs otherwise identify as a witness, which defendant represents is 24 to date. The third tier will consist, with some modifications to the suggestion of plaintiffs, of 10% of the first 100 opt-ins (10 deponents) and 5% of the next 300 opt-ins (15 deponents), with a total cap of 60 depositions for the second and third tiers. Thus, the total number of depositions will roughly approximate the percentage of depositions permitted in the recent Lloyd case.

The February 2015 Discovery Ruling left to counsel the selection of the representative sample of opt-in plaintiffs for written discovery, 2015 WL 540911, at *3, n.8, and counsel reached an agreement on this issue. (5/28/15 Letter at 2 (defendant selected 22 of the 32 opt-in plaintiffs and plaintiffs chose the remaining 10)). As before, if counsel are unable to agree on this issue, they should notify this Magistrate Judge's Chambers accordingly.[2]

---

[2]Magistrate Judge Pitman imposed an interesting "carrot and stick" option in Lloyd. 2015 WL 1283681, at *5.

In their letter, plaintiffs raised "a small but important matter" relating to production of

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[3]

Dated at New Haven, Connecticut, this 10th day of June, 2015.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

documents prior to each deposition, requesting production of documents relating to each deponent one week prior to his or her deposition, to which defendant did not agree.  (5/28/15 Letter at 2).  Plaintiffs' request is a reasonable one, and thus defendant is ordered to produce one week prior to each deposition all documents relating to each deponent that it intends to use to question the witness and on which it intends to rely in the litigation.

[3] If any counsel believes that a settlement conference before this Magistrate Judge would be productive, he or she should contact this Magistrate Judge's Chambers accordingly.