UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Joseph Strauch and Timothy Colby, and on behalf of themselves and all those similarly situated<br><br>    Plaintiffs,<br>v.<br><br>Computer Sciences Corporation<br><br>    Defendant. | CIVIL NO.: 3:14-cv-956 (JBA)<br><br><br><br><br><br>July 28, 2015 |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS OBJECTION TO THE MAGISTRATE JUDGE'S RULING REGARDING OPT-IN PLAINTIFF DEPOSITIONS**

    The Magistrate Judge's ruling unfairly permits Plaintiffs to continue to pursue one-sided discovery and infringes upon CSC's defense strategy by allowing Plaintiffs to effectively choose which Opt-in Plaintiffs get deposed since they select their own declarants and witnesses. Further, by limiting the total number of depositions for non-class representatives to only 60, in a putative class of over 3,000 individuals with extremely varied work situations and experiences, CSC's right to obtain discovery is prejudiced.

  **A. CSC Is Entitled To Examine Plaintiffs' Declarants And Witnesses And Those Depositions Should Not Be Subject To A Cap**

    Plaintiffs claim that there is no basis for CSC's position as "more than 80 depositions [are] currently allowed (24 declarants, 2 named plaintiffs, 60 additional)". (Pls. Resp. 2). Plaintiffs, however, misconstrue the Magistrate Judge's ruling. The Magistrate Judge held that the second tier will consist "of anyone who has submitted, or will submit, a declaration in support of plaintiffs' motions, objections or pleadings and anyone plaintiffs otherwise identify as a witness." (Dkt. No. 171.) The third tier will consist "of 10% of the first 100 opt-ins (10

1

deponents) and 5% of the next 300 opt-ins (15 deponents), with a total cap of 60 depositions for the second and third tiers." *Id.*  Thus, any declarants or witnesses deposed count against the 60 person cap.

By selecting their own declarants and witnesses, Plaintiffs are essentially choosing discovery for CSC.[1]  Plaintiffs' offer that CSC can depose new declarants or trial witnesses that Plaintiffs *later* identify (after selecting their one-third) does not resolve the issue as Plaintiffs have already submitted 24 declarations in support of their motion for conditional certification and have noted that they expect more declarants in support of their eventual Rule 23 certification motion.  (Pls. Resp. 4.)  Plaintiffs, who are highly skilled, highly compensated computer professionals, have already resorted to a tactic of trivializing their job duties in order to make an exempt job sound non-exempt.  The Second Circuit has rejected this type of transparent attempt to color the perception of the Court, opting instead to analyze the underlying facts to gain a true understanding of the employees' job duties.  *See Pippins v. KPMG, LLP*, 759 F.3d 235, 245 (2d Cir. 2014) ("the facts presented by plaintiffs indicate a role for Audit Associates that undermines the plaintiffs' trivializing characterization of their work").  Without the unfettered ability to depose Plaintiffs' declarants and witnesses, CSC will not be able to test fully the basis for their statements or cross-examine them on their attempt to trivialize their work.

The Magistrate Judge's ruling also exposes CSC to the risk that Plaintiffs have selected their strongest and best declarants and witnesses, while others who may have offered testimony that supported CSC's arguments are insulated from discovery.  The critical issue here is that discovery is to be used as a tool to prepare for trial, and CSC will almost certainly not call

---

[1] As stated in CSC's Objection (Def. Obj. 10 n.1), although CSC's position is that Plaintiffs should not have the ability to select the opt-in deponents or otherwise direct the course of the discovery CSC believes it needs to defend against the allegations in this case, CSC has nevertheless attempted to reach agreement with Plaintiffs regarding the deponent selection process suggested by Judge Margolis.

as a witness any Opt-in Plaintiffs whom CSC did not have an opportunity to depose. In other words, with Plaintiffs choosing many of the Opt-in Plaintiffs who CSC has to depose and the Magistrate Judge's ruling imposing a cap of 60, the ruling has improperly insulated Opt-in Plaintiffs who could aid CSC's defense, not only from discovery, but also from having to testify at trial. *See Goodman v. Burlington Coat Factory Warehouse Corp.*, 292 F.R.D. 230, 233 (D.N.J. 2013) ("defendants have the right to depose any plaintiff who will testify at trial, even if the deposition has to occur after the fact discovery deadline expires."); *Russell v. Ill. Bell Tel. Co.*, No. 08 C 1871, 2009 U.S. Dist. LEXIS 37300, at *5 n.2 (N.D. Ill. Apr. 30, 2009) ("It is conceivable that if and when [defendant] files its motion to decertify the class, plaintiffs will submit affidavits in opposition to that motion from not-yet deposed class members. If that occurs, [defendant] will be permitted to depose those individuals before filing its reply brief.").

CSC has the fundamental right to challenge any allegations brought by Opt-in Plaintiffs in a declaration in support of Plaintiffs' motions, objections or pleadings in this case, or to depose any Opt-in Plaintiff otherwise identified as a witness in this case. Thus, the second tier of depositions should not be capped.

### B. CSC Is Entitled To Take A Reasonable Number of Depositions Of Opt-In Plaintiffs To Defend This Case

CSC's proposal, which consisted of CSC reserving the right to depose up to 100 additional Opt-in Plaintiffs, not including any class representatives, those who have submitted (or will submit) a declaration, or those who were otherwise identified as a witness, was reasonably tailored to ensure it sufficiently examined Plaintiffs' witnesses and obtained the discovery needed to defense this case. Throughout the meet and confer process, CSC has been reasonable in its communications with Plaintiffs' counsel and has noted many times that it is not looking to depose every opt-in plaintiff and CSC may not need to conduct 100 Opt-in Plaintiff

depositions. Plaintiffs, however, throw CSC's reasonable approach back at them as evidence that CSC does not know how many depositions it will need. (Pls. Resp. 3.) Yet, at this moment in the case, as CSC has conveyed to Plaintiffs, CSC does not know how many class depositions it will need to develop its arguments and will only know that after a number of class depositions have been taken.

Although Plaintiffs claim that they "will agree to more depositions if CSC makes a compelling case that they are necessary" (Pls. Rep. 2), Plaintiffs' offer rings hollow given Plaintiffs' previous position on class discovery and depositions. Indeed, when CSC sought to obtain very limited written discovery from the opt-in plaintiffs who joined this case prior to notice being issued by this Court, Plaintiffs' position was that they would not agree to any written discovery of all the Opt-in Plaintiffs. *See* Dkt. No. 131 ("CSC seeks individualized written discovery from every single Opt-In who has joined this case to date . . . . This overbroad, burdensome, and unsupported request runs contrary to the normal functioning of discovery in representative actions, would do little to help CSC, and would significantly burden Plaintiffs with an unmanageable written discovery process that would further delay this action."). *See also* Dkt. Nos. 122, 135. Plaintiffs have already submitted 24 declarations, which is almost 50 percent of the 60 total depositions that the Magistrate Judge's ruling permits. In addition, Plaintiffs get to hand pick another one-third of the 60 total depositions. Put simply, if CSC is to depose all, or even most of, the 24 declarants, Plaintiffs will be effectively choosing the vast majority of the opt-in plaintiffs CSC gets to depose.

Contrary to Plaintiffs' assertions, there is more than a sufficient factual and legal basis for requiring more depositions than a cap of 60 total depositions. (Pls. Resp. 2.) There is no question that the testimony received from Opt-in Plaintiffs will be relevant to whether they

are properly classified as exempt or similarly situated to other System Administrators given that there are System Administrators at three different experience levels, working on different technologies and for different clients, spread throughout the country, and working in at least 162 different organizational units. *See Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir.2010) (The Second Circuit and DOL regulations make clear that an examination of "actual job characteristics and duties" is necessary to determine whether an employee is properly classified as exempt). Plaintiffs' argument that 60 depositions is sufficient to either prove or disprove the diversity of the Opt-in Plaintiffs' job duties is misguided because as stated above, Plaintiffs have already resorted to a tactic of trivializing their job duties despite the fact that the putative class is comprised of highly paid, highly skilled professionals. (Pls. Resp. 5.) The System Administrator job is an exempt position. To the extent any putative class member is somehow misclassified as exempt, such a determination can only occur with an individualized analysis that precludes class and collective treatment. *See, e.g. Glatt v. Fox Searchlight Pictures, Inc.*, Nos. 13-4478-cv, 13-4481-cv, 2015 WL 4033018, at *10 (2d Cir. July 2, 2015) (reversing district court's granting of class certification and FLSA conditional certification because the putative class of unpaid interns was "not similarly situated even under the minimal pre-discovery standard.").

       CSC is not asking for an unlimited number of depositions. Rather, CSC is seeking the right to depose up to 100 additional Opt-in Plaintiffs, which is consistent with what numerous courts have permitted. *See* Def. Obj. 4-5. Given the size of the putative class and to develop and support its defenses to this action, CSC needs to obtain testimonial evidence and its proposal was reasonable and fair.

### C. Conclusion

For the foregoing reasons, and those in CSC's Objection to the Magistrate Judge's Ruling Regarding Opt-in Plaintiff Depositions, CSC respectfully objects to the Magistrate Judge's ruling dated June 10, 2015.

Respectfully submitted,

DEFENDANT,
COMPUTER SCIENCES CORPORATION

By its attorneys,

/s/ William J. Anthony
Jackson Lewis P.C.
William J. Anthony (ct 17865)
Kristi Rich Winters (ct 28066)
18 Corporate Woods Boulevard, 3rd floor
Albany, New York 12211
Telephone: 518-434-1300
Fax: 518-427-5956
Anthonyw@jacksonlewis.com
Kristi.Winters@jacksonlewis.com

David R. Golder (ct 27941)
David C. Salazar-Austin (ct 25564)
90 Statehouse Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
golderd@jacksonlewis.com
salazard@jacksonlewis.com

Brett M. Anders (*pro hac vice*)
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960

Tel: (973) 538-6890
andersb@jacksonlewis.com

Cary G. Palmer (*pro hac vice*)
Nathan W. Austin (*pro hac vice*)
801 K Street, Suite 2300
Sacramento, CA 95814
Tel: (916) 341-0404
palmerc@jacksonlewis.com
AustinN@jacksonlewis.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on July 28, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ David R. Golder*
David R. Golder