UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH STRAUCH and TIMOTHY COLBY, on behalf of themselves and all those similarly situated, *Plaintiffs*, *v.* COMPUTER SCIENCES CORPORATION, *Defendant*. | Civil No. 3:14cv956 (JBA)  August 14, 2015 |

**RULING ON OBJECTIONS TO REMINDER NOTICE**

The parties' joint letter [Doc. # 189] regarding the reminder email notice outlines two areas of dispute for resolution by the Court. These are: (1) the text of and attachments to the email notice; and (2) the consent to join forms.

### I. Text of and Attachments to Email Notice

#### A. Statement re Management

Plaintiffs contend that the email notice should include the statement: "CSC management confirms that you may view this email and the www.csclawsuit.com website at work and, if you wish, forward this email to your personal email. CSC will not monitor whether employees view, forward, or otherwise respond to the notice."

CSC responds that "Plaintiffs' proposed introductory language . . . is inappropriate, confusing, [and] potentially disrupti[ve] [of] the working environments of the putative class members," and "CSC management is not directing the notice and should not be forced to engage in any communications that appear to endorse the lawsuit."

The parties do not cite any caselaw that addresses this question. It appears to the Court however that both parties' concerns are legitimate and can be addressed with a compromise solution. Plaintiffs may not include the sentence: "CSC management confirms that you may view this email and the www.csclawsuit.com website at work and, if you wish, forward this email to your personal email" but they may include the

sentence: "CSC will not monitor whether employees view, forward, or otherwise respond to the notice."

### B.  Full Notice

Plaintiffs seek to include the full text of the notice and the consent to join and additional information form both as text in the email and as attachments. CSC objects, arguing that Plaintiffs' "position makes no sense as it is contrary to the text of the reminder notice that was negotiated."

Again, the parties do not cite any caselaw that is directly on point. As a guiding principle, though, in crafting appropriate notices, "District Courts consider the overarching policies of the collective suit provisions and whether the notice provides accurate and timely notice concerning the pendency of the collective action so that an individual receiving the notice can make an informed decision about whether to participate." *Velasquez v. Digital Page, Inc.*, No. CV 11-3892 (LDW) (AKT), 2014 WL 2048425, at *9 (E.D.N.Y. May 19, 2014) (internal quotation marks and brackets omitted). Drafting a notice in a way that is duplicative and redundant detracts from the goal of providing clear information so that individuals can make informed choices. For this reason, the reminder notice email text will be limited to a short introduction, with the reminder notice and consent to join form attached.

## II.  Consent to Join Separate/Subsequent Action

Plaintiffs assert that the following language should be included in the consent to join form: "I also consent to join any separate or subsequent action to assert my claims against CSC, and/or any related entities or persons potentially liable." Plaintiffs explain that they want this sentence included so that if the Court partially decertifies the FLSA collective or severs the case into "splinter" cases, opt-ins would be able to proceed in the

new "splinter" cases. Plaintiffs cite one case in the Middle District of Florida[1] and one in the Northern District of Georgia[2] in which a court permitted similar language to be included on the consent to join form.

Defendants object to Plaintiffs' proposal on the grounds that the language "is unnecessary, potentially misleading, and constitutes an improper attempt on the part of Plaintiffs' counsel to solicit plaintiffs for unknown and unfiled future actions against not only CSC, but also against other unidentified 'entities or persons.'" Defendants cite three

---

[1] The court in *Palma v. MetroPCS Wireless, Inc.*, No. 8:13-CV-698-T-33MAP, 2014 WL 9872805, at *2 (M.D. Fla. Feb. 18, 2014) permitted the language: "In the event this action gets conditionally certified and then decertified, or for any reason does not proceed as a collective action, I authorize Plaintiffs' counsel to reuse this Consent Form to re-file my claims in a separate or related action against Defendant," finding that "the Consent Form does not contain any language which appears to this Court to be overreaching or otherwise inappropriate."

[2] In *Clincy v. Galardi S. Enterprises, Inc.*, No. 1:09-CV-2082-RWS, 2010 WL 966639, at *4 (N.D. Ga. Mar. 12, 2010), the court approved the following language: "If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against [the defendant]."

cases—from the Eastern[3] and Western[4] Districts of Missouri, and from the District of Minnesota[5]—in which a court struck similar language from a consent to join form.

Although Defendants have not cited sufficient caselaw to persuade the Court that "the clear weight of authority" holds that "such provisions are improper," as they claim, Plaintiffs' proposed provision does appear to be overbroad and thus inappropriate. The sentence: "I also consent to join any separate or subsequent action to assert my claims against CSC, and/or any related entities or persons potentially liable" will be struck from the reminder notice.

### III. Conclusion

Plaintiffs' proposed reminder notice is approved with the following changes: (1) the sentence "CSC management confirms that you may view this email and the www.csclawsuit.com website at work and, if you wish, forward this email to your personal email" will be struck from the text of the email; (2) the reminder notice email will consist of a short introduction using the agreed upon language, to which the reminder notice and consent to join form will be attached; (3) the sentence "I also consent to join

---

[3] *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 228 (E.D. Mo. 2008) ("[T]he Court agrees with the Defendant that the sentence in the consent form that reads '[i]f this case does not proceed as a collective action, I also consent to joint a subsequent action to assert these same claims' is not appropriate, and must be removed. The Court has reviewed Notice examples from FLSA cases in this District, and around the nation, and has not found any Notice that contains such language.").

[4] In *Burch v. Qwest Commc'ns Int'l, Inc.*, 500 F. Supp. 2d 1181, 1191 (D. Minn. 2007), the plaintiffs sought to include the following language in the consent to join form: "If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against Qwest . . . where I did not receive compensation for all my time worked." The plaintiffs explained that this "language [wa]s necessary in case the [c]ourt split[] th[e] case into multiple cases." The court rejected that explanation, finding the language unnecessary and confusing. The court added that "none of the examples of Judicial Notice in previous FLSA cases in this District offered by Plaintiffs contain such language."

[5] *Hembree v. Mid-Continent Transp., Inc.*, No. 08-6094-CV-SJ-HFS, 2010 WL 3927764, at *5 (W.D. Mo. Oct. 4, 2010) ("Similarly to be excluded is language requiring potential class members to consent to join any subsequent actions against defendants.")

any separate or subsequent action to assert my claims against CSC, and/or any related entities or persons potentially liable" will be struck from the reminder notice.

                                      IT IS SO ORDERED.

                                      /s/
                                Janet Bond Arterton, U.S.D.J.

        Dated at New Haven, Connecticut this 14th day of August, 2015.