UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
                                                  :
JOSEPH STRAUCH ET AL.                :          3:14 CV 956 (JBA)
                                                  :
V.                                                :
                                                  :
COMPUTER SCIENCES CORPORATION  :          DATE: OCTOBER 20, 2015
                                                  :
---------------------------------------------------------- x

## SCHEDULING ORDER

Following the lengthy telephonic discovery conference held on October 15, 2015 (Dkt. #251; see also Dkts. ##226, 232, 245, 254), the following schedule is ordered, some of which is by agreement of counsel:

      1.  As promptly as possible, counsel will either file a Joint Motion for Protective Order with respect to the Master Services Agreements ["MSAs"], or if no agreement can be reached, then defendant will file its Motion for Protective Order, which will indicate the portions as to which no agreement was reached and plaintiffs shall promptly file their brief in opposition.

      2.  Once an appropriate Protective Order has been approved by the Court with respect to the MSAs, then within six weeks, defendant will provide to plaintiffs' counsel complete copies of six additional MSAs, as addressed during the telephonic discovery conference held on August 17, 2015 (Dkt. #203).

      3.  Within one week of their receipt of the additional six MSAs, plaintiffs' counsel will notify defense counsel whether they seek documents regarding the implementation of, and monitoring of, these seven total MSAs, and in the event that counsel are unable to agree as to any requested production, they should notify this Magistrate Judge's Chambers accordingly.

4. Within one week of their receipt of the six MSAs, plaintiffs' counsel will notify defense counsel whether they seek a continued deposition of Scott Creasy, and in the event that counsel are unable to agree as to any continued deposition, they should notify this Magistrate Judge's Chambers accordingly.

5. Defendant also shall identify the types of ticketing systems used under the MSAs, by the same deadline as set in ¶ 2 supra.

6. With respect to the production of electronically stored information, if counsel are unable to agree regarding the appropriate search terms and the extent of review by counsel prior to production (i.e., for attorney-client privilege or work product only, or also for relevancy), then counsel shall forward letters setting forth the open issues to this Magistrate Judge **on or before October 30, 2015**, and counsel may forward responsive letters **on or before November 6, 2015**.

7. Counsel have reported that there are now 1,047 opt-in plaintiffs. (Dkt. #245, at 1, 5, 7). Regarding the issues raised in Dkt. #232, at 9-11, and in Dkt. #245, at 5-7, namely the scope of discovery from additional opt-in plaintiffs, an issue predicted in this Magistrate Judge's Ruling on Defendant's Motion to Compel, filed February 10, 2015 (Dkt. #138), 2015 WL 540911, at *3, the Magistrate Judge rules as follows: defendant may seek discovery from 12.5 percent of the opt-in plaintiffs, who shall produce copies of the following four documents: (1) cover letters or cover e-mails; (2) applications (whether on paper or on-line); (3) resumes; and (4) LinkedIn pages.

8. Counsel have reported that defendant will be deposing sixty opt-in plaintiffs, of which eight depositions already have been held, leaving another fifty-two to be scheduled. (Dkt. #245, at 7). With respect to the issues raised in Dkt. #245, at 7-8, and in Dkt. #254,

at 1-5, the Magistrate Judge rules as follows: It is simple common sense, and courtesy, that counsel should attempt to "cluster" the depositions to the greatest extent possible, taking into account the schedules of these deponents, to avoid counsel having to return to the same distant location on multiple occasions.[1]  In light of the fact that fifty-two depositions need to be scheduled, the Court also imposes the following time limitation – of the fifty-two anticipated depositions, twenty-six of them may be taken over the customary seven hour limit, while the remaining twenty-six shall be completed in four hours.  Counsel are to cooperate in good faith with one another to identify those depositions that can be completed within four hours and those that may require seven hours.[2]

Dated at New Haven, Connecticut, this 20th day of October, 2015.

 /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[1] It is distressing to the Court that counsel could not agree on this obvious and basic concept.

[2] In a similar vein, the deposition excerpts attached to Dkt. #254 are disturbing.  Counsel need to learn to treat each other with greater respect.