UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH STRAUCH and TIMOTHY COLBY, individually and on behalf of all others similarly situated,<br>    *Plaintiffs*,<br>*v.*<br>COMPUTER SCIENCES CORPORATION,<br>    *Defendant*. | Civil No. 3:14-CV-956 (JBA)<br><br>October 18, 2017 |

**RULING ON DEFENDANT'S MOTION TO DECERTIFY**

In this overtime exemption misclassification action, Defendant Computer Sciences Corporation ("CSC") moves to decertify the certified California subclass of Associate Professional and Professional System Administrators ("SAs") on the basis of Plaintiff Joseph Strauch's purported inadequacy as a class representative. For the reasons set forth below, the Court DENIES Defendant's Motion.

    **I.    Background**

After oral argument held on May 10, 2017, [Doc. # 326, 329], the Court granted in part and denied in part Plaintiffs' Motion [Doc. # 323] for Class Certification on June 30, 2017. (Ruling on Mot. for Class Cert. [Doc # 327].) In an Endorsement Order [Doc. # 328] entered on June 30, 2017, the Court instructed Plaintiffs to file an Amended Complaint in conformity with the Court's Ruling on Plaintiffs' Motion for Class Certification by July 10, 2017, with a status report and proposed Revised Scheduling Order due July 14, 2017.

Plaintiffs filed their Second Amended Complaint [Doc. # 330] on July 10, 2017. The Second Amended Complaint ("SAC") retained Plaintiff Joseph Strauch as the only putative representative for the California class, but added new allegations describing how Mr. Strauch was in fact a

member of the California class that the Court certified. (*Id.* ¶ 19, 36.) According to the SAC, Mr. Strauch first worked as a Senior Professional System Administrator until August 2014, but then worked as a Professional Systems Administrator from August 2014 to December 2014. (*Id.* ¶ 19.) The SAC also alleges that "[e]ven though Mr. Strauch's job title changed, his job duties did not." (*Id.*) "In both positions, Mr. Strauch had the primary duties of installing, maintaining, and supporting servers for one of CSC's clients." (*Id.*)

On July 14, 2017, Defendant sought to appeal this Court's Order on Class Certification to the Court of Appeals, pursuant to Fed. R. Civ. P. 23(f). (Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f) at 1, *Strauch et al v. Computer Sciences Corporation*, No. 17-2185 (2d Cir. July 14, 2017)). Defendant asked the Court of Appeals to determine two questions: First, "[w]hether the District Court erred in certifying a class under Rule 23 by creating an impermissible 'fail-safe' class in order to avoid an Article III standing problem[,]"and second, "[w]hether the District Court erred in certifying a class under Rule 23 by placing improper weight on the company's uniform job titling program where the record evidence clearly demonstrated wide variation among individuals in the actual job qualifications, characteristics, and duties." (*Id.*)[1]

The Court held a telephonic status conference on July 25, 2017 at which the parties discussed the timing of the appeal, the continuation of Mr. Strauch as the putative class representative in Plaintiffs' SAC, and Defendant's intended motion to decertify. (Transcript July 25, 2017 Status Conf. [Doc. # 349].) Defendant explained to the Court that Defendant had petitioned the Second Circuit for review of the class certification order under Rule 23(f), and

---

[1] As noted below, Defendant intends to withdraw the first ground of appeal, while continuing to seek review on the second ground.

2

suggested that it would be beneficial to "get guidance from the Second Circuit" on the class certification order before proceeding to trial, while conceding that the Court still retains jurisdiction of the case unless and until either this Court or the Court of Appeals orders differently. (*Id.* at 4-7.)

At the status conference, Plaintiffs clarified that the reason that they did not replace Mr. Strauch as a proposed California class representative was because Plaintiffs understood the Court's suggestion to do so to be "based on the misunderstanding that [Mr. Strauch] never worked in the position [of Professional SA]." (*Id.* at 34.) Plaintiffs noted that they had given "an unclear answer at oral argument . . . suggesting that [Mr. Strauch] had only worked as a senior professional." (*Id.*) Plaintiffs accordingly "read the order [on Class Certification] to say 'Because [Mr. Strauch] was only a senior professional and never worked in a class position, obviously you have to replace him so please go ahead.'" (*Id.*) Plaintiffs clarified that in their SAC their implicit "response was 'We apologize for creating a misunderstanding, he is a class member; therefore he is an adequate class representative.'" (*Id.*) The Court expressed its concerns that "this becomes too much of an iterative process" and asked whether "there [is] some way to identify at this point . . . who, if necessary, would be substituted so that we can know whether there's a challenge to that person, or whether that person would . . . be unchallenged as class representative." (*Id.* at 35-36.)

Defendant on August 4, 2017 moved to decertify the California subclass of Associate Professional and Professional System Administrators on the grounds that Mr. Strauch was an inadequate class representative. (Mot. Decertification California Subclass [Doc. # 343].) Defendant's Motion to Decertify advances two primary arguments. First, Defendant asserts that Mr. Strauch is not an adequate class representative for California employees pursuing meal and rest break claims, because he worked from home and does not allege that CSC denied him a meal

3

or rest break. (*Id.* at 1.) Second, Defendant argues that Mr. Strauch "spent most of his CSC career as a Senior Professional SA" and his job duties did not change "when he became a Professional SA for the last four months of his career." (*Id.*) Defendant notes that the Court "held that the Senior Professional subclass lacked [sufficient] commonality and thus could not be certified, because the 'wide array of tasks [the Senior Professional SAs] perform . . . cannot be readily inferred from common evidence[,]'" and argues that "[i]f Plaintiffs could not establish commonality as between Strauch and his Senior Professional peers, it follows that they cannot do so as between Strauch and the Professional *and* Associate Professional SAs he purports to represent." (*Id.* at 1-2.) Defendant argues that "[t]hese defenses, unique to Strauch, preclude him from establishing himself as an adequate representative of the California subclass" and the subclass should therefore be decertified. (*Id.* at 2.)

Plaintiffs, in their Opposition to the Motion to Decertify, first note that they no longer intend to pursue classwide meal and rest break claims for the certified California subclass. (Pls' Opp. Def's Mot. Decertification California Subclass [Doc. # 344 at 2].) Second, Plaintiffs argue that "Mr. Strauch's earlier non-class job title has no bearing on his ability to serve as a class representative for Professional and Associate Professional SAs." (*Id.* at 2-3.) According to Plaintiffs, Mr. Strauch "worked in a class position (Professional SA) in California during the class period, and [] has no conflicts with the class, he is [therefore] adequate." (*Id.* at 3.) Plaintiffs argue that "the Court did not find that *all* Senior Professional SAs' duties differ from all class members' duties, nor did the Court find that all (or even any) Senior Professional SAs are exempt." (*Id.*)

In the alternative, Plaintiffs request that if the Court accepts CSC's arguments as to Mr. Strauch, that Plaintiffs be permitted to substitute California subclass member Kay DeLira as a subclass representative. (*Id.* at 8.)

4

In its Reply, Defendant notes that while Plaintiffs clarify that they are not pursuing California meal and rest period claims, "they take no steps to withdraw that claim or amend their prior complaint" and therefore requests that the Court grant Defendant's motion to decertify. (Reply Supp. Def's Mot. Decertification California Subclass [Doc. # 345 at 1].) Second, Defendant argues that Mr. Strauch is not an adequate representative because (1) his job duties did not change when he moved from Senior Professional SA to Professional SA, (2) the Court held that Senior Professional SAs had job duties that were too diverse to determine misclassification on the basis of common evidence, and that therefore (3) even if Mr. Strauch was performing non-exempt job duties, the only way to know this is by relying on an "individualized inquiry into Mr. Strauch's job duties." (*Id.* at 1-2.)

On October 10, 2017, the parties filed a Joint Stipulation and Proposed Order that sought to narrow the scope of issues that Defendant is appealing to the Second Circuit. (Joint Stipulation and Proposed Order [Doc. # 353].) Specifically, Defendant raised two issues on appeal: (1) the question of whether the Court impermissibly solved a standing problem by re-defining the class into a "fail-safe" class, and (2) whether the Court impermissibly certified a class by placing improper weight on Defendant's uniform job titling program. (*Id.*) The parties requested that the Court adopt a proposed stipulated order that would allow Defendant to withdraw Issue (1) from the scope of its 23(f) appeal to the Second Circuit. (*Id.*)

As the parties noted in their joint stipulation, Plaintiffs' Pretrial Memorandum [Doc. # 347] proposed that "any damages awarded at trial be based on the hours of work recorded in CSC's timekeeping systems[.]" (Joint Stipulation and Proposed Order.) The parties requested that the Court adopt this proposed order, as delineated in the Joint Stipulation and Proposed Order, and represented that if the Court adopted the Order, Defendant would notify the Court of Appeals of

its withdrawal of Issue (1) in its Rule 23(f) Petition, with an explanation that Defendant continues to seek review of Issue (2) by the Court of Appeals. (*Id.*) On October 13, 2017, the Court entered an Order [Doc. # 357] approving the parties' Joint Stipulation and Proposed Order.

**II.     Discussion**

*Motion to Decertify the California Subclass*

As described above, Defendant advances two separate theories for Mr. Strauch's purported inadequacy as a class representative for the certified California subclass—first, because Mr. Strauch worked from home and does not allege that CSC denied him a meal or rest break, and second, because Mr. Strauch, as a former Senior Professional SA who became a Professional SA, thus lacks commonality with the SAs whom he seeks to represent.

<u>California Meal and Rest Break Claims</u>

To conform Plaintiffs' briefing to their representation that "they do not intend to pursue classwide meal and rest break claims for the certified California subclass[,]" (Pls' Opp. Def's Mot. Decertification California Subclass at 2), Plaintiffs are directed to file an amended complaint in conformity with this position within five days of this Ruling.

<u>Mr. Strauch's Job Duties</u>

Defendant argues that Mr. Strauch, as a former Senior Professional SA who became a Professional SA from August through December 2014, lacks commonality with the SAs whom he seeks to represent. The gravamen of Defendant's legal argument appears to be that a putative class representative cannot be adequate where, despite being a member of the class with no apparent conflicts of interest, his or her typicality is established by individualized evidence in addition to common evidence. Defendant cites no legal authority, binding or persuasive, that stands for this

proposition, which is unsupported in the text of Rule 23. Accordingly, the Court denies Defendant's Motion to Decertify.

Under Rule 23, "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(3). This Court "has the affirmative duty of monitoring its class decisions in light of the evidentiary development of the case." *Mazzei v. Money Store*, 829 F.3d 260, 266 (2d Cir. 2016). Here, the Court's Order on Class Certification expressly found that Mr. Strauch could not represent the California subclass comprised of Associate Professional and Professional SAs on the basis of a misunderstanding that Mr. Strauch had been classified only as a Senior Professional SA, (Ruling on Mot. for Class Cert. at 58), which Plaintiffs have subsequently corrected to clarify that Mr. Strauch was in fact classified as a Professional SA from August 2014 until December 2014, (Pls' Opp. Def's Mot. Decertification California Subclass at 2), a fact that Defendant concedes, (Mem. Supp. Mot. Decertification California Subclass [Doc. # 343-1 at 1] ). Accordingly, the Court evaluates Mr. Strauch's adequacy to represent the certified California subclasses here for the first time.

Rule 23 establishes the adequacy requirement, under which plaintiffs must show that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citation omitted). Moreover, a "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* (internal quotation marks and citations omitted). The "[a]dequacy [requirement] is twofold: the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members." *In re Literary Works in Elec.*

7

*Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011) (internal quotation marks and citation omitted).

Defendant concedes that Mr. Strauch is a member of the class, (Mem. Supp. Mot. Decertification California Subclass at 1), does not contest Mr. Strauch's interest in vigorously pursuing the claims of the class, and does not identify any actual or potential conflicts of interest that may prevent Mr. Strauch from adequately representing the class. The only adequacy claim that Defendant raises is Defendant's argument that Mr. Strauch is inadequate because he will be subject to "unique defenses." (Mem. Supp. Mot. Decertification California Subclass at 1-2, 7-9.)

Defendant frames its theory of Mr. Strauch's failings as a representative as an issue of adequacy, even though it sounds as much in typicality as in adequacy.[2] Under the typicality requirement, "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The "typicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) (citations omitted). And "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Id.* at 936-37. Under either prong, however, Defendant's argument fails.

---

[2] As another district court has observed, "[t]he issue of unique defenses does not always fit neatly into any one requirement of Rule 23. Courts have considered such argument under several different prongs[,]" including both typicality and adequacy. *See In re Sanofi-Aventis Sec. Litig.*, 293 F.R.D. 449, 459 n.6 (S.D.N.Y. 2013) (citations omitted).

In Defendant's Memorandum in Support of the Motion to Decertify, Defendant cites only *Gary Plastic* to support its argument that Mr. Strauch's allegations regarding his prior job title of Senior Professional SA preclude him from adequately representing the California subclass's interests. *See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) ("class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation[.]") (citation omitted). But as *Gary Plastic* notes, "it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification." *Id.* More significantly, Defendant points to no legal authority supporting the premise that the issue they identify with Mr. Strauch's claims is in fact a defense, much less a unique one.

Indeed, Defendant has effectively acknowledged that any defense here is not unique to Mr. Strauch at all. (*See, e.g.*, Mem. Supp. Mot. Decertification California Subclass at 9) ("Strauch's role as a class representative ensures that, for the duration of his involvement in the case, he will be the subject of a defense central to CSC's case: *he is emblematic of the reason why CSC contends class certification to be improper*.") (emphasis added). Defendant's argument that Mr. Strauch will be subject to unique defenses is therefore unfounded.

Defendant's legal argument can be read to be that a putative class representative is not adequate or typical where, despite being a member of the class with typical claims and no apparent conflicts of interest, the putative class representative's typicality is established by individualized evidence in addition to common evidence. But as noted above, this proposition is unsupported in the text of Rule 23, and "it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification." *Gary Plastic*, 903 F.2d at 180; *see also Wilder v. Bernstein*, 499 F. Supp. 980, 992 (S.D.N.Y. 1980) ("defendants assert that the

named plaintiffs do not present 'typical' claims as required by Rule 23(a)(3) . . . [but] [t]here is no requirement that the factual basis for the claims of all members of a purported class be *identical*.") (emphasis added).

In the Court's Order on Class Certification, the Court found, based on Mr. Strauch's deposition testimony, that "he performed a finite sets of different tasks that could be grouped under the general rubrics of responding to problems reported by users, troubleshooting those problems with a small set of typical solutions, and elevating problems he could not solve to specialists." (Ruling on Mot. for Class Cert. at 14) (citation omitted). Similarly, the Court found that "the tasks [Mr. Strauch] performed were relatively rote and routine, including the resetting of passwords and the restoration of files[]" and that Mr. Strauch's "ability to act with discretion was limited by the rules restricting time he was allowed to spend on a task." (*Id.* at 14-15) (citations omitted).

Mr. Strauch's actual job duties as a Professional SA thus largely fit the job functions inferable from the Professional SA job description. (*See id.* at 14) ("Mr. Strauch … testified that he performed almost all of the functions listed in items 1, 2, 3, 5 and 6 of the job description for Professional System Administrator, but he did not perform function four[.]").

Rather than addressing at this stage whether Mr. Strauch's job duties demonstrate proper classification during the period of time in which he was a member of the class, Defendant contends that because Plaintiffs will establish the nature of Mr. Strauch's job duties in part by reference to individualized evidence, his adequacy as a representative fails. (*See* Reply Supp. Def's Mot. Decertification California Subclass at 5-6). The Court disagrees that this proposition is legally supportable. Moreover, there is no merit to Defendant's argument that the fact that Mr. Strauch

came down from a Senior Professional level job title to a Professional level job title, without his duties changing, defeats his adequacy as a class representative.[3]

In conclusion, Mr. Strauch satisfies both the adequacy and typicality requirements. Mr. Strauch is adequate because he is concededly a member of the class who "possess[es] the same interest and [has] suffer[ed] the same injury as the class members[,]" *Amchem*, 521 U.S. at 625 (1997) (citation omitted), while "hav[ing] an interest in vigorously pursuing the claims of the class, and . . . hav[ing] no interests antagonistic to the interests of other class members[,]" *In re Literary Works*, 654 F.3d at 249 (2d Cir. 2011) (internal quotations and citation omitted). Mr. Strauch satisfies the typicality requirement because he alleges that "the same unlawful conduct was directed

---

[3] Defendant's Reply in Support of its Motion for Decertification of the California Subclass urges that the fact of Mr. Strauch coming down from a higher-level job title into the certified class without his job duties changing is a fundamental problem for the class that was certified: "The existence of SAs, like Mr. Strauch, whose job *title* changed from Senior Professional to Professional but whose job *duties* did not change demonstrate that the Associate Professional/Professional subclass is infected with SAs titled as Professionals but with the job duties and experiences of Senior Professionals." (Reply Supp. Def's Mot. Decertification California Subclass at 5). Defendant argues that the "record is replete with dozens of other examples" but identifies only Patricia Smith (a member of the Connecticut subclass) as such an example. The Court acknowledges its error in identifying Patricia Smith in the Class Certification Order as a Senior Professional SA, when she in fact had been, as Defendant notes, "a System Administrator Leader—a level *above* Senior Professional—before moving into a Professional SA role in 2014." (*Id.* at 6) (emphasis added). Had the Court correctly identified Patricia Smith as a member of the class that was certified, however, this fact would not have changed the Court's analysis, as Ms. Smith appears to be a distant outlier in the degree of divergence between her self-described actual job duties and the job description that corresponded to her title, *see* Ruling on Mot. for Class Cert. at 31-32, and is similarly atypical compared to other class members in the job duties she performed. *See Indergit v. Rite Aid Corp.*, 293 F.R.D. 632, 635, 644 (S.D.N.Y. 2013) (noting "in any group there will always be outliers[]" in decision declining to decertify FLSA class and certifying Rule 23 class of plaintiffs claiming misclassification); *Jacob v. Duane Reade, Inc.*, No. 11-CV-0160 (JPO), 2016 WL 3221148, at *4 (S.D.N.Y. June 9, 2016) ("Kudrna, the only ASM to make independent hiring decisions, is an outlier who does not defeat class certification.") (*citing Indergit*, 293 F.R.D. at 644 (S.D.N.Y. 2013)).

at or affected both [Mr. Strauch] and the class sought to be represented[,]" *Robidoux*, 987 F.2d at 936 (2d Cir. 1993) (citations omitted).

Accordingly, Defendant's Motion to Decertify is denied.

### III.     Conclusion

For the reasons set forth above, the Court DENIES Defendant's Motion. Plaintiffs are instructed to file an amended complaint in conformity with Plaintiffs' representation that they no longer intend to pursue classwide meal and rest break claims for the certified California subclass within five days.

                            IT IS SO ORDERED.

                            /s/
                          Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of October 2017.