**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi*
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Darnley D. Stewart**
Michael J. Scimone*
Michael N. Litrownik (ct 28845)
Elizabeth V. Stork*
Jared Goldman *
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct 19665)
P.O. Box 1684
New Haven, CT 06507
Telephone:  (203) 624-9830

*Attorneys for Plaintiffs and the Classes
and Collective*

**FEINBERG JACKSON WORTHMAN
& WASOW**
Todd Jackson*
Darin Ranahan*
Genevieve Casey*
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998

**LIEFF CABRASER HEIMANN &
BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
Shira J. Tevah**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

*admitted *pro hac vice*

** *pro hac vice* motion forthcoming

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH STRAUCH, TIMOTHY COLBY, CHARLES TURNER, and VERNON CARRE, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMPUTER SCIENCES CORPORATION,<br><br>Defendant. | **Civil No. 14 Civ. 956 (JBA)**<br><br>**THIRD AMENDED COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND STATE WAGE AND HOUR LAW; CLAIMS FOR DAMAGES AND <u>INJUNCTIVE RELIEF</u>**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Timothy Colby, Joseph Strauch, Charles Turner, and Vernon Carre

("Plaintiffs") allege, on behalf of themselves and all those similarly situated, as follows:

### <u>JURISDICTION AND VENUE</u>

1.      This Court has federal question jurisdiction over this action pursuant to 28

U.S.C. § 1331 and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.       This Court also has original jurisdiction over this action under the Class

Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are

100 or more members in the proposed classes; (2) at least some members of the proposed classes

have a different citizenship from Defendant; and (3) the claims of the proposed class members

exceed $5,000,000 in the aggregate.

3.       In addition, this Court has supplemental jurisdiction under 28 U.S.C. §

1367 over Plaintiffs' state law wage and hour law claims because those claims derive from a

common nucleus of operative fact.

4.       This Court is empowered to issue to a declaratory judgment pursuant to 28

U.S.C. §§ 2201 and 2202.

5.       This Court has personal jurisdiction over CSC because CSC does business

in this District, and because many of the acts complained of and giving rise to the claims alleged

occurred in this District.

6.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events giving rise to the claims occurred in this District.

## SUMMARY OF CLAIMS

7.       In 2005, Defendant Computer Sciences Corporation ("Defendant" or

"CSC") settled for $24 million a nationwide class and collective action lawsuit alleging that CSC

misclassified thousands of its information technology support workers as exempt from overtime

pay under federal and state wage and hour laws, *Giannetto v. Computer Sciences Corp.*, No. 03

Civ. 8201 (C.D. Cal.).

8.       Notwithstanding that settlement, many information technology support

workers – including Plaintiffs and similarly situated CSC employees – continue to work for CSC

while misclassified as exempt, even though they perform primarily nonexempt work.

9.      For purposes of this complaint, "System Administrators" refers only to Associate Professional System Administrators, Professional System Administrators, and Senior Professional System Administrators and successor titles, during the time periods in which they are (a) classified as exempt from all potentially applicable overtime pay requirements and (b) earning less than $100,000 on an annualized basis.  "State Law" refers to the state laws invoked below.

10.     Plaintiffs, current and former CSC System Administrators, have had, as their primary duty, the installation, maintenance, and/or support of computer software and/or hardware for CSC clients.  Plaintiffs and other System Administrators were and/or are misclassified by CSC as exempt from the overtime provisions of the FLSA and/or California and Connecticut wage and hour laws, as described below.

11.     FLSA Collective:  Plaintiffs Colby, Strauch, Turner, and Carre bring this action on behalf of themselves and all persons who were, are, or will be employed by CSC nationwide as System Administrators, at any time within the three years prior to the filing of the initial Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period").  This group is hereinafter referred to as the "Nationwide FLSA Plaintiffs."

12.     Connecticut Class:  Plaintiff Colby also brings this action on behalf of all persons who were, are, or will be employed by CSC in Connecticut as Associate Professional System Administrators or Professional System Administrators, at any time from July l, 2012 through the date of the final disposition of this action (the "Connecticut Class Period"), who earn or earned less than $100,000 in total annual compensation, who worked more than forty hours per week, and who were not members of the "Test and Training Ranges" segment ("TTR") of CSC.  This group is hereinafter referred to as the "Connecticut Class."

13.     California Class:  Plaintiff Strauch also brings this action on behalf of All persons who were, are, or will be employed by CSC in California as Associate Professional System Administrators or Professional System Administrators, at any time from July 1, 2010 through the date of the final disposition of this action (the "California Class Period"), who earn or earned less than $100,000 in total annual compensation, who worked more than forty hours per week, and who were not members of the  TTR of CSC.  This group is hereinafter referred to as the "California Class."

14.     CSC has unlawfully classified Plaintiffs, Nationwide FLSA Plaintiffs, and the State Law Class members as exempt from overtime payments under federal and state law, despite the fact that they should have been classified as nonexempt.  Plaintiffs, Nationwide FLSA Plaintiffs, and the State Law Class members worked overtime hours, as defined by the applicable federal and state laws, and are and have been entitled to overtime compensation (that is, premium compensation at the appropriate rate) for all overtime hours worked.

15.     CSC has willfully refused to pay Plaintiffs, Nationwide FLSA Plaintiffs, and the State Law Class members the required overtime compensation, and has failed to keep time records as required by law.

16.     CSC's practices violate the FLSA and state laws pled herein.  Plaintiffs seek declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by CSC, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## THE PARTIES

17.     Plaintiff Timothy Colby is a resident of Farmington, Connecticut.  Mr. Colby was employed by CSC in Farmington, Connecticut from approximately October 2011 to approximately February 2014 as a Professional System Administrator.  In that position, Mr.

Colby had the primary duties of installing, maintaining, and supporting servers for one of CSC's clients.  Mr. Colby regularly worked hours in excess of forty hours per week, without receiving overtime compensation as required by both Connecticut and federal law.  Specifically, Mr. Colby typically worked approximately 45 hours per week when he was not "on call."  Approximately once every six weeks, Mr. Colby was "on call" and worked approximately 55 hours per week.

18.     Plaintiff Colby has consented to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).  His Consent to Join was attached to the initial Complaint.

19.     Plaintiff Joseph Strauch is a resident of San Diego, California.  Mr. Strauch was employed by CSC in San Diego from approximately December 1999 to approximately 2004 as a Systems Administrator and then from approximately 2004 to June 2011 and then again from October 2011 to December 2014 as a Systems Administrator.  Specifically, until August 2014, Mr. Strauch worked as a Senior Professional System Administrator.  Shortly after this Action was filed in July 2014, CSC demoted Mr. Strauch to Professional Systems Administrator.  Mr. Strauch then worked as a Professional Systems Administrator from August 2014 to December 2014.  Even though Mr. Strauch's job title changed, his job duties did not.  In both positions, Mr. Strauch had the primary duties of installing, maintaining, and supporting servers for one of CSC's clients.  Mr. Strauch regularly worked hours in excess of forty hours per week, without receiving overtime compensation as required by both California and federal law.  Specifically, when not "on call," Mr. Strauch typically worked approximately 44 hours per week.  Approximately once every four weeks, Mr. Strauch was "on call" and works approximately 50 hours per week.

20.     Plaintiff Strauch has consented to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).  His Consent to Join was attached to the initial Complaint.

21.     Plaintiff Charles Turner is a resident of Colorado Springs, Colorado, formerly residing in Farmington, Missouri.  Mr. Turner was employed by CSC in Farmington and St. Louis, Missouri from approximately March 2001 to approximately December 2014 as a System Administrator.  In that position, Mr. Turner had the primary duties of installing, maintaining, and supporting servers for one of CSC's clients.  Mr. Turner regularly worked hours in excess of forty hours per week, without receiving overtime compensation as required by both Missouri and federal law.  Specifically, Mr. Turner typically worked a minimum of 42 hours per week, and at times more than 60 hours per week.

22.     Plaintiff Turner hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).  His Consent to Join was previously filed on the docket of this action.

23.     Plaintiff Vernon Carre is a resident of Charlotte, North Carolina.  Mr. Carre was employed by CSC primarily in Charlotte, North Carolina from approximately February 2009 to approximately March 2014 as a Professional System Administrator.  In that position, Mr. Carre primarily provided technical support for one of CSC's clients.  Mr. Carre regularly worked hours in excess of forty hours per week, without receiving overtime compensation as required by both North Carolina and federal law.  Specifically, Mr. Carre typically worked approximately 50 hours per week when he was not "on call." Approximately once every eight or nine weeks, Mr. Carre was "on call" 24 hours per day.

24.     Plaintiff Carre hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).  His Consent to Join was previously filed on the docket of this action.

25.     Defendant CSC is a corporation providing computer services throughout the United States and the world, with its corporate headquarters located in Falls Church, Virginia.  The practices described herein occurred at CSC worksites nationwide, including the

worksites in Farmington, Connecticut at which CSC employed Plaintiff Colby, San Diego, California at which CSC employed Plaintiff Strauch, Farmington, Missouri at which CSC employed Plaintiff Turner, and Charlotte, North Carolina at which CSC employed Plaintiff Carre.

## COLLECTIVE ACTION ALLEGATIONS

26.     Nationwide FLSA Collective Plaintiffs (FLSA Claims):  Plaintiffs bring the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Nationwide FLSA Plaintiffs, defined in paragraph 11.

## CONNECTICUT CLASS ACTION ALLEGATIONS

27.     Plaintiff Colby (the "Connecticut Plaintiff") brings the Second and Third Claims for Relief for violation of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§ 31-58 *et seq*. as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all Connecticut Class members, defined in paragraph 12.

28.     Numerosity (Fed. R. Civ. P. 23(a)(1)) – The Connecticut Class is so numerous that joinder of all members is impracticable.  The Connecticut Plaintiff is informed and believes, and on that basis alleges, that during the Connecticut Class Period CSC has employed at least one hundred persons who satisfy the definition of the Connecticut Class.

29.     Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the Connecticut Class, including, but not limited to, the following:

a.     Whether CSC unlawfully failed to pay overtime compensation to the Connecticut Plaintiff and Connecticut Class members in violation of the CMWA, Conn. Gen. Stat. §§ 31-60 and 31-76c;

    b.  Whether CSC unlawfully failed to pay the Connecticut Plaintiff and Connecticut Class members all wages due each week and at the time of discharge or voluntary termination by the next business day in violation of the CMWA, Conn. Gen. Stat. §§ 31-71b and 31-71c; and

    c.  The proper measure of damages sustained by members of the Connecticut Class.

   30.  <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – The Connecticut Plaintiff worked as a Professional System Administrator during the Connecticut Class Period.  The Connecticut Plaintiff's claims are typical of Connecticut Class members' claims.  The Connecticut Plaintiff, like other Connecticut Class members, was subjected to CSC's policy and practice of failing to pay overtime compensation to the Connecticut Plaintiff and Connecticut Class members, and unlawfully failing to pay them all wages due each week and at the time of discharge or voluntary termination by the next business day in violation of the CMWA, Conn. Gen. Stat. §§ 31-60, 31-76c, 31-71b, and 31-71c.  The Connecticut Plaintiff's job duties and claims were and are typical of those of the Connecticut Class members.

   31.  <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – The Connecticut Plaintiff has no conflicts with Connecticut Class members and will fairly and adequately represent and protect the interests of the Connecticut Class members.

   32.  <u>Adequacy of counsel</u> (Fed. R. Civ. P. 23(g)) – The Connecticut Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.  The Connecticut Plaintiff's counsel has litigated numerous class actions on behalf of technical support workers asserting overtime misclassification claims under the FLSA, Connecticut, and California law, and other law.  The Connecticut Plaintiff's

counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all Connecticut Class members.

33.     Class certification of the Second and Third Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because CSC has acted or refused to act on grounds generally applicable to the Connecticut Class, making appropriate declaratory and injunctive relief with respect to the Connecticut Plaintiff and the Connecticut Class as a whole. The Connecticut Plaintiff is entitled to injunctive relief to end CSC's common and uniform practice of failing to pay overtime compensation to the Connecticut Plaintiff and Connecticut Class members, and unlawfully failing to pay them all wages due each week and at the time of discharge or voluntary termination by the next business day in violation of the CMWA, Conn. Gen. Stat. §§ 31-60, 31-76c, 31-71b, and 31-71c.

34.     <u>Predominance and superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Second and Third Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Connecticut Class predominate over any questions affecting only individual members of the Connecticut Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation because of CSC's common and uniform policies and practices of unlawfully failing to pay overtime compensation to the Connecticut Plaintiff and Connecticut Class members, and unlawfully failing to pay them all wages due each week and at the time of discharge or voluntary termination by the next business day in violation of the CMWA, Conn. Gen. Stat. §§ 31-60, 31-76c, 31-71b, and 31-71c.  The damages suffered by individual Connecticut Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative

9

litigation that might result in inconsistent judgments about CSC's practices.

35.     Notice (Fed. R. Civ. P 23(c)(2)(B)) – The Connecticut Plaintiff intends to send notice to all members of the Connecticut Class to the extent required by Rule 23.

## CALIFORNIA CLASS ACTION ALLEGATIONS

36.     Plaintiff Strauch (the "California Plaintiff") brings the Fourth, Fifth, Sixth, and Seventh Claims for Relief for violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members, defined in paragraph 13.

37.     Numerosity (Fed. R. Civ. P. 23(a)(1)) – The California Class is so numerous that joinder of all members is impracticable.  The California Plaintiff is informed and believes, and on that basis alleges, that during the California Class Period CSC has employed at least one hundred persons who satisfy the definition of the California Class.

38.     Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

a.     Whether CSC unlawfully failed to pay overtime compensation to the California Plaintiff and California Class members in violation of Cal. Wage Order No. 4-2001 and Cal. Labor Code §§ 510, 1194;

b.     Whether CSC unlawfully failed to keep and furnish the California Plaintiff and California Class members with records of hours worked in violation of Cal. Wage Order No. 4-2001 and Cal. Labor Code §§ 226, 1174, & 1174.5;

c.     Whether CSC engaged in unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., through its above-mentioned violations of law;

       d.       Whether CSC violated the California Private Attorneys General Act ("PAGA") of 2006, Cal. Labor Code §§ 2698-2699.5, through its above-mentioned violations of law; and

       e.       The proper measure of damages sustained by members of the California Class.

39.    <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – The California Plaintiff worked as a Professional System Administrator during the California Class Period.  The California Plaintiff's claims are typical of California Class members' claims.  The California Plaintiff, like other California Class members, was subjected to CSC's policy and practice of failing to pay overtime compensation to the California Plaintiff and California Class members and unlawfully failing to keep and furnish them with records of hours worked, in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., and the California Labor Code and related regulations, Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194; Cal. Labor Code §§ 226, 1174, & 1174.5; Cal. Labor Code §§ 2698-2699.5. The California Plaintiff's job duties and claims were and are typical of those of the California Class members.

40.    <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – The California Plaintiff has no conflicts with California Class members and will fairly and adequately represent and protect the interests of the California Class members.

41.    <u>Adequacy of counsel</u> (Fed. R. Civ. P. 23(g)) – The California Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.  The California Plaintiff's counsel has litigated numerous class actions on behalf of technical support workers asserting overtime misclassification claims under the FLSA, California law, and other law.  The California Plaintiff's counsel intends to commit

the necessary resources to prosecute this action vigorously for the benefit of all California Class members.

42.     Class certification of the Fourth, Fifth, Sixth, and Seventh Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because CSC has acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory and injunctive relief with respect to the California Plaintiff and the California Class as a whole.  The California Plaintiff is entitled to injunctive relief to end CSC's common and uniform practice of failing to pay overtime compensation to Plaintiff and California Class members and unlawfully failing to keep and furnish them with records of hours worked in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., and the California Labor Code and related regulations, Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194; Cal. Labor Code §§ 226, 1174, & 1174.5; Cal. Labor Code §§ 2698-2699.5.

43.     <u>Predominance and superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Fourth, Fifth, Sixth, and Seventh Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation because of CSC's common and uniform policies and practices of unlawfully failing to pay overtime compensation to Plaintiff and California Class members and unlawfully failing to keep and furnish them with records of hours worked, in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., and the California Labor Code and related regulations, Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194; Cal. Labor Code §§ 226, 1174, & 1174.5; Cal. Labor Code §§ 2698-2699.5.  The damages suffered

by individual California Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about CSC's practices.

44.     Notice (Fed. R. Civ. P 23(c)(2)(B)) – The California Plaintiff intends to send notice to all members of the California Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF**
**(FLSA Claims, 29 U.S.C. § 201, *et seq.*,**
**Brought by Plaintiffs on Behalf of Themselves and the**
**Nationwide FLSA Plaintiffs)**

45.     Plaintiffs, on behalf of themselves and the Nationwide FLSA Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

46.     At all relevant times, CSC has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, CSC has employed, and continues to employ, "employee[s]," including Plaintiffs, and each of the collective Nationwide FLSA Plaintiffs.  At all relevant times, CSC has had gross operating revenues in excess of $500,000.

47.     All Plaintiffs have signed Consents to Join that have previously been filed in this litigation pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  It is likely that other individuals will sign consent forms and join as Plaintiffs on this claim in the future.

48.     The FLSA requires each covered employer, including CSC, to compensate all nonexempt employees at a rate of not less one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

49.     The Nationwide FLSA Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

50.     At all relevant times, CSC, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Plaintiffs for their hours worked in excess of forty hours per week.

51.     By failing to compensate Plaintiffs and the Nationwide FLSA Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, CSC has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1), and § 215(a).

52.     By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the Nationwide FLSA Plaintiffs, CSC has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

53.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54.     Plaintiffs, on behalf of themselves, and the Nationwide FLSA Plaintiffs, seek recovery of attorneys' fees and costs of action to be paid by CSC, as provided by the FLSA, 29 U.S.C. § 216(b).

55.     Plaintiffs, on behalf of themselves and the Nationwide FLSA Plaintiffs, seek damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-60 and 31-76c, Brought by the Connecticut Plaintiff on Behalf of Himself and the Connecticut Class

56.     The Connecticut Plaintiff, on behalf and himself and all members of the Connecticut Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

57.     At all relevant times, CSC has been, and continues to be, an "employer" within the meaning of the CMWA.  At all relevant times, CSC employed employees, including the Connecticut Plaintiff and each of the Connecticut Class members, within the meaning of the CMWA.

58.     Connecticut law requires an employer, such as CSC, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week.

59.     The Connecticut Plaintiff and Connecticut Class members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

60.     Throughout the Connecticut Class Period, and continuing through the present, the Connecticut Plaintiff and Connecticut Class members worked in excess of forty hours in a workweek.  The Connecticut Plaintiff and certain Connecticut Class members also worked in excess of fifty hours in a workweek.

61.     During the Connecticut Class Period, CSC knowingly and intentionally misclassified the Connecticut Plaintiff and Connecticut Class members as exempt from overtime pay entitlement and failed to pay them overtime premium pay for their overtime hours worked.

62.     As a direct and proximate result of CSC's unlawful, unreasonable, and arbitrary conduct in bad faith, as set forth herein, the Connecticut Plaintiff and Connecticut Class members have sustained damages, including loss of earnings for hours of overtime worked on

behalf of CSC in an amount to be established at trial, and costs and attorneys' fees, pursuant to statute and other applicable law.

63.     The Connecticut Plaintiff, on behalf of himself and the Connecticut Class members, seek damages in the amount of twice the unpaid wages overtime earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, less any such wages paid, plus pre- and post-judgment interest at a rate of 10% per year, as provided by the CMWA, Conn. Gen. Stat. § 31-68 and Conn. Gen. Stat. § 37-3a, with costs and such reasonable attorney's fees as may be allowed by the court.

**THIRD CLAIM FOR RELIEF**
**(Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-71b and 31-71c,**
**Brought by the Connecticut Plaintiff on Behalf of Himself**
**and the Connecticut Class)**

64.     The Connecticut Plaintiff, on behalf of himself and all members of the Connecticut Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

65.     CSC knowingly and intentionally issued paychecks to the Connecticut Plaintiff and Connecticut Class members that did not include "all wages due" for each week worked, as required by the CMWA, Conn. Gen. Stat. § 31-71b, because CSC misclassified the Connecticut Plaintiff and Connecticut Class members as exempt from overtime pay entitlement and failed to pay them overtime premium pay for their overtime hours worked.

66.     As a result, CSC knowingly, unreasonably, arbitrarily, intentionally, and in bad faith failed to pay "all wages due" at the time of discharge or voluntary termination to the Connecticut Plaintiff and Connecticut Class Members, in violation of the CMWA, Conn. Gen. Stat. § 31-71c.

67.     The Connecticut Plaintiff, on behalf of himself and the Connecticut Class members, seek damages in the amount of twice the unpaid wages overtime earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, less any such wages paid, plus pre- and post-judgment interest at a rate of 10% per year, as provided by the CMWA, Conn. Gen. Stat. § 31-72 and Conn. Gen. Stat. § 37-3a, with costs and such reasonable attorney's fees as may be allowed by the court.

### FOURTH CLAIM FOR RELIEF
### (California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, Brought by the California Plaintiff on Behalf of Himself and the California Class)

68.     The California Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

69.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

70.     Beginning at a date unknown to the California Plaintiff, but at least as long ago as four years ago, CSC committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. CSC's conduct as herein alleged has injured the California Plaintiff and the California Class members by wrongfully denying them earned wages, and therefore was substantially injurious to the California Plaintiff and to California Class members.

71.     CSC engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

a.     The Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.;

b.     California Labor Code § 1194;

c.     California Labor Code §§ 201, 202, 203, 204, and 226;

d.     California Labor Code § 1174; and

e.     California Labor Code § 510, which provides in relevant part:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

72.     CSC's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  CSC's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

73.     The unlawful and unfair business practices and acts of CSC, described above, have injured California Class members in that they were wrongfully denied the payment of earned overtime wages.

74.     The California Plaintiff, on behalf of himself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in

a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

75.     The California Plaintiff, on behalf of himself and the California Class, seeks recovery of attorneys' fees and costs of this action to be paid by CSC, as provided by the UCL and California Labor Code §§ 218 and 1194.

**FIFTH CLAIM FOR RELIEF**
**(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194,**
**Brought by the California Plaintiff on Behalf of Himself**
**and the California Class)**

76.     The California Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

77.     California law requires an employer, such as CSC, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day.

78.     The California Plaintiff and California Class members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

79.     Throughout the California Class Period, and continuing through the present, the California Plaintiff and California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek.  The California Plaintiff and certain California Class members also worked in excess of twelve hours in a workday.

80.     During the California Class Period, CSC misclassified the California Plaintiff and California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

81.     As a direct and proximate result of CSC's unlawful conduct, as set forth herein, the California Plaintiff and California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of CSC in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**SIXTH CLAIM FOR RELIEF**
**(California Record-Keeping Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,**
**Brought by the California Plaintiff on Behalf of Himself**
**and the California Class)**

82.     The California Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

83.     CSC knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Plaintiff and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. Such failure caused injury to the California Plaintiff and the California Class members, by among other things, impeding them from knowing the amount of wages to they were and are entitled.  At all times relevant herein, CSC has failed to maintain records of hours worked by the California Plaintiff and California Class members as required under Labor Code § 1174(d).

84.     The California Plaintiff and California Class members are entitled to and seek injunctive relief requiring CSC to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**SEVENTH CLAIM FOR RELIEF**
**(PAGA claims for civil penalties, Cal. Labor Code §§ 2698-2699.5**
**Brought by the California Plaintiff on Behalf of**
**Himself and the California Class**
**as well as the General Public)**

85.     The California Plaintiff, on behalf of himself and all members of the California Class as well as the general public, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

86.     Under the California Private Attorneys General Act ("PAGA") of 2006, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders.  These civil penalties are in addition to any other relief available under the Cal. Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee, pursuant to Cal. Labor Code § 2699.

87.     Pursuant to Cal. Labor Code § 1198, CSC's failure to pay overtime compensation to the California Plaintiff and California Class members, failure to keep and furnish them with records of hours worked, and failure to pay them all wages due immediately upon discharge and within the time required by law after their employment ended is unlawful and constitutes violations of the Cal. Labor Code, each actionable under PAGA.

88.     The California Plaintiff alleges, on behalf of himself and the California Class, as well as the general public, that CSC has violated the following provisions of the Cal. Labor Code and the following provisions of Cal. Wage Orders that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: in Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, and Cal. Labor Code §§ 226, 1174, & 1174.5.  Each of these violations

21

entitles the California Plaintiff, as a private attorney general, to recover the applicable statutory

civil penalties on his own behalf, on behalf of all aggrieved employees, and on behalf of the

general public.

89.     Cal. Labor Code § 2699(a), which is part of PAGA, provides in pertinent

part:

> Notwithstanding any other provision of law, any provision of this
> code that provides for a civil penalty to be assessed and collected
> by the Labor and Workforce Development Agency or any of its
> departments, divisions, commissions, boards, agencies, or
> employees, for a violation of this code, may, as an alternative, be
> recovered through a civil action brought by an aggrieved employee
> on behalf of himself or herself and other current or former
> employees pursuant to the procedures specified in § 2699.3.

90.     Cal. Labor Code **§** 2699(f), which is part of PAGA, provides in pertinent

part:

> For all provisions of this code except those for which a civil
> penalty is specifically provided, there is established a civil penalty
> for a violation of these provisions, as follows: … (2) If, at the time
> of the alleged violation, the person employs one or more
> employees, the civil penalty is one hundred dollars ($100) for each
> aggrieved employee per pay period for the initial violation and two
> hundred dollars ($200) for each aggrieved employee per pay
> period for each subsequent violation.

91.     The California Plaintiff is entitled to civil penalties, to be paid by CSC and

allocated as PAGA requires, pursuant to Cal. Labor Code **§** 2699(a) for CSC's violations of the

Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is already

specifically provided by law.  Further, the California Plaintiff is entitled to civil penalties, to be

paid by CSC and allocated as PAGA requires, pursuant to Cal. Labor Code **§** 2699(f) for CSC's

violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is

not already specifically provided.

92.     On July 1, 2014, the California Plaintiff is providing written notice by certified mail to the California Labor & Workforce Development Agency ("LWDA") and to CSC of the legal claims and theories of this case contemporaneously with the filing of the Complaint in this action.

93.     Under PAGA, the California Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the Cal. Labor Code and Wage Order No. 4 that are alleged in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all members of the Nationwide FLSA Plaintiffs, pray for relief as follows:

A.      Designation of this action as a collective action on behalf of the Nationwide FLSA Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.      Designation of Plaintiffs as Representatives of the Nationwide FLSA Plaintiffs;

C.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.      An injunction against CSC and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

E.      An award of damages, according to proof, including liquidated damages, to be paid by CSC;

F.    Costs of action incurred herein, including expert fees;

G.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

H.    Post-judgment interest, as provided by law; and

I.    Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, each State Law Plaintiff, on behalf of himself and all State Law Class members he represents, prays for relief as follows:

J.    Certification of this action as a class action on behalf of each respective State Law Class;

K.    Designation of each State Law Plaintiff as Representative of the State Law Class he seeks to represent;

L.    Designation of Plaintiffs' counsel of record as Class Counsel for each respective State Law Class;

M.    A declaratory judgment that the practices complained of herein are unlawful under each respective State law;

N.    An injunction against CSC and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

O.    Appropriate statutory penalties;

P.    An award of damages, liquidated damages, and restitution to be paid by CSC according to proof;

Q.    Pre-judgment and post-judgment interest, as provided by law;

R.      A reasonable incentive award to compensate each State Law Plaintiff for the time he spent attempting to recover wages for the respective State Law Class members, the risks he took in doing so, and the value he conferred upon the State Law Class members;

S.      Such other injunctive and equitable relief as the Court may deem just and proper; and

T.      Attorneys' fees and costs of suit, including expert fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.


Dated:  October 23, 2017                    Respectfully submitted,


By: */s/ Jahan C. Sagafi*
    Jahan C. Sagafi

**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi*
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Darnley D. Stewart**
Michael J. Scimone*
Michael N. Litrownik (ct28845)
Elizabeth V. Stork*
Jared Goldman*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 245-1000

**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
Shira J. Tevah**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

**FEINBERG JACKSON WORTHMAN & WASOW**
Todd Jackson*
Darin Ranahan*
Genevieve Casey*
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct19665)
P.O. Box 1684
New Haven, CT 06507
Telephone:  (203) 624-9830

*Attorneys for Plaintiffs, the Classes, and the Collective*

*admitted *pro hac vice*

** *pro hac vice* motion forthcoming