**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi*
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Michael J. Scimone*
Michael N. Litrownik (ct28845)
Jared Goldman*
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct19665)
P.O. Box 1684
New Haven, CT 06507
Telephone:  (203) 624-9830

**FEINBERG JACKSON
WORTHMAN & WASOW LLP**
Todd Jackson*
Genevieve Casey*
Darin Ranahan*
2030 Addison St., Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7998

**LIEFF CABRASER HEIMANN &
BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

*Attorneys for Plaintiffs, the Collective, and the
Certified Classes*

*admitted *pro hac vice*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOSEPH STRAUCH, TIMOTHY COLBY, CHARLES TURNER, and VERNON CARRE, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>COMPUTER SCIENCES CORPORATION,<br><br>            Defendant. | No. 14 Civ. 956 (JBA) |

**PLAINTIFFS' RESPONSE TO NEW EVIDENCE FROM CSC**

CSC entered a stipulation wherein it agreed to calculate damages in this matter based on CSC's data. CSC then produced that data and insisted for over 14 months that it had provided Plaintiffs with full, accurate time records from which damages should be calculated. CSC now attempts to disavow its own records. CSC does so to avoid over $10 million in damages, according to its own records, due to the liability verdict returned for the Class over 12 months ago. CSC should not be allowed to avoid payment of wages owed based on its own records under the stipulation it willingly entered: The damages calculated by Plaintiffs using CSC's records should therefore be adopted.

On January 16, 2019, the parties in this matter submitted status reports detailing the status of their meet and confer efforts, as well as their respective damages calculations. *See* ECF Nos. 484, 485. Both reports agreed that the single most important issue for resolution is how to handle days where class members have multiple entries on the same day. However, in support of its position, CSC provided—for the first time—a declaration now claiming that the time data it produced in November 2017 is erroneous, despite the intervening 14 months of representations to Plaintiffs and the Court that Plaintiffs had all the data and that there were no problems with the data. Defendants propose to wipe out over $10 million in damages via a three-page declaration based on alleged records never seen by the Court or Plaintiffs, as neither have been provided the underlying data or have access to the underlying data. Moreover, this declaration is not only unreliable in its methodology, but also inconsistent with the position Defendants have taken in their simultaneously submitted justification for their damages calculations.

CSC and Plaintiffs entered into a stipulation on October 10, 2017 that "[a]ny damages sought and/or awarded in this litigation and at trial for all SAs, including all SAs in the certified Rule 23 classes and all opt-in plaintiff SAs in the FLSA collective, [would] be determined based

1

on the hours of work that Plaintiffs recorded in CSC's timekeeping system (largely e-TES and a successor system called MyTime) . . . ." ECF No. 357. Between the time it entered into this stipulation and now, CSC has made numerous representations to Plaintiffs and the Court that:

(1) Plaintiffs had all the data that they would be relying on (*see, e.g.*, Decl. of D. Ranahan in Supp. of Pls.' Response to New Evidence from CSC ("Ranahan Decl.") ¶ 4; *id.* Ex. B (Tr. 9:1-6, 9:9-12, 17:2-5 (Apr. 18, 2018)); *id.* Ex. C (Tr. 13:21-24, 18:12-13 (Dec. 5, 2018)));

(2) there were no errors in the data (*see, e.g.*, Ranahan Decl. Ex. A (Tr. 103:11-15 (Nov. 9, 2017)); *id.* Ex. B (Tr. 9:1-6, 10:20-22, 11:6-9 (Apr. 18, 2018)));

(3) no more evidence or discovery should be permitted in the case (*see, e.g.*, Reply in Supp. of Mot. to Strike 1, 6, ECF No. 468; Ranahan Decl. Ex. B (Tr. 9:25-10:3 (Apr. 18, 2018)); Ranahan Decl. Ex. C (Tr. 10:12-22 (Dec. 5, 2018))); and

(4) no challenges to the data should be permitted (*see, e.g.*, Def.'s Mot. to Strike 9-10, ECF No. 456 (quoting Pls.' Supp. Mot. in Lim. at 1, ECF No. 366)).

Despite these numerous assertions, CSC provided—for the first time—an indictment of its own data in the form of a declaration prepared by a current employee for CSC's successor company, Stephanie McFarlane. *See* Decl. of S. McFarlane, ECF No. 484-1. This declaration runs counter to 14 months of representations to Plaintiffs and the Court that Plaintiffs had the right data from which to make calculations and that this data was accurate, which Plaintiffs relied on in generating damages calculations and evaluating the case. Moreover, the investigation Ms. McFarlane describes is not a reliable basis for the Court to eliminate millions of dollars of potential damages: she investigated nine individuals *cherry-picked by counsel for CSC* to investigate potential errors. *See* McFarlane Decl. ¶ 5. Ms. McFarlane purportedly relied on new

data from the e-TES and MyTime systems that Plaintiffs have not had any opportunity to inspect or conduct discovery on. *Id.* ¶ 7. Finally, the declaration directly contradicts CSC's proposed methodology for determining damages when there are multiple entries on the same day, which by Plaintiffs' calculation would result in approximately one-third of the weekly overtime hours Ms. McFarlane's methodology results in. Ranahan Decl. ¶ 5.

Based on its submission, it appears that CSC is attempting to completely abandon the stipulation it entered to rely on its own time records to calculate damages, instead substituting its own methodology that obviously undercounts overtime hours recorded. CSC should be bound by its hours as produced. If CSC maintains that such data is so unreliable that it cannot be used to calculate damages, Plaintiffs propose individualized damages hearings, likely in front of a special master, including testimony from class members about the number of hours they worked. Counsel for Plaintiffs have engaged in such a process in the past, and have found it to be an expeditious way to resolve damages in a misclassification case such as this, where damages determinations can typically be made by a special master in two hours or less. To be clear, such hearings would be limited to the sole topic of how many hours class members worked, and would not be avenues to relitigate issues of liability.

Plaintiffs look forward to discussing the best path forward with the Court tomorrow.

Dated: January 17, 2019                    Respectfully submitted,


                                           By:  /s/ *Darin Ranahan*_____
                                                 Darin Ranahan*

                                           Darin Ranahan (pro hac vice)
                                           **FEINBERG JACKSON WORTHMAN &**
                                           **WASOW LLP**
                                           Todd Jackson (pro hac vice)
                                           Genevieve Casey (pro hac vice)
                                           2030 Addison St., Suite 500
                                           Berkeley, CA 94704
                                           Telephone: (510) 269-7998
                                           todd@feinbergjackson.com
                                           darin@feinbergjackson.com
                                           genevieve@feinbergjackson.com

                                           **OUTTEN & GOLDEN LLP**
                                           Jahan C. Sagafi (pro hac vice)
                                           One Embarcadero Center, 38th Floor
                                           San Francisco, CA 94111
                                           Telephone:  (415) 638-8800
                                           Facsimile:  (415) 638-8810
                                           jsagafi@outtengolden.com

                                           Michael J. Scimone (pro hac vice)
                                           Michael N. Litrownik (ct 28845)
                                           Jared Goldman (pro hac vice)
                                           3 Park Avenue, 29th Floor
                                           New York, NY 10016
                                           Telephone:  (212) 245-1000
                                           Facsimile:  (646) 509-2060
                                           mscimone@outtengolden.com
                                           mlitrownik@outtengolden.com
                                           estork@outtengolden.com
                                           jgoldman@outtengolden.com


                                           **SUSMAN, DUFFY & SEGALOFF, P.C.**
                                           Karen Baldwin Kravetz (ct 19665)
                                           59 Elm Street, 5th Floor
                                           New Haven, CT 06510
                                           Telephone: (203) 624-9830
                                           Facsimile: (203) 562-8430
                                           kkravetz@susmanduffy.com

**LIEFF CABRASER HEIMANN &
BERNSTEIN LLP**
Daniel M. Hutchinson (pro hac vice)
Lin Y. Chan (pro hac vice)
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008
dhutchinson@lchb.com
lchan@lchb.com

*Attorneys for Plaintiffs, the Collective, and the
Certified Classes*

5