UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Joseph Strauch and Timothy Colby, and on behalf of themselves and all those similarly situated | : : : : : | CIVIL NO.: 3:14-cv-956 (JBA) |
| Plaintiffs, v. | : : : : | |
| Computer Sciences Corporation | : : | |
| Defendant | : : : | MAY 31, 2019[1] |

## DEFENDANT'S INITIAL REPORT REGARDING SPECIAL MASTER PROCESS

Pursuant to this Court's order appointing the Special Master (Dkt 491) and the subsequent extensions of time granted regarding the Special Master process (Dkt. 497, 499), Defendant Computer Sciences Corporation ("Defendant" or "CSC") submits its initial report regarding the Special Master process. As further stated herein, Defendant reserves the right to respond to Plaintiffs' report and to object to the Special Master's recently filed Report and Recommendation (Dkt. 503) pursuant to Rule 53 of the Federal Rules of Civil Procedure and the order of this Court.

This Court made clear the scope of this post-trial damages process. Specifically, the Court ordered this case to the Special Master with clear instructions that CSC should do just two things: (1) determine whether it could retrieve pristine timekeeping data for the limited timekeeping data

---

[1] CSC attempted to file this report on May 31, 2019, but was unable to access the Court's electronic filing system from 5 PM Eastern on May 31, 2019 until at least 1 AM Eastern on June 1, 2019 apparently due to maintenance of the system.

1

that suffered from "anomalies"; and (2) ascertain whether there are any data, "for class members with incomplete job title layer data," indicating change in job title. (Dkt. 487.) That's it. The Court also made clear that Plaintiffs' expert's job was to "adequately ***audit***" this process, not direct it. (Dkt. No. 487 (emphasis added).)

In direct contradiction of this clear order from the Court, throughout the Special Master process, Plaintiffs requested, and the Special Master allowed, data extraction well beyond this Court's Order that outlined the scope of the Special Master process. Also in direct contradiction of the Court's clear order, the Special Master allowed Plaintiffs' expert to direct and control the entire process, as opposed to serving as an auditor of CSC's data pull. Rather than extract hours data for a limited subset of people who had duplicated records in the data produced during litigation, Defendant was required to start from scratch to extract hours data for every person Plaintiffs previously identified as potential members of the class or collective. Then, Plaintiffs' requested that instead of extracting human resources information system ("HRIS") data for the 91 people Plaintiffs identified had incomplete data, Defendant was required to extract HRIS data from three different systems for every person who held either the Associate Professional Systems Administrator position or the Professional Systems Administrator position dating back to 2004 through the date of judgment, January 5, 2018.

Plaintiffs complicated and thus escalated the costs of this process, utilized this process to engage in post-trial discovery that Plaintiffs had previously failed to conduct, and attempted to expand the class contrary to both the law of the case and well-established case law. Plaintiffs' expansion of this process resulted in addition of new people to the California and Connecticut classes who did not receive pre-trial notices of their rights to opt out, and direction by the Special Master to issue new post-trial FLSA notices to individuals Plaintiffs contend (based on information

gathered in this improperly expanded process) are encompassed within the class definition of the FLSA collective who did not receive FLSA opt-in notices, and should now, after trial has concluded, receive notices of their rights to bring their claims in ***another*** lawsuit with prospective equitable tolling applied to their claims. Plaintiffs' post-trial discovery on information regarding the class further revealed that this case should not have been certified, because the certified classes in this case include large numbers of employees who did not work for CSC, the only named Defendant in this lawsuit. CSC intends to object to these and other issues in the Special Master's Report and Recommendation.

Finally, although CSC acknowledges that it will be responsible for some of Plaintiffs' expert's fees pursuant to this Court's order, CSC opposes Plaintiffs' expert's bill, which not only were inflated due to Plaintiffs' improper expansion of this process, but also encompass billing for actions outside the scope of the process (such as directing rather than auditing the process or otherwise assisting with strategy), block billing, and other questionable billing practices. Determining whether Plaintiffs' expert fees are unreasonable is an issue that is traditionally left for the District Court. *See Reit v. Post Props.*, No. 09 Civ. 5455(RMB)(KNF), 2010 WL 4537044, *2 (S.D.N.Y. Nov. 4, 2010) (instructing in context of expert fees for deposition that "[t]he determination of a reasonable fee and for what services, including preparation, falls solely within [the court's] province.") (internal quotations and citations omitted). This is not an issue that the District Court empowered the Special Master to decide. (Dkts. 487; 491.) The Court's order allowing Plaintiffs to engage an expert did not require Defendant to write a blank check to Plaintiffs' expert, and it set no deadlines for payment of Plaintiffs' expert making it obvious that the expert's fees would be handled like any other costs claimed by a party. (Dkt. 487.) CSC

intends to object to the Report and Recommendation in this regard as well and looks to the Court for direction on briefing on this issue.

As the Parties' and the Special Master's reports are simultaneously submitted, Defendant reserves the right to provide responsive briefing to the same, including formal objection to the Special Master's Report and Recommendation pursuant to Rule 53 and this Court's order.

        Respectfully submitted,

        DEFENDANT,
        COMPUTER SCIENCES CORPORATION

        By its attorneys,

        */s/ William J. Anthony*
        **JACKSON LEWIS P.C.**
        William J. Anthony (ct 17865)
        Kristi Rich Winters (ct 28066)
        677 Broadway, 9th Floor
        Albany, New York 12207
        Telephone: 518-512-8700
        Anthonyw@jacksonlewis.com
        Kristi.Winters@jacksonlewis.com

        David R. Golder (ct 27941)
        David C. Salazar-Austin (ct 25564)
        Alexa M. Farmer (ct 30052)
        90 State House Square, 8th Floor
        Hartford, CT 06103
        Tel: (860) 522-0404
        Fax: (860) 247-1330
        golderd@jacksonlewis.com
        david.salazar-austin@jacksonlewis.com

        Brett M. Anders*
        220 Headquarters Plaza
        East Tower, 7th Floor
        Morristown, NJ 07960
        Tel: (973) 538-6890
        andersb@jacksonlewis.com

        Cary G. Palmer*
        Nathan W. Austin*
        801 K Street, Suite 2300
        Sacramento, CA 95814

Tel: (916) 341-0404
palmerc@jacksonlewis.com
AustinN@jacksonlewis.com

\* admitted *pro hac vice*

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that, on June 1, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

*/s/ William J. Anthony*
William J. Anthony