

Advocates for Workplace Fairness

June 12, 2019

**Via ECF**
The Honorable Janet Bond Arterton
United States District Court
for the District of Connecticut
Richard C. Lee United States Court House
141 Church Street
New Haven, CT 06510

      Re:    *Strauch, et al v. Computer Sciences Corporation,*
              Case No.: 3:14-cv-00956 (JBA)

Dear Judge Arterton:

      Plaintiffs request a short telephonic status conference at which the Court and parties can discuss how to resolve a discrete dispute regarding the Special Master's data extraction and audit process. Specifically, the parties have a disagreement about how much and when defendant Computer Sciences Corporation ("CSC") will pay for the time and costs spent by Plaintiffs' forensic expert, iDiscovery Solutions, Inc. ("iDS"); the dispute does not relate to the substance of the Special Master's findings or the amount of money CSC owes the Class Members.[1] Therefore, Plaintiffs request an opportunity to discuss whether this discrete issue should be determined by the Special Master.

      As the Court is aware, on January 18, 2019, the Court ordered CSC to pay Plaintiffs' expert's fees and costs. ECF No. 487 (Endorsement and Scheduling Order). From February 1 through April 30, 2019, iDS performed $199,622 in work on the data extraction and auditing process (with additional work performed during May 2019 that has not yet been billed to CSC). On March 26, May 8, and May 28, 2019, Plaintiffs sent iDS's invoices to CSC for payment. On May 17, Plaintiffs realized that CSC had not paid any of the invoices and asked CSC for an explanation. On May 24, CSC complained, for the first time, that iDS's work exceeded the scope of services contemplated by the Court's order. CSC stated that it will not pay iDS for its work until ordered to do so by a decisionmaker.

      The Special Master has concluded that iDS's work "has been critical to verifying the data restored and produced during this process," ECF No. 503 (Special Master's Report &

---

[1]    Plaintiffs will respond separately to the Special Master's May 31, 2019 Report and Recommendation (ECF No. 503) by the June 17, 2019 deadline and to CSC's anticipated response thereto by the June 28, 2019 deadline set by the Court (*see* ECF No. 506).

New York  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
Chicago  161 N Clark Street  Suite 1600  Chicago, IL 60601  Tel (312) 809-7010  Fax (312) 809-7011
San Francisco  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
Washington DC  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

The Honorable Janet Bond Arterton
June 12, 2019
Page **2** of **2**

Recommendation) at 8-11, helping the parties "find a way back to reasonably trustworthy databases," ECF No. 493 (Transcript of Telephonic Status Conference held on January 18, 2019) at 40.  The Special Master also found that "much of [iDS's work was] performed under the oversight of the Special Master" and "[t]he Special Master has had hours of direct involvement with Plaintiffs' expert(s) and has seen many e-mails, reports, and supporting documentation prepared by iDS during the data retrieval and exchange process."  *Id*. at 10-11.

However, it is unclear how the question of payment should be adjudicated.  The Special Master noted that, given the May 31, 2019 deadline for his report, "a decision on the reasonableness of the invoices for the work performed and the fees charged by iDS will require additional inquiry and/or evidence, whether by the Special Master or the Court."  *Id.* at 11.

Therefore, Plaintiffs request an opportunity to discuss with the Court and CSC as soon as feasible whether the Court should delegate the authority to conduct this discrete inquiry to the Special Master.

                                                      Respectfully submitted,

                                                      Jahan C. Sagafi

cc: All counsel via ECF