**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi*
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Darnley D. Stewart*
Michael J. Scimone*
Michael N. Litrownik (ct 28845)
Elizabeth V. Stork*
Jared Goldman*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct 19665)
P.O. Box 1684
New Haven, CT 06507
Telephone: (203) 624-9830

**FEINBERG JACKSON WORTHMAN & WASOW**
Todd Jackson*
Darin Ranahan*
Genevieve Casey*
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998

**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

*admitted *pro hac vice*

*Attorneys for Plaintiffs and the Classes and Collective*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOSEPH STRAUCH, TIMOTHY COLBY, CHARLES TURNER, and VERNON CARRE, on behalf of themselves and all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COMPUTER SCIENCES CORPORATION, <br><br> Defendant. | No.: 3:14-cv-956 (JBA) <br><br> **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND TO SUBMIT DETAILED TIME AND EXPENSE RECORDS UNDER SEAL** |

1839161.3

Pursuant to Local Rule 5(e), Plaintiffs and their counsel ("Class Counsel") respectfully hereby move this Court for (1) a protective order limiting the use of their detailed time records to solely litigation regarding Class Counsel's Post-Trial Motion for Attorneys' Fees and Costs ("Motion for Fees and Costs") and (2) leave to file their detailed time records under seal.

## I.   BACKGROUND

In support of its Motion for Fees and Costs, Class Counsel will submit to the Court a compendium of confidential and non-public detailed time records as Exhibit Q to the Declaration of Jahan C. Sagafi.  To provide Defendant with a full and fair opportunity to oppose Class Counsel's Class Counsel's Motion for Fees and Costs, Class Counsel will also provide Defendant's counsel with the same confidential time records to be used for the limited purpose of opposing that Motion.  In addition, each firm will also submit declarations describing the work they have done in this case and attesting to the authenticity of their time records.

Class Counsel's detailed, contemporaneous time records contain confidential information that is protected by the attorney-client privilege and work-product doctrine. Hutchinson Decl. ¶¶ 4-5. If those records were made available to Defendant for all purposes, Plaintiffs' ability to prosecute their case would be severely compromised should the case be returned to active litigation by Defendant's appeal. Allowing such access to detailed records of the Class Counsel's strategies, description of work product, and internal communications – even in redacted form – could provide insights into core attorney work product and provide CSC an undue advantage in this litigation. The attorney-client communications contained in the voluminous billing records are prevalent, making redaction of such privileged information overly burdensome and impractical. *Id.* ¶ 6.

Prior to filing this motion, Plaintiffs met and conferred telephonically with Defendant to request that Defendant agree to limit its use of Class Counsel's detailed time records solely to opposing the Motion for Fees and Costs. Defendant refused and confirmed that it did not consent to Plaintiff's request. There is therefore a clear risk that, if not protective order is issued, Defendant will use Class Counsel's confidential and privileged time records to oppose Plaintiffs' and class members' claims.

Class Counsel therefore moves this Court for a protective order limiting use of the detailed time records only for the purpose of defending Class Counsel's Motion for Fees and Expenses, and for leave to file their detailed time records under seal.

## II.   ARGUMENT

### 1.   Class Counsel's Detailed Time Records Include Privileged Information and Litigation Strategies.

The voluminous, detailed time records Plaintiffs seek to file under seal contain confidential descriptions of communications with clients, particular areas of research, and other details of the work performed by attorneys in this case that are protected by the attorney-client privilege and the work product doctrine. This procedure is specifically contemplated by this Court's Local Rules. *See* Civ. L. R. 5(e).

Class Counsel's detailed time and expense records contain references to protected attorney-client communications, and information that is protected as attorney work product. The attorney-client privilege protects confidential communications between client and attorney "for the purpose of obtaining or providing legal advice." *United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). Similarly, the attorney work product doctrine protects from disclosure documents "prepared principally or exclusively to assist in anticipated or ongoing

litigation." *Id.* There is no question that Class Counsel's detailed time records were prepared to assist in ongoing litigation.

"Correspondence, bills, ledgers, statements, and **time records** which also reveal the motive of the client in seeking representation, **litigation strategy, or the specific nature of the services provided**, such as researching particular areas of law, fall within [attorney-client] privilege." *Bria v. United States*, No. 3:01MC(CFD), 2002 WL 663862, at *5 (D. Conn. Mar. 26, 2002) (emphasis added). Here, Class Counsel's detailed time and expense records contain precisely such information. The time entries describe the work done by Class Counsel on a day-to-day basis as they prosecuted this action. The detailed time entries therefore disclose confidential case strategies, including a detailed accounting of the work performed and the attorneys who performed that work. Hutchinson Decl. ¶¶ 4-5. They also contain communications between counsel and class representatives (as well as class members who requested that their identities not be shared with Defendant). Redacting this privileged information from detailed billing records spanning more than five years would be overly burdensome and impractical. *Id.* at ¶ 6.

        **a.**    **Providing Records to Defendants for the Limited Purpose of Defending Motion for Fees and Expenses Does Not Amount to Waiver.**

Class Counsel seeks to disclose their detailed time records to CSC for a limited purpose in this litigation, without waiving confidentiality or privilege. Class Counsel therefore request that this Court issue a protective order establishing that CSC may only use this information for purposes of opposing the Motion for Fees and Costs, and not for any other litigation purpose. *See, e.g.*, Fed. R. Evid. 502(d) (allowing federal courts to "order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court"); *Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, 218 F. Supp. 3d 197, 201

- 4 -

(E.D.N.Y. 2016) (noting that "an appropriately worded protective order may prevent waiver due to a producing party's *disclosure* of privileged information," while party's subsequent use without objection can waive applicable privilege). Good cause exists for granting the requested protective order. Absent the Court's intervention, CSC may receive key insights into Class Counsel's litigation strategy and gain an undue advantage in a pending class action for which Defendant already filed a notice of appeal.  *See* Dkt. 519; *G-I Holdings, Inc. v. Baron & Budd*, 199 F.R.D. 529, 535 (S.D.N.Y. 2001). Class Counsel respectfully submit that providing Defendant with the opportunity to oppose the Motion for Fees and Costs should not come at the price of permitting Defendant unfettered access to Plaintiffs' litigation strategy.  Indeed, Plaintiffs do not even have access to Defendant's counsel's detailed time records.   It is only fair that Defendant should not have unlimited use of Plaintiffs' counsel's detailed time records.

### 2. There Are Clear and Compelling Reasons to Allow Class Counsel to File Detailed Time Records Under Seal.

For the reasons stated above, allowing Class Counsel to file their detailed time records under seal is "supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *See* Civ. L. R. 5(e). Protecting attorney-client privilege and attorney work product is a "clear and compelling reason" to seal Class Counsel's detailed time records. *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *6 (D. Conn. Aug. 5, 2013) (finding that sealing document was supported by "clear and compelling reasons," including attorney-client privilege). In addition, Class Counsel's detailed time records are non-public, confidential business records that Class Counsel has maintained in confidence.

Courts have repeatedly allowed for parties' submission of detailed, contemporaneous time records under seal. *Vineyard Vines, LLC v. MacBeth Collection, L.L.C.*, No. 3:14CV01096(SALM), 2018 WL 6333828, at *17 (D. Conn. Dec. 5, 2018), *reconsideration*

*denied,* No. 3:14CV01096 (SALM), 2019 WL 140885 (D. Conn. Jan. 9, 2019) (allowing plaintiff to file detailed, contemporaneous time records under seal); *Cassese v. Williams*, 503 F. App'x 55, 58 (2d Cir. 2012) ("Nor do we identify error in the district court's failure to order disclosure of class counsel's contemporaneous time records, appended to the fee request and filed under seal."); *Andrews v. Blick Art Materials, LLC*, 286 F. Supp. 3d 365, 386 (E.D.N.Y. 2017) (keeping affidavit and information concerning attorneys' fees under seal); *Heisman Trophy Tr. v. Smack Apparel Co.*, 637 F. Supp. 2d 146, 159 (S.D.N.Y. 2009), *aff'd,* 379 F. App'x 12 (2d Cir. 2010), and *aff'd,* 379 F. App'x 12 (2d Cir. 2010) (requesting detailed billing document to be "filed under seal, if necessary").

Sealing these detailed time records, an exhibit to a declaration in support of Plaintiffs' Motion for Fees and Expenses, is a "narrowly tailored" remedy. Class Counsel seeks to file under seal only one exhibit of its Motion for Fees and Expenses. The Motion itself, as well as all other materials supporting it, have been filed publicly and are therefore subject to public inspection. Moreover, redacting the privileged information throughout the detailed billing records spanning more than five years would be overly burdensome and impractical. Hutchinson Decl. at ¶ 6; *see Travelers Indem.*, 2013 WL 4012772, at *8 (granting request to seal documents when they "contain such a quantity of confidential information that redaction 'is not a practical alternative' to sealing them in their entirety").

Allowing Class Counsel to file its voluminous time records under seal is therefore appropriate.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this motion be granted, and that this Court issue a protective order and an order granting Plaintiffs leave to file expense records under seal.

1839161.3

Dated: September 18, 2019               Respectfully submitted,

By: /s/ Daniel M. Hutchinson
    Daniel M. Hutchinson

**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi*
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Darnley D. Stewart*
Michael J. Scimone*
Michael N. Litrownik (ct28845)
Elizabeth V. Stork*
Jared Goldman*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**FEINBERG JACKSON WORTHMAN & WASOW**
Todd Jackson*
Darin Ranahan*
Genevieve Casey*
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct19665)
P.O. Box 1684
New Haven, CT 06507
Telephone: (203) 624-9830

*Attorneys for Plaintiffs, the Classes, and the Collective*

*admitted *pro hac vice*