**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi*
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Darnley D. Stewart*
Michael J. Scimone*
Michael N. Litrownik (ct 28845)
Elizabeth V. Stork*
Jared Goldman*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct 19665)
P.O. Box 1684
New Haven, CT 06507
Telephone: (203) 624-9830

*Attorneys for Plaintiffs and the Classes and Collective*

**FEINBERG JACKSON WORTHMAN & WASOW**
Todd Jackson*
Darin Ranahan*
Genevieve Casey*
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998

**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

*admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

JOSEPH STRAUCH, TIMOTHY COLBY, CHARLES TURNER, and VERNON CARRE, on behalf of themselves and all those similarly situated,

Plaintiffs,

v.

COMPUTER SCIENCES CORPORATION,

Defendant.

No.: 3:14-cv-956 (JBA)

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SERVICE AWARDS**

## INTRODUCTION

Plaintiffs Timothy Colby, Joseph Strauch, Charles Turner, and Vernon Carre respectfully request service awards of $10,000 each, for a total of $40,000. This is an appropriate amount to recognize their unusually significant service to the class members, and to compensate them for the risks they undertook and the time and efforts they expended for their coworkers' benefit.

## ARGUMENT

### I. Plaintiffs Should Receive Reasonable Service Awards from the Class Damages to Compensate Them for Their Service to the Classes.

"Courts acknowledge that named plaintiffs in class and collective actions play a crucial role in representing others." *Bozak v. FedEx Ground Package Sys., Inc.*, No. 3:11-CV-00738-(RNC), 2014 WL 3778211, at *4 (D. Conn. July 31, 2014). Because courts "recogniz[e] the risks incurred by named plaintiffs and compensat[e] them for their additional efforts," service awards are appropriate. *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670 (BSJ)(JCF), 2010 WL 532960, at *1 (S.D.N.Y. Feb. 9, 2010); *Anwar v. Fairfield Greenwich Ltd.*, No. 09-CV-118 (VM), 2012 WL 1981505, at *3 (S.D.N.Y. June 1, 2012) ("Courts consistently approve [incentive] awards in class action lawsuits to compensate named plaintiffs for the services they provide and burdens they endure during litigation."). Such awards "are not uncommon in class action cases and are within the discretion of the court." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005).

Service awards are "particularly appropriate in the employment context," where, as here, "the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers." *Frank*, 228 F.R.D. at 187; *see also Velez v. Majik Cleaning Serv., Inc.*, No. 03 CIV. 8698 (SAS)(KNF), 2007 WL 7232783, at *7 (S.D.N.Y.

June 25, 2007) (named plaintiffs in FLSA action "exposed themselves to the prospect of having adverse actions taken against them by their former employer and former co-workers" and thus merited a service award); *Bozak*, 2014 WL 3778211, at *4–5 (collecting cases).

To determine whether service awards are reasonable, courts may consider three factors: "(1) the personal risk incurred by the named plaintiffs; (2) time and effort expended by the named plaintiffs in assisting the prosecution of the litigation; and (3) the ultimate recovery in vindicating statutory rights." *Bozak*, 2014 WL 3778211, at *4; *Aros v. United Rentals, Inc.*, No. 3:10-CV-73 (JCH), 2012 WL 3060470, at *3 (D. Conn. July 26, 2012). Here, Plaintiffs satisfy all three factors.

**1. Named Plaintiffs Faced a High Risk of Retaliation.**

First, as both current (at the time of filing) and former CSC employees,[1] the Named Plaintiffs exposed themselves to "a demonstrable risk of employer retaliation" and to have their "future employability . . . impaired" when they agreed to sue CSC for violations of the FLSA and state employment laws. *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007); *see also Sewell v. Bovis Lend Lease, Inc.*, No. 09 CIV. 6548 (RLE), 2012 WL 1320124, at *14 (S.D.N.Y. Apr. 16, 2012) ("While Plaintiffs were not employed by Defendants at the time this suit was brought, as former employees they face potential risks of being blacklisted as 'problem' employees."). A Google search of their names with "CSC" returns information about the lawsuit, which potential employers or landlords could use to deny them economic or housing opportunities, without their knowledge. The Named Plaintiffs were very active in the litigation, including by responding to discovery requests, giving lengthy deposition testimony, providing

[1] Mr. Colby was employed by CSC from October 2011 to February 2014, Mr. Strauch was employed by CSC from December 1999 to December 2014, Mr. Turner was employed by CSC from March 2001 to December 2014, and Mr. Carre was employed by CSC from February 2009 to March 2014. Plfs.' 3d Am. Compl. ¶¶ 17, 19, 21, 23. Mr. Strauch and Mr. Turner were still employed by CSC at the time they filed this action in July 2014, and continued to work for CSC for approximately six months.

input to Class Counsel throughout the litigation, and testifying at trial. Their active participation in this litigation put them at risk of facing "adverse actions . . . by their former employer and former co-workers." *Velez*, 2007 WL 7232783, at *7. In fact, Mr. Strauch was demoted from Senior Professional to Professional SA shortly after filing this case even though his job duties remained the same. Trial Tr. at 540:20-541:5; Pls.' 3d Am. Compl. ¶ 19. Even where there is no evidence or indication of retaliation, however, courts acknowledge that "class representatives merit recognition for assuming the risk of retaliation for the sake of absent class members." *Bozak*, 2014 WL 3778211, at *5; *Frank*, 228 F.R.D. at 187–88; *Guippone v. BH S & B Holdings, LLC*, No. 09 CIV. 01029 (CM), 2011 WL 5148650, at *7 (S.D.N.Y. Oct. 28, 2011) (noting that "[t]oday, the fact that a plaintiff has filed a federal lawsuit is searchable on the internet and may become known to prospective employers when evaluating the person.").

### 2. <u>The Named Plaintiffs Expended Significant Time and Effort on Behalf of the Class Members.</u>

Second, the Named Plaintiffs should be compensated for the time and effort expended on behalf of the class. *Id.* Plaintiffs' contributions are particularly valuable in employment class actions, where named plaintiffs may provide "important factual knowledge" regarding the employer's policies and practices affecting compensation. *Bozak*, 2014 WL 3778211, at *5; *Frank*, 228 F.R.D. at 187–88. Here, as described above, the Named Plaintiffs expended significant time and effort to prosecute the class claims and personally contributed to the trial verdict by traveling throughout the country to testify and advise Class Counsel at trial for several days in New Haven. Courts regularly compensate plaintiffs' time and efforts in class actions, even where the claims are resolved before trial and plaintiffs' involvement is more limited. *See Amara v. Cigna Corp.*, No. 3:01-cv-2361 (JBA) 2018 WL 6242496, at *3 (D.Conn. Nov. 29, 2018) (awarding service awards to named plaintiffs who "participat[ed] in mediation sessions,

attend[ed] non-trial court hearings, and t[ook] on heavy perceived risk"); *Velez*, 2007 WL 7232783, at *7 (class representatives' time and effort "working with and monitoring the work of Lead Counsel" and being "active participants in the pretrial discovery activities by, among other things, undergoing lengthy depositions" merited service award); *Bozak*, 2014 WL 3778211, at *5 (plaintiff should get service payment given that "[h]e expended time and effort to assist in the preparation of the amended complaint, provided Plaintiffs' Counsel with relevant information, and assisted counsel in the investigation of Plaintiffs' claims and the finalization of this settlement").

**3. <u>The Ultimate Recovery Is Consistent with Similar Awards.</u>**

Finally, an award of $10,000 for four Named Plaintiffs who helped secure an $18.75 million judgment for approximately 911 class members is "consistent and reasonable with awards given in [other] class and collective actions." *Bozak*, 2014 WL 3778211, at *5. In considering Plaintiffs' requests for service awards, "courts often look to the sums awarded in similar cases, … and compare the named plaintiff's requested award to each class member's estimated *pro rata* share of the monetary judgment or settlement." *In re AOL Time Warner ERISA Litig.*, No. 02 CV. 8853 (SWK), 2007 WL 3145111, at *2 (S.D.N.Y. Oct. 26, 2007). Each service award here would be less than average class member recovery. *Compare Velez*, 2007 WL 7232783, at *7 (granting service awards roughly twice the average class member recovery). Amounting to under $44 per class member, the requested service awards are modest and reasonable compensation for Plaintiffs' time and effort in recovering an $18.75 million judgment that would not have been possible without them.

Although service awards are more commonly granted in the settlement context, some courts have approved service awards in cases litigated to judgment. *See*, *e.g.*, *Tussey v. ABB, Inc.*, 850 F.3d 951, 961–62 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 281, 199 L. Ed. 2d 127

(2017) (affirming service award of $25,000 for each of three named plaintiffs, paid out of the class recovery).[2] Several courts have also granted substantial service awards in similar cases that were ultimately settled. *See, e.g., Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 188–89 (S.D.N.Y. 1997) (approving awards of $85,000 and $50,000 for named plaintiffs in racial discrimination employment class action spanning three years); *Wright v. Stern*, 553 F. Supp. 2d 337, 342 (S.D.N.Y. 2008) (granting service awards of $50,000 to each of the eleven named plaintiffs in employment discrimination class action with an $11.87 million settlement fund); *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) (approving awards of up to $30,000 for named plaintiffs in FLSA class action); *see also Norflet ex rel. Norflet v. John Hancock Life Ins. Co.*, 658 F. Supp. 2d 350, 354 (D. Conn. 2009) (Arterton, J.) (awarding $20,000 to named plaintiff in consumer class action).[3]

A modest service award for each Named Plaintiff of $10,000 is therefore appropriate. Class Counsel requests that these service awards be paid from the amount that would otherwise be awarded to Class Counsel as fees. *See Hurt v. Commerce Energy, Inc.*, No. 1:12-cv-758 2018 WL

---

[2] *See also Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 1003 (N.D. Cal. 2017) (granting service award of $15,000 to each of nine named plaintiffs); *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-758, 2018 WL 4658734, at *4–5 (N.D. Ohio Sept. 28, 2018) (granting service rewards to named plaintiffs in FLSA (and Ohio Wage Act) action in the absence of a settlement or common fund, despite Defendant's opposition); *Karraker v. Rent-A-Ctr., Inc.*, 492 F.3d 896, 900 (7th Cir. 2007) (discussing service award to named plaintiff in the absence of a settlement fund); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 (WHA), 2015 WL 2438274, at *9 (N.D. Cal. May 21, 2015) (awarding service awards to two named plaintiffs from the class recovery in a consumer class action); *Schaff v. Chateau Communities, Inc.*, No. 19-CX-03-6402, 2004 WL 1908209, at *1-2 (Minn. Dist. Ct. May 27, 2004), *aff'd*, No. A04-1246, 2005 WL 1734031 (Minn. Ct. App. July 26, 2005) (granting service award to named plaintiffs where the jury had awarded the Plaintiff class $383,628 in damages, as well as attorney fees and costs).

[3] While these cases were resolved before trial, here, the Named Plaintiffs are even more deserving of an service award, given that they assisted in the prosecution of the class claims in a public ten-day trial, testifying in court and exposing themselves to cross-examination and scrutiny. *See Velez v. Novartis Pharm. Corp.*, No. 04 CIV 09194 (CM), 2010 WL 4877852, at *26 (S.D.N.Y. Nov. 30, 2010) (granting awards ranging from $175,000 to $400,000, "amounts are far greater than the usual amount awarded to Named Plaintiff," partly because "the case was not settled before trial, and some (though not all) of the Named Plaintiffs actually had to testify in court, exposing themselves to a second round of cross-examination by Novartis' counsel and to the scrutiny of the industry and the press"); *Frank*, 228 F.R.D. at 187 (noting that courts also consider "any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claim").

4658734, at *4–5 (N.D. Ohio, Sept. 28, 2018) (granting service awards "taken from the attorney's fees granted[,]" which would "reward the Plaintiffs' efforts without requiring the Defendants to pay an additional award"). In the alternative, the service awards may be paid out of the class recovery. *See Tussey*, 850 F.3d at 961 ("The awards – $25,000 each – should be paid out of the class recovery[.]"); *Gutierrez*, 2015 WL 2438274, at *9 ("All class members shall bear a pro rata share of … incentive awards.").

**CONCLUSION**

For all the foregoing reasons, Class Counsel respectfully submit that this Court should award each class representative a service award of $10,000 in recognition of their service to the class members and the risks they undertook.

Dated: September 18, 2019

Respectfully submitted,

By: /s/ *Daniel M. Hutchinson*
Daniel M. Hutchinson

**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi*
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Darnley D. Stewart*
Michael J. Scimone*
Michael N. Litrownik (ct28845)
Elizabeth V. Stork*
Jared Goldman*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**FEINBERG JACKSON WORTHMAN & WASOW**
Todd Jackson*
Darin Ranahan*
Genevieve Casey*
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct19665)
P.O. Box 1684
New Haven, CT 06507
Telephone: (203) 624-9830

*Attorneys for Plaintiffs, the Classes, and the Collective*

*admitted *pro hac vice*