UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Joseph Strauch and Timothy Colby, on behalf of themselves and all those similarly situated<br><br>Plaintiffs,<br>v.<br><br>Computer Sciences Corporation<br><br>Defendant. | Civil No.:<br>3:14-cv-956 (JBA)<br><br><br>October 9, 2019 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SERVICE AWARDS**

**INTRODUCTION**

Defendant Computer Sciences Corporation ("CSC") respectfully objects to Plaintiffs' Motion for Service Awards seeking $10,000 each for Plaintiffs Timothy Colby, Joseph Strauch, Charles Turner, and Vernon Carre. Because this case proceeded to trial, there is neither a settlement agreement nor a common fund from which Plaintiffs' proposed $40,000 in service awards can be drawn. Absent a settlement agreement or a common fund, the Court lacks the statutory authority to allow such an award and, accordingly, Plaintiffs' motion must be denied.

**ARGUMENT**

Although service awards are commonly awarded in class actions, these payments often come from a common fund after a settlement has been reached. *See, e.g.*, *Grice v. Pepsi Bevs. Co.*, 363 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (common fund intended to cover payment of service award). "[I]ncentive awards are usually viewed as extensions of the common-fund doctrine, a doctrine that holds that a litigant who recovers a common fund for the benefit of persons

other than himself is entitled to recover some of his litigation expenses from the fund as a whole." *Hadix v. Johnson*, 322 F.3d 895, 898 (6th Cir. 2003), citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 62 L. Ed. 2d 676 (1980).  "In the absence of a common fund and the agreement by the defendant to award an enhancement payment upon settlement, courts generally do not award incentive payments to the class representatives regardless of the extent of their participation in the action." *Id*. at 849.  "Without a common fund . . . there is no place for an incentive award." *Id*.

Furthermore, "[t]here is no statutory authority to award incentive payments to class members. . . . Because no statutes do authorize such awards, incentive awards are rare in fee-shifting cases, absent a defendant's agreement to pay such awards." *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 848–9 (E.D. Cal. 2016), quoting Newberg on Class Actions § 17:4 (5th ed.).

In the present case, CSC has not entered into an agreement to pay for service awards nor is there a common fund.  Therefore, the Court must look to the underlying statute for authority to grant Plaintiffs' Motion for Service Awards.  Under the Fair Labor Standards Act ("FLSA"), "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216 (b) (2019). Plaintiffs fail to present any support that service awards are "costs" as contemplated by the statute.

Further, according to Rule 23 of the Federal Rules of Civil Procedure, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." *Menkes v. Stolt-Nielsen S.A.*, No. 3:03CV00409(DJS), 2011 U.S. Dist. LEXIS 7066, *14 (D. Conn. January 25, 2011).  Once again, Plaintiffs fail to offer support that service awards fall within the purview of a nontaxable costs.

In conclusion, absent a settlement agreement or common fund, service awards cannot be awarded to Plaintiffs because the court lacks the statutory authority under either the FLSA or Rule 23 of the Federal Rules of Civil Procedure to impose these awards. Accordingly, the Court must deny Plaintiffs' Motion for Service Awards.

## CONCLUSION

CSC respectfully requests that this Court deny Plaintiffs' Motion for Service Awards in its entirety. As Plaintiffs concede, if the Court grants their Motion, the service awards must be paid from the amount awarded to Class Counsel as attorney's fees at no additional expense to CSC. *See Amara v. CIGNA Corp.*, 3:01 CV 2361 (JBA), 2018 U.S. Dist. LEXIS 202717, *10–11 (D. Conn. November 29, 2018) (awarding service awards from attorneys' fees).

    Respectfully submitted,
    DEFENDANT,
    COMPUTER SCIENCES CORPORATION

    By its attorneys,

    */s/ William J. Anthony*
    Jackson Lewis P.C.
    William J. Anthony (ct 17865)
    Kristi Rich Winters (ct 28066)
    18 Corporate Woods Boulevard, 3rd floor
    Albany, New York 12211
    Telephone: 518-434-1300
    Fax: 518-427-5956
    Anthonyw@jacksonlewis.com
    Kristi.Winters@jacksonlewis.com

    David R. Golder (ct 27941)
    David C. Salazar-Austin (ct 25564)
    Alexa M. Farmer (ct 30052)
    90 State House Square, 8th Floor
    Hartford, CT  06103
    Tel: (860) 522-0404
    Fax: (860) 247-1330
    golderd@jacksonlewis.com
    salazard@jacksonlewis.com

- 4 -

        Brett M. Anders*
        220 Headquarters Plaza
        East Tower, 7th Floor
        Morristown, NJ 07960
        Tel: (973) 538-6890
        andersb@jacksonlewis.com

        Cary G. Palmer*
        Nathan W. Austin*
        801 K Street, Suite 2300
        Sacramento, CA 95814
        Tel: (916) 341-0404
        palmerc@jacksonlewis.com
        AustinN@jacksonlewis.com

*pro hac vice*

CERTIFICATION OF SERVICE

I hereby certify that on October 9, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ William J. Anthony*
William J. Anthony