**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi*
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Darnley D. Stewart*
Michael J. Scimone*
Michael N. Litrownik (ct 28845)
Elizabeth V. Stork*
Jared Goldman *
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct 19665)
P.O. Box 1684
New Haven, CT 06507
Telephone: (203) 624-9830

*Attorneys for Plaintiffs and the Classes and
Collective*

**FEINBERG JACKSON WORTHMAN
& WASOW**
Todd Jackson*
Darin Ranahan*
Genevieve Casey*
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998

**LIEFF CABRASER HEIMANN &
BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

*admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JOSEPH STRAUCH, TIMOTHY COLBY, CHARLES TURNER, and VERNON CARRE, on behalf of themselves and all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COMPUTER SCIENCES CORPORATION, <br><br> Defendant. | No.: 3:14-cv-956 (JBA) |

## <u>PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SERVICE AWARDS</u>

## INTRODUCTION

This Court has the authority to grant service awards to class representatives Timothy Colby, Joseph Strauch, Charles Turner, and Vernon Carre in recognition of their service to the class members and the risks they undertook in this litigation.  Plaintiffs have respectfully requested that these service awards be paid from the amount that would otherwise be awarded to Class Counsel as fees, or in the alternative, out of the class recovery, at no additional cost to Defendant CSC.  Dkt. 523 at 5-6.  CSC's argument that service awards are only appropriate in the context of settlements and/or common funds is squarely contradicted by the judicially-approved class representative service awards in cases litigated to judgment.

## ARGUMENT

**I.      SERVICE AWARDS ARE NOT LIMITED TO CASES WITH A SETTLEMENT AGREEMENT OR COMMON FUND.**

CSC relies on one Sixth Circuit case, *Hadix v. Johnson*, to argue that incentive awards may only be granted where there is a common fund and/or Defendants' agreement to such an award upon settlement.  322 F.3d 895 (6th Cir. 2003).  However, *Hadix* "does not categorically foreclose incentive awards in cases without a common fund or settlement agreement." *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-758, 2018 WL 4658734, at *4–5 (N.D. Ohio Sept. 28, 2018).  Rather, "[t]hough *Hadix*'s language is somewhat broad, its reasoning is linked to the case facts." *Id.*  In particular, in *Hadix*, the parties had entered into a **consent decree** that did not provide for incentive awards, and thus, the court found that granting service awards would have imposed an "additional burden above and beyond the liability they had agreed to." *Id.*  Outside of the consent decree context, the outcome is different.  In *Hurt*, for instance, the court awarded

- 1 -

service awards to class representatives in a fee-shifting FLSA (and Ohio Wage Act) action without a settlement or common fund. *Id.* This Court has similar discretion to do so here.[1]

Further, Plaintiffs cited several additional cases litigated to judgment where courts accepted service awards in the absence of a common fund, all of which were decided after *Hadix*. *See, e.g.*, *Karraker v. Rent-A-Ctr., Inc.*, 492 F.3d 896, 900 (7th Cir. 2007) (discussing service award to named plaintiff in the absence of a settlement fund); *Schaff v. Chateau Cmty., Inc.*, No. 19-CX-03-6402, 2004 WL 1908209, at *1-2 (Minn. Dist. Ct. May 27, 2004), *aff'd,* No. A04-1246, 2005 WL 1734031 (Minn. Ct. App. July 26, 2005) (granting service award where the jury awarded class $383,628 in damages, as well as attorney fees and costs). These cases confirm that this Court has authority to grant service awards here, in the absence of a settlement and/or common fund.[2]

## II.   GRANTING SERVICE AWARDS IN FEE-SHIFTING CASES IS APPROPRIATE.

CSC also argues that since it has not agreed to pay for service awards, this Court must find statutory authority under the FLSA or Rule 23 of the Federal Rules of Civil Procedure to grant service awards. CSC cites a single out-of-circuit case for the proposition that "incentive awards are rare in fee-shifting cases, absent a defendant's agreement to pay such awards." *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 848-49 (E.D. Cal. 2016). In that case,

---

[1] Defendants' other cases do not deal with whether courts may grant service awards without a common fund. *See Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980) (discussing the characteristics of attorneys' fee awards in common fund cases, but making no reference to service awards); *Grice v. Pepsi Bevs. Co.*, 363 F. Supp. 3d 401 (S.D.N.Y. 2019) (granting a service award out of a common fund, but making no reference to the adequacy of service awards outside of the common fund context).

[2] Some courts have also granted service awards in cases that have been litigated through trial, but that have resulted in a common or mega fund. *See Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 1003 (N.D. Cal. 2017) (granting service award of $15,000 to each of nine named plaintiffs after lengthy trial under fee-shifting statute); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 (WHA), 2015 WL 2438274, at *9 (N.D. Cal. May 21, 2015) (awarding service awards to two named plaintiffs from the class recovery in a consumer class action).

concerning state claims under California's Private Attorney General Act (PAGA),[3] the court

considered the question of "whether enhancement awards can be **taxed against Defendants** in

[that] action." *Id.* at 848 (emphasis added).  The court stated that "[i]n fee-shifting cases, courts

must look to the underlying statute for authority to **tax a defendant** for an incentive award[,]"

and it ultimately found that it had no such statutory authority.  *Id.* at 849 (emphasis added).  The

court considered that "Plaintiffs appear[ed] to concede that there is no authority to tax incentive

awards to a defendant" in the absence of a settlement agreement, given that they did not provide

legal authority supporting an incentive award in that scenario.  *Id.* at 848.

 *In re Taco Bell* is distinguishable.  Here, as established above, Plaintiffs have offered

other persuasive authority granting or upholding service awards in fee-shifting cases, despite

defendants' objections.  *See Hurt*, 2018 WL 4658734, at *4–5 (granting service awards in a fee-

shifting FLSA action without a settlement or common fund).  More importantly, the requested

service awards would not be "taxed against Defendants."  Here, Plaintiffs have not requested that

this Court make CSC pay for service awards or incur any additional expense, despite the

existence of some authority supporting such a request.  *See Karraker*, 492 F.3d at 900 (service

award paid directly by the defendant); *Schaff*, 2004 WL 1908209, at *1-2 (service award "paid

separately as a litigation cost").  Rather, Plaintiffs requested that such awards be paid from the

amount that would otherwise be awarded to Class Counsel as fees, or out of the class recovery, at

no additional cost to CSC.  Pls.' Mot. Service Awards, ECF No. 523, at 5 ("Class Counsel

requests that these service awards be paid from the amount that would otherwise be awarded to

Class Counsel as fees.").

---

[3] Because PAGA does not have a fee-shifting provision, plaintiffs relied on section 1021.5 of the
California Code of Civil Procedure as a basis for their fee request.  Section 1021.5 allows fee
shifting where the action enforces important rights affecting the public interest.  *Id.* at 824.

By citing this Court's decision in *Amara v. Cigna Corp.*, No. 3:01-CV-2361 (JBA), 2018 WL 6242496 (D. Conn. Nov. 29, 2018), CSC concedes that Plaintiffs' request is well within the Court's authority.  *Id.* at *4 ("Class counsel shall pay the $240,000 in incentive awards from the 17.5% fee award."); *see also Hurt*, 2018 WL 4658734, at *4–5 (granting service awards "taken from the attorney's fees granted[,]" which would "reward the Plaintiffs' efforts without requiring the Defendants to pay an additional award"); *Tussey v. ABB, Inc.*, 850 F.3d 951, 961 (8th Cir. 2017) ("The awards – $25,000 each – should be paid out of the class recovery[.]"); *Gutierrez*, 2015 WL 2438274, at *9 ("All class members shall bear a pro rata share of … incentive awards.").

## CONCLUSION

For the foregoing reasons, Class Counsel respectfully submit that this Court should reject CSC's opposition and award each class representative a service award of $10,000.


Dated: October 23, 2019

Respectfully submitted,

By: /s/ Daniel M. Hutchinson
    Daniel M. Hutchinson

**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi*
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

- 4 -

Darnley D. Stewart*
Michael J. Scimone*
Michael N. Litrownik (ct28845)
Elizabeth V. Stork*
Jared Goldman*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**FEINBERG JACKSON WORTHMAN &
WASOW**
Todd Jackson*
Darin Ranahan*
Genevieve Casey*
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct19665)
P.O. Box 1684
New Haven, CT 06507
Telephone: (203) 624-9830

*Attorneys for Plaintiffs, the Classes, and the
Collective*

*admitted pro hac vice*

- 5 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of October, 2019, a copy of

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN**

**SUPPORT OF PLAINTIFFS' MOTION FOR SERVICE AWARDS** was electronically filed

with the Clerk of Court of the United States District Court for the District of Connecticut, using

the CM/ECF system, which will send a Notice of Electronic filing to all parties of record.

Dated at San Francisco, California, 23rd day of October, 2019.

_____

Daniel M. Hutchinson

1846844.5