# Exhibit A



# Model Standards and Guidelines for Utilization of Paralegals

Paralegals are a distinguishable group of persons who assist attorneys in the delivery of legal services. Through formal education, training, and experience, paralegals have knowledge and expertise regarding the legal system and substantive and procedural law which qualify them to do work of a legal nature under the supervision of an attorney.

# Contents

**INTRODUCTION** ................................................................................................................. 3

    I.   PREAMBLE .......................................................................................................... 4

    II.  HISTORY ............................................................................................................. 4

    III. DEFINITION ....................................................................................................... 4

    IV. STANDARDS ...................................................................................................... 5

    V.  GUIDELINES ...................................................................................................... 6

**CONCLUSION** ................................................................................................................... 12

**ADDENDUM** .................................................................................................................... 13

NALA - The Paralegal Association

# Model Standards and Guidelines for Utilization of Paralegals

## INTRODUCTION

The purpose of this annotated version of NALA – The Paralegal Association's Model Standards and Guidelines for the Utilization of Paralegals (the Model) is to provide references to the existing case law and other authorities where the underlying issues have been considered. The authorities cited will serve as a basis upon which conduct of a paralegal may be analyzed as proper or improper.

The Model represent a statement of how the paralegal may function. The Model is not intended to be a comprehensive or exhaustive list of the proper duties of a paralegal. Rather, they are designed as guides to what may or may not be proper conduct for the paralegal. In formulating the Model, the reasoning and rules of law in many reported decisions of disciplinary cases and unauthorized practice of law cases have been analyzed and considered. In addition, the provisions of the American Bar Association's Model Rules of Professional Conduct, as well as the ethical promulgations of various state courts and bar associations have been considered in the development of the Model.

This Model forms a sound basis for the paralegal and the supervising attorney to follow. This Model will serve as a comprehensive resource document and as a definitive, well-reasoned guide to those considering voluntary standards and guidelines for paralegals.

©Copyright 2016 National Association of Legal Assistants, Inc., all rights reserved – Updated 12/2018

## I. PREAMBLE

Proper utilization of the services of paralegals contributes to the delivery of cost-effective, high-quality legal services. Paralegals and the legal profession should be assured that measures exist for identifying paralegals and their role in assisting attorneys in the delivery of legal services. Therefore, the National Association of Legal Assistants, Inc., hereby adopts these Standards and Guidelines as an educational document for the benefit of paralegals and the legal profession.

The three most frequently raised questions concerning paralegals are: (1) How do you define a paralegal? (2) Who is qualified to be identified as a paralegal? and (3) What duties may a paralegal perform? The definition adopted by NALA answers the first question. The Model sets forth minimum education, training, and experience through standards which will assure that an individual utilizing the title "legal assistant" or "paralegal" has the qualifications to be held out to the legal community and the public in that capacity. The Model identifies those acts which the reported cases hold to be forbidden and give examples of services which the paralegal may perform under the supervision of a licensed attorney.

This Model constitutes a statement relating to services performed by paralegals, as defined herein, as approved by court decisions and other sources of authority. The purpose of the Model is not to place limitations or restrictions on the paralegal profession. Rather, the Model is intended to outline for the legal profession an acceptable course of conduct. Voluntary recognition and utilization of the Standards and Guidelines will benefit the entire legal profession and the public it serves.

## II. HISTORY

NALA adopted this Model in 1984. At the same time the following definition of a legal assistant was adopted:

> Legal assistants, also known as paralegals, are a distinguishable group of persons who assist attorneys in the delivery of legal services. Through formal education, training, and experience, legal assistants have knowledge and expertise regarding the legal system and substantive and procedural law which qualify them to do work of a legal nature under the supervision of an attorney.

Historically, there have been similar definitions adopted by various legal professional organizations. Recognizing the need for one clear definition the NALA membership approved a resolution in July 2001 to adopt the paralegal definition of the American Bar Association. This definition continues to be used today.

## III. DEFINITION

A paralegal is a person qualified by education, training or work experience who is employed or retained by a lawyer, law office, corporation, governmental agency or other entity who performs specifically delegated substantive legal work for which a lawyer is responsible (Adopted by the ABA in 1997 and by NALA in 2001).

**COMMENT**

This definition emphasizes the knowledge and expertise of paralegals in substantive and procedural law obtained through education and work experience. It further defines a paralegal as the professional working under the supervision of an attorney as distinguished from a non-lawyer who delivers services directly to the public without any intervention or review of work product by an

©Copyright 2016 National Association of Legal Assistants, Inc., all rights reserved – updated 12/2018

attorney. Such unsupervised services, unless authorized by court or agency rules, constitute the unauthorized practice of law.

Statutes, court rules, case law and bar association documents are additional sources for legal assistant or paralegal definitions. In applying the Standards and Guidelines, it is important to remember that they were developed to apply to the paralegal as defined herein. Lawyers should refrain from labeling those as paralegals or legal assistants who do not meet the criteria set forth in this definition and/or the definitions set forth by state rules, guidelines or bar associations. Labeling secretaries and other administrative staff as legal assistants/paralegals is inaccurate.

For billing purposes, the services of a legal secretary are considered part of overhead costs and are not recoverable in fee awards. However, the courts have held that fees for paralegal services are recoverable as long as they are not clerical functions, such as organizing files, copying documents, checking docket, updating files, checking court dates and delivering papers. As established in *Missouri v. Jenkins*, 491 U.S.274, 109 S.Ct. 2463, 2471, n.10 (1989) tasks performed by legal assistants must be substantive in nature which, absent the legal assistant, the attorney would perform.

There are also case law and Supreme Court Rules addressing the issue of a disbarred attorney serving in the capacity of a paralegal.

## IV.   STANDARDS

A paralegal should meet certain minimum qualifications. The following standards may be used to determine an individual's qualifications as a paralegal:

- Successful completion of the Certified Paralegal (CP) certifying examination of NALA;
- Graduation from an ABA approved program of study for paralegals;
- Graduation from a course of study for paralegals which is institutionally accredited but not ABA approved, and which requires not less than the equivalent of 60 semester hours of class-room study;
- Graduation from a course of study for paralegals, other than those set forth in (2) and (3) above, plus not less than six months of in-house training as a paralegal;
- A baccalaureate degree in any field, plus not less than six months in-house training as a paralegal;
- A minimum of three years of law-related experience under the supervision of an attorney, including at least six months of in-house training as a paralegal; or
- Two years of in-house training as a paralegal.

For purposes of this Model, "in-house training as a paralegal" means attorney education of the employee concerning paralegal duties. In addition to review and analysis of assignments, the paralegal should receive a reasonable amount of instruction directly related to the duties and obligations of the paralegal.

### COMMENT

This Model sets forth minimum qualifications for a paralegal. These minimum qualifications, as adopted, recognize legal related work backgrounds and formal education backgrounds, both of which provide the paralegal with a broad base in exposure to and knowledge of the legal profession. This background is necessary to assure the public and the legal profession that the employee identified as a paralegal is qualified.

©Copyright 2016 National Association of Legal Assistants, Inc., all rights reserved – updated 12/2018

The Certified Paralegal (CP) examination established by NALA in 1976 is a voluntary nationwide certification program for paralegals. The CP designation is a statement to the legal profession and the public that the paralegal has met the high levels of knowledge and professionalism required by NALA's certification program. Continuing education requirements, which all certified paralegals must meet, assure that high standards are maintained. The CP designation has been recognized as a means of establishing the qualifications of a paralegal in Supreme Court rules, state court and bar association standards and utilization guidelines.

On April 30, 2014, The National Commission for Certifying Agencies (NCCA) granted accreditation to the NALA Certified Paralegal program for demonstrating compliance with the NCCA Standards for the Accreditation of Certification Programs.

NCCA is the accrediting body of the Institute for Credentialing Excellence. The NCCA Standards were created to ensure certification programs adhere to modern standards of practice for the certification industry. The NALA Certified Paralegal program joins an elite group of more than 120 organizations representing over 270 certification programs that have received and maintained NCCA accreditation. The accreditation requires annual reports and renewal every five years to ensure standards.

Certification through NALA is available to all paralegals meeting the educational and experience requirements. Certified Paralegals may also pursue advanced certification in specialty practice areas through the APC, Advanced Paralegal Certification, credentialing program. Paralegals may also pursue certification based on state laws and procedures in California, Florida, Louisiana, North Carolina, and Texas.

## V. GUIDELINES

These guidelines relating to standards of performance and professional responsibility are intended to aid paralegals and attorneys. The ultimate responsibility rests with an attorney who employs paralegals to educate them with respect to the duties they are assigned and to supervise the manner in which such duties are accomplished.

**COMMENT**

In general, a paralegal is allowed to perform any task which is properly delegated and supervised by an attorney, as long as the attorney is ultimately responsible to the client and assumes complete professional responsibility for the work product.

ABA Model Rules of Professional Conduct, Rule 5.3 provides: With respect to a non-lawyer employed or retained by or associated with a lawyer:

   a) a partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;
   b) a lawyer having direct supervisory authority over the non- lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and
   c) a lawyer shall be responsible for conduct of such a person that would be a violation of the rules of professional conduct if engaged in by a lawyer if:
      1) the lawyer orders or, with the knowledge of the specific conduct ratifies the conduct involved; or
      2) the lawyer is a partner in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its

©Copyright 2016 National Association of Legal Assistants, Inc., all rights reserved – updated 12/2018

consequences can be avoided or mitigated but fails to take remedial action.

There are many interesting and complex issues involving the use of paralegals. In any discussion of the proper role of a paralegal, attention must be directed to what constitutes the practice of law. Proper delegation to paralegals is further complicated and confused by the lack of an adequate definition of the practice of law.

Kentucky became the first state to adopt a Paralegal Code by Supreme Court Rule. This Code sets forth certain exclusions to the unauthorized practice of law:

For purposes of this rule, the unauthorized practice of law shall not include any service rendered involving legal knowledge or advice, whether representation, counsel or advocacy, in or out of court, rendered in respect to the acts, duties, obligations, liabilities or business relations of the one requiring services where:

- The client understands that the paralegal is not a lawyer;
- The lawyer supervises the paralegal in the performance of his or her duties; and
- The lawyer remains fully responsible for such representation including all actions taken or not taken in connection therewith by the paralegal to the same extent as if such representation had been furnished entirely by the lawyer and all such actions had been taken or not taken directly by the attorney. *Paralegal Code*, Ky.S.Ct.R3.700, Sub-Rule 2.

South Dakota Supreme Court Rule 97-25 Utilization Rule a(4) states: The attorney remains responsible for the services performed by the legal assistant to the same extent as though such services had been furnished entirely by the attorney and such actions were those of the attorney.

## GUIDELINE 1

Paralegals should:

- Disclose their status as paralegals at the outset of any professional relationship with a client, other attorneys, a court or administrative agency or personnel thereof, or members of the general public;
- Preserve the confidences and secrets of all clients; and
- Understand the attorney's Rules of Professional Responsibility and these Guidelines in order to avoid any action which would involve the attorney in a violation of the Rules or give the appearance of professional impropriety.

## COMMENT

Routine early disclosure of the paralegal's status when dealing with persons outside the attorney's office is necessary to assure that there will be no misunderstanding as to the responsibilities and role of the paralegal. Disclosure may be made in any way that avoids confusion. If the person dealing with the paralegal already knows of his/her status, further disclosure is unnecessary. If at any time in written or oral communication the paralegal becomes aware that the other person may believe the paralegal is an attorney, immediate disclosure should be made as to the paralegal's status.

The attorney should exercise care that the paralegal preserves and refrains from using any confidence or secrets of a client and should instruct the paralegal not to disclose or use any such confidences or secrets.

©Copyright 2016 National Association of Legal Assistants, Inc., all rights reserved – updated 12/2018

The paralegal must take any and all steps necessary to prevent conflicts of interest and fully disclose such conflicts to the supervising attorney. Failure to do so may jeopardize both the attorney's representation of the client and the case itself.

Guidelines for the Utilization of Legal Assistant Services adopted December 3, 1994 by the Washington State Bar Association Board of Governors states:

> "Guideline 7: A lawyer shall take reasonable measures to prevent conflicts of interest resulting from a legal assistant's other employment or interest insofar as such other employment or interests would present a conflict of interest if it were that of the lawyer."

*In Re Complex Asbestos Litigation*, 232 Cal. App. 3d 572 (Cal. 1991), addresses the issue wherein a law firm was disqualified due to possession of attorney-client confidences by a legal assistant employee resulting from previous employment by opposing counsel.

In Oklahoma, in an order issued July 12, 2001, in the matter of *Mark A. Hayes, M.D. v. Central States Orthopedic Specialists, Inc.*, a Tulsa County District Court Judge disqualified a law firm from representation of a client on the basis that an ethical screen was an impermissible device to protect from disclosure confidences gained by a non-lawyer employee while employed by another law firm. In applying the same rules that govern attorneys, the court found that the Rules of Professional Conduct pertaining to confidentiality apply to non-lawyers who leave firms with actual knowledge of material, confidential information and a screening device is not an appropriate alternative to the imputed disqualification of an incoming legal assistant who has moved from one firm to another during ongoing litigation and has actual knowledge of material, confidential information. The decision was appealed, and the Oklahoma Supreme Court determined that, under certain circumstances, screening is an appropriate management tool for non-lawyer staff.

In 2004, the Nevada Supreme Court also addressed this issue at the urging of the state's paralegals. The Nevada Supreme Court granted a petition to rescind the Court's 1997 ruling in Ciaffone v. District Court. In this case, the court clarified the original ruling, stating "mere opportunity to access confidential information does not merit disqualification." The opinion stated instances in which screening may be appropriate and listed minimum screening requirements. The opinion also set forth guidelines that a district court may use to determine if screening has been or may be effective. These considerations are:

- substantiality of the relationship between the former and current matters
- the time elapsed between the matters
- size of the firm
- number of individuals presumed to have confidential information
- nature of their involvement in the former matter
- timing and features of any measures taken to reduce the danger of disclosure
- whether the old firm and the new firm represent adverse parties in the same proceeding rather than in different proceedings.

The ultimate responsibility for compliance with approved standards of professional conduct rests with the supervising attorney. The burden rests upon the attorney who employs a paralegal to educate the latter with respect to the duties which may be assigned and then to supervise the manner in which the paralegal carries out such duties. However, this does not relieve the paralegal from an independent obligation to refrain from illegal conduct. Additionally, and notwithstanding that the Rules are not binding upon non-lawyers, the very nature of a paralegal's employment imposes

©Copyright 2016 National Association of Legal Assistants, Inc., all rights reserved – updated 12/2018

an obligation not to engage in conduct which would involve the supervising attorney in a violation of the Rules.

The attorney must make sufficient background investigation of the prior activities and character and integrity of his or her paralegals. Further, the attorney must take all measures necessary to avoid and fully disclose conflicts of interest due to other employment or interests. Failure to do so may jeopardize both the attorney's representation of the client and the case itself.

Paralegal associations strive to maintain the high level of integrity and competence expected of the legal profession and, further, strive to uphold the high standards of ethics.
NALA's Code of Ethics and Professional Responsibility states "A paralegal's conduct is guided by bar associations' codes of professional responsibility and rules of professional conduct."
On August 6, 2012, the American Bar Association approved revisions to the Model Rules of Professional Conduct, many of which specifically relate to technology. Changes include the Comment on Rule 1.1 Competence. The change to the Comment, now section 8 on Maintaining Competence, states:

> "To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, <u>including the benefits and risks associated with relevant technology</u>, engage in continuing study and education and comply with all continuing legal education requirements to which the lawyer is subject."

With the increasing reliance on technology and the movement of the courts toward electronic filing and e-discovery, it is imperative that paralegals hold to the highest standards of professional and technological competence.

## GUIDELINE 2

Paralegals should not: establish attorney-client relationships; set legal fees; give legal opinions or advice; or represent a client before a court, unless authorized to do so by said court; nor engage in, encourage, or contribute to any act which could constitute the unauthorized practice law.

## COMMENT

Case law, court rules, codes of ethics and professional responsibilities, as well as bar ethics opinions now hold which acts can and cannot be performed by a paralegal. Generally, the determination of what acts constitute the unauthorized practice of law is made by state supreme courts.

Numerous cases exist relating to the unauthorized practice of law. Courts have gone so far as to prohibit the paralegal from preparation of divorce kits and assisting in preparation of bankruptcy forms and, more specifically, from providing basic information about procedures and requirements, deciding where information should be placed on forms, and responding to questions from debtors regarding the interpretation or definition of terms.

Cases have identified certain areas in which an attorney has a duty to act, but it is interesting to note that none of these cases state that it is improper for an attorney to have the initial work performed by the paralegal. This again points out the importance of adequate supervision by the employing attorney.

An attorney can be found to have aided in the unauthorized practice of law when delegating acts which cannot be performed by a paralegal.

©Copyright 2016 National Association of Legal Assistants, Inc., all rights reserved – updated 12/2018

## GUIDELINE 3

Paralegals may perform services for an attorney in the representation of a client, provided:

- The services performed by the paralegal do not require the exercise of independent professional legal judgment;
- The attorney maintains a direct relationship with the client and maintains control of all client matters;
- The attorney supervises the paralegal;
- The attorney remains professionally responsible for all work on behalf of the client, including any actions taken or not taken by the paralegal in connection therewith; and
- The services performed supplement, merge with and become the attorney's work product.

## COMMENT

Paralegals, whether employees or independent contractors, perform services for the attorney in the representation of a client. Attorneys should delegate work to paralegals commensurate with their knowledge and experience and provide appropriate instruction and supervision concerning the delegated work, as well as ethical acts of their employment. Ultimate responsibility for the work product of a paralegal rests with the attorney. However, a paralegal must use discretion and professional judgment and must not render independent legal judgment in place of an attorney.

The work product of a paralegal is subject to civil rules governing discovery of materials prepared in anticipation of litigation, whether the paralegal is viewed as an extension of the attorney or as another representative of the party itself. Fed.R.Civ.P. 26 (b) (3) and (5).

## GUIDELINE 4

In the supervision of a paralegal, consideration should be given to:

- Designating work assignments that correspond to the paralegal's abilities, knowledge, training and experience;
- Educating and training the paralegal with respect to professional responsibility, local rules and practices, and firm policies;
- Monitoring the work and professional conduct of the paralegal to ensure that the work is substantively correct and timely performed;
- Providing continuing education for the paralegal in substantive matters through courses, institutes, workshops, seminars and in-house training; and
- Encouraging and supporting membership and active participation in professional organizations.

## COMMENT

Attorneys are responsible for the actions of their employees in both malpractice and disciplinary proceedings. In the vast majority of cases, the courts have not censured attorneys for a particular act delegated to the paralegal, but rather, have been critical of and imposed sanctions against attorneys for failure to adequately supervise the paralegal. The attorney's responsibility for supervision of his or her paralegal must be more than a willingness to accept responsibility and liability for the paralegal's work. Supervision of a paralegal must be offered in both the procedural and substantive legal areas. The attorney must delegate work based upon the education, knowledge

©Copyright 2016 National Association of Legal Assistants, Inc., all rights reserved – updated 12/2018

and abilities of the paralegal and must monitor the work product and conduct of the paralegal to ensure that the work performed is substantively correct and competently performed in a professional manner.

Michigan State Board of Commissioners has adopted Guidelines for the Utilization of Legal Assistants (April 23, 1993). These guidelines, in part, encourage employers to support legal assistant participation in continuing education programs to ensure that the legal assistant remains competent in the fields of practice in which the legal assistant is assigned.

The working relationship between the lawyer and the paralegal should extend to cooperative efforts on public service activities wherever possible. Participation in pro bono activities is encouraged in ABA Guideline 10.

### GUIDELINE 5

In the supervision Except as otherwise provided by statute, court rule or decision, administrative rule or regulation, or the attorney's rules of professional responsibility, and within the preceding parameters and proscriptions, a paralegal may perform any function delegated by an attorney, including, but not limited to the following:

- Conduct client interviews and maintain general contact with the client after the establishment of the attorney-client relationship, so long as the client is aware of the status and function of the paralegal, and the client contact is under the supervision of the attorney.
- Locate and interview witnesses, so long as the witnesses are aware of the status and function of the paralegal.
- Conduct investigations and statistical and documentary research for review by the attorney.
- Conduct legal research for review by the attorney.
- Draft legal documents for review by the attorney.
- Draft correspondence and pleadings for review by and signature of the attorney.
- Summarize depositions, interrogatories and testimony for review by the attorney.
- Attend executions of wills, real estate closings, depositions, court or administrative hearings and trials with the attorney.
- Author and sign letters providing the paralegal's status is clearly indicated and the correspondence does not contain independent legal opinions or legal advice.

### COMMENT

The United States Supreme Court has recognized the variety of tasks being performed by paralegals and has noted that use of paralegals encourages cost-effective delivery of legal services, *Missouri v. Jenkins*, 491 U.S.274, 109 S.Ct. 2463, 2471, n.10 (1989). In *Jenkins*, the court further held that paralegal time should be included in compensation for attorney fee awards at the market rate of the relevant community to bill paralegal time. Courts have held that paralegal fees are not a part of the overall overhead of a law firm. Paralegal services are billed separately by attorneys and decrease litigation expenses. Tasks performed by paralegals must contain substantive legal work under the direction or supervision of an attorney, such that if the paralegal were not present, the work would be performed by the attorney.

In *Taylor v. Chubb*, 874 P.2d 806 (Okla. 1994), the Court ruled that attorney fees awarded should include fees for services performed by paralegals and, further, defined tasks which may be performed by the paralegal under the supervision of an attorney including, among others: interview

clients; draft pleadings and other documents; carry on legal research, both conventional and computer aided; research public records; prepare discovery requests and responses; schedule depositions and prepare notices and subpoenas; summarize depositions and other discovery responses; coordinate and manage document production; locate and interview witnesses; organize pleadings, trial exhibits and other documents; prepare witness and exhibit lists; prepare trial notebooks; prepare for the attendance of witnesses at trial; and assist lawyers at trials.

Except for the specific proscription contained in Guideline 1, the reported cases do not limit the duties which may be performed by a paralegal under the supervision of the attorney.

An attorney may not split legal fees with a legal assistant, nor pay a paralegal for the referral of legal business. An attorney may compensate a paralegal based on the quantity and quality of the paralegal's work and value of that work to a law practice.

## CONCLUSION

These Standards and Guidelines were developed from generally accepted practices. Each supervising attorney must be aware of the specific rules, decisions and statutes applicable to paralegals within his/her jurisdiction.

©Copyright 2016 National Association of Legal Assistants, Inc., all rights reserved – updated 12/2018

# ADDENDUM

For further information, the following cases may be helpful to you:

### Duties

*Taylor v. Chubb*, 874 P.2d 806 (Okla. 1994); *McMackin v. McMackin*, 651 A.2d 778 (Del.Fam Ct 1993); *Davis v. Mostyn Law Firm, P.C.* (S.D. Tex., 2012)

### Work Product

*Fine v. Facet Aerospace Products Co.*, 133 F.R.D. 439 (S.D.N.Y. 1990)

### Unauthorized Practice of Law

*Akron Bar Assn. v. Green,* 673 N.E.2d 1307 (Ohio 1997); *In Re Hessinger & Associates,* 192 B.R. 211 (N.D. Calif. 1996); *In the Matter of Bright,* 171 B.R. 799 (Bkrtcy. E.D. Mich); *Louisiana State Bar Assn v. Edwins,* 540 So.2d 294 (La. 1989); *Doe v. Condon,* 532 S.E.2d 879, 341 S.C. 22 (S.C., 2000)

### Attorney/Client Privilege

*In Re Complex Asbestos Litigation,* 232 Cal. App. 3d 572 (Calif. 1991); *Makita Corp. v. U.S.,* 819 F.Supp. 1099 (CIT 1993)

### Conflicts

*In Re Complex Asbestos Litigation, 232 Cal. App. 3d 572 (Calif. 1991)*; *Makita Corp. v. U.S.,* 819 F.Supp. 1099 (CIT 1993); *Phoenix Founders, Inc., v. Marshall,* 887 S.W.2d 831 (Tex. 1994); *Smart Industries v. Superior Court,* 876 P.2d 1176 (Ariz. App. Div.1 1994)

### Supervision

*Matter of Martinez,* 754 P.2d 842 (N.M. 1988); *State v. Barrett,* 483 P.2d 1106 (Kan. 1971); *Hayes v. Central States Orthopedic Specialists, Inc.,* 2002 OK 30, 51 P.3d 562; *Liebowitz v. Eighth Judicial District Court of Nevada* Nev Sup Ct., No 39683, November 3, 2003 clarified in part and overrules in part *Ciaffone v. District Court*, 113 Nev 1165, 945. P2d 950 (1997)

### Fee Awards

*In Re Bicoastal Corp.,* 121 B.R. 653 (Bktrcy.M.D.Fla. 1990); *In Re Carter,* 101 B.R. 170 (Bkrtcy.D.S.D. 1989); *Taylor v. Chubb,* 874 P.2d 806 (Okla.1994); *Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) 11 U.S.C.A.'330; *McMackin v. McMackin,* Del.Fam.Ct. 651 A.2d 778 (1993); *Miller v. Alamo,* 983 F.2d 856 (8th Cir. 1993); *Stewart v. Sullivan,* 810 F.Supp. 1102 (D.Hawaii 1993); *In Re Yankton College,* 101 B.R. 151 (Bkrtcy. D.S.D. 1989); *Stacey v. Stroud,* 845 F.Supp. 1135 (S.D.W.Va. 1993); *Missouri v. Jenkins Agyei,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *Upheld by the U.S. Supreme Court in Richlin Sec. Serv. Co. v. Chertoff,* 128 S.Ct. 2007, 170 L.Ed.2d 960, 553 U.S. 571, 8 Cal. Daily Op. Serv. 6601, 22 Fla. L. Weekly Fed. S 279, 76 USLW 4360, 2008 Daily Journal D.A.R. 8004 (2008); *Nolen v. Colvin (W.D. Okla., 2013)* – Court utilizes NALA's wage report to affirm paralegals rate in the case

### Court Appearances

*Louisiana State Bar Assn v. Edwins,* 540 So.2d 294 (La. 1989)

©Copyright 2016 National Association of Legal Assistants, Inc., all rights reserved – updated 12/2018

In addition to the above referenced cases, you may contact your state bar association for information regarding guidelines for the utilization of paralegals that may have been adopted by the bar, or ethical opinions concerning the utilization of paralegals.