| | |
|---|---|
| **OUTTEN & GOLDEN LLP**<br>Jahan C. Sagafi*<br>One California Street, 12th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 638-8800<br><br>Darnley D. Stewart*<br>Michael J. Scimone*<br>Michael N. Litrownik (ct 28845)<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Telephone: (212) 245-1000<br><br>**SUSMAN, DUFFY & SEGALOFF, P.C.**<br>Karen B. Kravetz (ct 19665)<br>P.O. Box 1684<br>New Haven, CT 06507<br>Telephone: (203) 624-9830 | **FEINBERG JACKSON WORTHMAN & WASOW**<br>Todd Jackson*<br>Darin Ranahan*<br>Genevieve Casey*<br>383 4th Street, Suite 201<br>Oakland, CA 94607<br>Telephone: (510) 269-7998<br><br>**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Daniel M. Hutchinson*<br>Lin Y. Chan*<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br><br>*admitted *pro hac vice* |

*Attorneys for Plaintiffs and the Classes and Collective*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH STRAUCH, TIMOTHY COLBY, CHARLES TURNER, and VERNON CARRE, on behalf of themselves and all those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMPUTER SCIENCES CORPORATION,<br><br>    Defendant. | No.: 3:14-cv-956 (JBA) |

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR NOTICE AND TOLLING**

**TABLE OF CONTENTS**

Introduction ................................................................................................................................... 1

I.  Factual Background ......................................................................................................... 2

II. Ineligible Opt-in Plaintiffs Are Entitled to Equitable Tolling. ......................................... 3

III. Unnoticed Class Members Should Receive a Rule 23 Notice. ........................................ 5

Conclusion ..................................................................................................................................... 5

**Introduction**

Plaintiffs respectfully request the Court's assistance in resolving two discrete class composition issues that stem from the generation of a complete and reliable class list through the Special Master process. First, Plaintiffs have identified 114 individuals who previously opted in to the case but who now appear to lack the criteria for inclusion in the collective, because their job title, salary, or dates of employment do not match the collective definition that the Court has adopted. Plaintiffs respectfully request that these individuals' claims be dismissed and tolled for the pendency of this action, through a period of 60 days following the Court's decision on this motion.

Second, Plaintiffs have identified 30 individuals included in the final class list as Rule 23 state law class members who were not identified as class members in the notice data CSC provided in advance of issuance of the class notice in November 2017 because the data provided for them was incorrect or missing, and who consequently did not receive a Rule 23 notice. Thus, Plaintiffs respectfully request that the Court approve the Rule 23 Notice attached as Exhibit A to the Declaration of Jahan C. Sagafi ("Sagafi Decl.")[1] and direct its dissemination to these 30 individuals.

Plaintiffs conferred with CSC regarding the relief sought by this motion on numerous occasions in January and February 2020. CSC opposes Plaintiffs' request for tolling of the ineligible opt-ins' claims. CSC refused to state a position on the remaining aspects of this motion unless Plaintiffs provided an individualized, line-by-line analysis of the reason that each individual plaintiff was excluded from the class or collective.

---

[1] Unless otherwise indicated, all exhibits herein are attached to the Sagafi Decl.

I.     **Factual Background**

On June 9, 2015, this Court granted Plaintiffs' Motion for Conditional Certification and ordered issuance of notice pursuant to 29 U.S.C. § 216(b).  ECF No. 168 (Ruling Granting Plaintiffs' Motion for Conditional Certification).  Notice issued based on data provided by CSC, and approximately 1,034 people opted in.  On June 30, 2017, the Court granted Plaintiffs' Motion for Class Certification in substantial part, certifying two state law classes consisting of Associate Professional and Professional System Administrators employed during the relevant period who earned less than $100,000 in total annual compensation and were not members of the "Test and Training Ranges" segment of CSC.  *See* ECF No. 327 (Ruling on Plaintiffs' Motion for Class Certification).  Notice to the state law class members ultimately issued in November 2017 based on data provided by CSC.  On August 1, 2017, the parties stipulated and the Court ordered dismissal of opt-ins who did not meet the class definition, and tolled their claims for approximately 60 days, with CSC's consent.  *See* ECF No. 339 (Stipulation Regarding FLSA Collective Certification and Decertification); ECF No. 340 (Order Adopting Stipulation). Class counsel sent notice of this ruling to those individuals whom they were able to identify at that time as not conforming to the collective definition.

Beginning in January 2019, the parties participated in an extensive process with the aid of a Special Master to "find a way back to reasonably trustworthy databases" containing employment and timekeeping data for the employees at issue in this case.  *See* ECF No. 493 (Tr. of Jan. 18, 2019 Status Conf.), at 40.  As part of that process, the Special Master issued a decision directing the parties to "re-run the [HRIS] data from the three HRIS systems [at issue during the relevant period] for all potential class members" in order to "develop a complete, reliable class list."  ECF No. 503 (Special Master's Report & Recommendation, dated May 31,

2

2019 ("R&R")), Ex. 2, Attachment A (Decision on Layer Data Issue), at 5; *see also id*. at 12 ("Re-running the Layer Data . . . allowed the parties to get a clean Class List.").

As a result of that data extraction, the parties agreed on a list of 907 individuals who met the criteria for inclusion in the class and collective in this matter and the amount due to each. *See id*. at 17 (discussing the parties' agreed damages submission). This class list and damages calculation were adopted by the Court and incorporated into the Amended Judgment. *See* ECF No. 514 (Ruling on R&R), at 10.

Class Counsel have reviewed the final list of class and collective members against the list of individuals who have opted into this action, and identified 114 CSC employees who filed consent-to-join forms, but are not on the agreed list of eligible collective members and who were not previously notified of their ineligibility ("Ineligible opt-ins"). *See* Ex. B (List of Ineligible opt-ins). Additionally, Class Counsel have identified 30 individuals who are members of the Connecticut or California classes, but who were not issued a Rule 23 notice in November 2017 (Unnoticed Class Members). *See* Ex. C (List of Unnoticed Class Members).

## II.    **Ineligible Opt-in Plaintiffs Are Entitled to Equitable Tolling.**

The Court has ruled that CSC employees who do not meet the definition of the class that was certified on June 30, 2017 are not "similarly situated" to one another for purposes of their FLSA claims. To effectuate that ruling, the Court approved the parties' August 2017 stipulation dismissing those opt-in plaintiffs and tolling their claims for approximately 60 days. *See* ECF No. 340 (Order Adopting Stipulation). Although Class Counsel notified all dismissed opt-ins whom they were able to identify in October 2017, the Ineligible opt-ins never received notice that they were no longer part of the case because accurate data had not yet been produced. Now that an accurate class list is available, Plaintiffs seek to notify the Ineligible opt-ins of their

n/a
n/a

status, and to ensure that their claims are not adversely affected by the errors in CSC's data production.

Equitable tolling is appropriate where necessary to avoid inequitable circumstances. *See Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 264 (2d Cir.1990). "A court has discretion to equitably toll a statute of limitations, but must consider whether the plaintiff (1) acted with reasonable diligence during the period he seeks to have tolled, and (2) proved that circumstances are so extraordinary that the doctrine should apply." *Darowski v. Wojewoda*, No. 15 Civ. 803, 2017 WL 6497973, at *5 (D. Conn. Dec. 19, 2017); *see also Asp v. Milardo Photography, Inc.*, 573 F. Supp. 2d 677, 697 (D. Conn. 2008) ("Courts have applied the doctrine 'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights, or has asserted his rights in the wrong forum.'") (brackets omitted) (quoting *Miller v. Int'l Tel. & Tel. Corp.,* 755 F.2d 20, 24 (2d Cir.1985)).

The absence of a complete and accurate class list meant that Plaintiffs could not know with precision in August 2017 who was and was not a member of the certified classes and collective. Plaintiffs were only able to identify the Ineligible opt-ins after the Special Master process concluded and after they had cross-referenced the resulting class list with prior lists of individuals who had received notice of the parties' prior stipulation. Plaintiffs submit that these extraordinary circumstances merit equitable tolling throughout the period that the Ineligible opt-ins remained unaware that they had been dismissed from the case, and for an additional 60-day period comparable to the grace period that the other dismissed opt-ins previously received when they were notified of their dismissal. This additional 60-day period will allow the Ineligible opt-ins to assess how to move forward with their claims, and will result in minimal prejudice to CSC.

4

**III.     Unnoticed Class Members Should Receive a Rule 23 Notice.**

Plaintiffs have identified 30 individuals included in the final class list as members of the Rule 23 state law classes who were not identified as class members in the notice data CSC produced in October 2017 because the data provided for them was incorrect or missing. *See* Ex. C (List of Unnoticed Class Members). It is unclear why these errors occurred, but Plaintiffs submit that the Unnoticed Class Members should be sent Notice now and afforded an opportunity to opt out of the case or remain and be bound by the judgment.

"[I]ndividual notice to identifiable class members is not a discretionary consideration to be waived in a particular case. It is, rather, an unambiguous requirement of Rule 23." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974). Plaintiffs' proposed Notice concisely informs the Unnoticed Class Members of the nature of the action, the definition of the certified class, the claims, issues, and defenses, and other information as required by Fed. R. Civ. P. 23(c)(2)(B). *See* Ex. A (Rule 23 Notice). In addition, Plaintiffs have included information regarding the jury's finding, CSC's pending appeal, and the amount of damages due[2] to each recipient – information that is "material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment." *Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 57 (D. Conn. 2001) (JBA), *on reconsideration* (May 11, 2001).

## Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court (1) toll the claims of the 114 individuals set forth in Exhibit B for a period of 60 days from the date of the

---

[2]     While the Special Master previously rejected Plaintiffs' proposal to include the amount of damages due to recipients in a new notice to be issued to opt-in plaintiffs who moved into a covered position between June 2 and July 20, 2015, that decision concerned a different issue (upon which the Court ultimately disagreed with the Special Master's conclusion (*see* ECF No. 514 at 7-8)), and contravenes *Macarz* with respect to the circumstances at issue now.

5

Court's decision on this motion; and (2) approve the new Notice attached as Exhibit A and direct its dissemination to the 30 individuals set forth in Exhibit C.

Dated: February 13, 2020

Respectfully submitted,

By: /s/ Jahan C. Sagafi
    Jahan C. Sagafi

**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi*
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Darnley D. Stewart*
Michael J. Scimone*
Michael N. Litrownik (ct28845)
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

**FEINBERG JACKSON WORTHMAN & WASOW**
Todd Jackson*
Darin Ranahan*
Genevieve Casey*
383 4th Street, Suite 201
Oakland, CA 94607
Telephone: (510) 269-7998

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct19665)
P.O. Box 1684
New Haven, CT 06507
Telephone: (203) 624-9830

*Attorneys for Plaintiffs, the Classes, and the Collective*

*admitted *pro hac vice*

7