# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH STRAUCH, TIMOTHY COLBY, CHARLES TURNER, and VERNON CARRE, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>COMPUTER SCIENCES CORPORATION,<br><br>Defendant. | No.: 3:14-cv-956 (JBA)<br><br>March 15, 2021 |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT**

Having considered the written submissions regarding Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement and Approval of Plaintiffs' Proposed Notice of Settlement (the "Motion"), and Defendant's lack of opposition, the Court finds pursuant to Federal Rule of Civil Procedure 23 that the Motion should be granted.

THEREFORE, THE COURT HEREBY ENTERS THE FOLLOWING ORDER:

1. This Order incorporates by reference the definitions in the Parties' Settlement Agreement (the "Settlement"), attached as Exhibit A to the Declaration of Daniel Hutchinson filed in support of the Motion. ([Doc. # 577]).

2. The Court preliminarily approves the Settlement as set forth herein and finds that Plaintiffs have shown the Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2). Specifically, Plaintiffs have made a showing that: (a) Plaintiffs and Class Counsel have adequately represented the class; (b) the Settlement is the product of serious, informed, non-collusive negotiations; (c) the Settlement proposes fair, adequate, and reasonable relief considering the (i) costs, risks and delay of appeal and further proceedings; (ii) the effectiveness and straightforwardness of the proposed Settlement distribution process, which does not require proposed Settlement class members to affirmatively make claims; (iii) the reasonableness of the attorneys' fees; and (iv) the absence of any agreement required to be identified under Rule 23(e)(3); (d) the Settlement has no obvious deficiencies, (e) the Settlement treats class members equitably relative to each other and does not improperly grant preferential treatment to the class representatives or segments of the Settlement Class, and (f) the Settlement falls within the range of approval. The terms of the Settlement Agreement are therefore sufficient to allow dissemination of notice to Class Members.

3. The Settlement Class is defined in the Settlement, and includes all those individuals in the California and Connecticut Classes, as defined by the Court's Ruling on Plaintiffs' Motion for Class Certification [Doc. # 327 at 57-58], as well as all those persons who joined the Fair Labor Standards Act collective in this action, worked as Associate Professional and/or Professional System Administrators for Defendant, have not withdrawn their consent to join forms, and had their claims resolved by the judgment in this litigation.

4. The following attorneys and firms shall continue to serve as Class Counsel:

   a. Todd Jackson, Darin Ranahan, and Genevieve Casey at Feinberg, Jackson, Worthman & Wasow LLP, 2030 Addison St., Suite 500, Berkeley, CA 94704;

   b. Jahan C. Sagafi, Michael J. Scimone, and Jared Goldman at Outten & Golden, LLP, One California Street, 12th Floor, San Francisco, CA 94111 and 685 Third Avenue, 25th Floor New York, New York 10017;

   c. Karen B. Kravetz at Susman, Duffy & Segaloff, P.C., P.O. Box 1684, New Haven, CT 06507; and

   d. Daniel M. Hutchinson and Lin Y. Chan at Lieff, Cabraser, Heimann & Bernstein LLP, 275 Battery Street, 29th Floor San Francisco, CA 94111.

5. Pursuant to the Settlement, Plaintiffs shall select, and Defendant shall approve, a Settlement Administrator who shall disseminate the notice attached as Exhibit A to this Order.

6. Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any member of the Settlement Class may enter an appearance through counsel of such individual's own choosing and at such

individual's own expense. Any member of the Settlement Class who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

7. The Court hereby approves, as to form and content, the Class and Collective Notice, attached as Exhibit A to this Order. The Court finds that distribution of the Class Notice substantially conforming to the manner and form set forth in the Settlement and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

8. Notice shall be provided to Settlement Class Members in the manner set forth in the Settlement, including the following important deadlines: within fourteen (14) days of the Court's entry of this Order, Defendants will provide to the Settlement Administrator and Class Counsel an electronic class list with updated class information. Class Counsel will give the Settlement Administrator the dates each Class and Collective Member worked in a covered position during the Settlement Class Period and the final May 30, 2019 individual damages calculation. The Settlement Administrator shall then provide a calculation of the total Individual Settlement Amount due to each Class and Collective Member, as well as notify Defendant of its share of payroll taxes due. Prior to mailing Notice, the Settlement Administrator will update the addresses for Class and Collective Members using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator.

9. Within 28 days of this Order, the Settlement Administrator will send the Class and Collective Notice to the last known address and the last known personal e-mail address of each member of the Settlement Class. In the event of returned or non-deliverable Class Notices, the Settlement Administrator will forward them to any forwarding addresses provided by the U.S. Postal Service or to updated addresses found by performing up to two skip traces.

10. To opt out of or object to the settlement, a Class Member must send a letter to the Settlement Administrator postmarked no later than 60 days after Class and Collective Notice was originally mailed or 45 from the date of re-mailing.

11. Plaintiff will move the Court for Final Approval of the settlement 45 days after mailing the Class and Collective Notice.

12. Plaintiffs will move for attorneys' fees and costs along with their Motion for Final Approval of the Settlement, which will not exceed the amount previously awarded [Doc. # 563]. That amount includes the Class Representative Fee Awards.

13. Plaintiffs shall file a status report regarding class notice, objections, and opt outs by May 26, 2021.  The Court will hold a telephonic status conference on June 2, 2021 at 11:00 a.m. to discuss class responses and social distancing requirements for Courtroom Two.

14. The fairness hearing, at which the motions described in paragraphs 11 to 12 shall be heard, will be on July 12, 2021 at 10:00 a.m.

15. As of the date this Order is signed, all dates and deadlines associated with this action shall be stayed, other than those pertaining to the administration of the Settlement of the action.

16. In the event that the Court does not grant final approval and the Settlement fails to become effective, the Settlement shall become null and void and shall have no bearing on, and shall not be admissible in connection with, further proceedings in this Action or in any other judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural. Notwithstanding the preceding sentence, the Settlement shall be admissible in any action or proceeding to approve, interpret or enforce the Settlement. None of the Parties to the Settlement will be deemed to have waived any claims, objections, defenses,

4

privileges, or arguments with respect to the merits of Plaintiffs' claims or Defendant's defenses to those claims.

17. The Court reserves the right to adjourn or continue all dates provided for in the Settlement without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

IT IS SO ORDERED.

_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut, this \_\_\_ day of March 2021.