# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| JOSEPH STRAUCH, TIMOTHY COLBY, CHARLES TURNER, and VERNON CARRE, on behalf of themselves and all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COMPUTER SCIENCES CORPORATION, <br><br> Defendant. | No.: 3:14-cv-956 (JBA) |

**JOINT STIPULATION FOR CLASS AND COLLECTIVE ACTION SETTLEMENT**

## JOINT STIPULATION FOR CLASS AND COLLECTIVE ACTION SETTLEMENT

### INTRODUCTION

Subject to its terms and conditions and the approval of the Court, this Stipulation of Class Action Settlement (the "Settlement") is made and entered into by and between Plaintiffs Joseph Strauch, Timothy Colby, Charles Turner, and Vernon Carre ("Plaintiffs"), individually and on behalf of all class members and individuals who have opted into this Litigation, and Defendant Computer Sciences Corporation ("CSC" or "Defendant").  Plaintiffs and Defendant are jointly referred to in this Settlement as the "Parties," and each of them as a "Party."

### RECITATIONS

**WHEREAS**, on July 1, 2014, Plaintiffs filed this collective and class action litigation against Defendant asserting claims under the Fair Labor Standards Act ("FLSA") and under California's and Connecticut's wage and hour laws;

**WHEREAS**, on June 9, 2015, the Court entered its Ruling Granting Plaintiffs' Motion for Conditional Certification (ECF No. 168);

**WHEREAS,** on June 30, 2017, the Court certified a California Class and a Connecticut Class of Associate Professional and Professional System Administrators (ECF No. 327);

**WHEREAS,** on August 1, 2017, the Parties agreed to a revised Collective definition in their Stipulation Regarding FLSA Collective Certification and Decertification (ECF No. 339);

**WHEREAS**, on January 5, 2018, after a jury trial, the Court entered a verdict for Plaintiffs and the Class and Collective Members (ECF No. 444);

**WHEREAS,** on October 22, 2018, Defendant filed a Notice of Appeal (ECF No. 477);

**WHEREAS**, on November 11, 2018, the Court issued a Ruling on Remedies (ECF No. 479), followed on August 6, 2019 by a Ruling on Report and Recommendation of Special Master (ECF No. 514), and on August 12, 2019 by an Amended Judgment (ECF No. 515);

**WHEREAS**, on September 4, 2019, Defendant amended its Notice of Appeal to address the Ruling on Remedies, Ruling on Report and Recommendation of Special Master, and Amended Judgment (ECF No. 519);

**WHEREAS**, on July 27, 2020, the Court issued a Ruling on Post-Trial Motions for Service Awards, Attorneys Fees, and Costs (ECF No. 563);

**WHEREAS**, on August 21, 2020, and on August 24, 2020, Defendant appealed, and Plaintiffs cross-appealed, the Court's Ruling on Post-Trial Motions for Service Awards, Attorneys Fees, and Costs (ECF No. 565 & 567);

**WHEREAS**, Defendant's appeal in Case No. 18-3136 (2d Cir.) has been fully briefed by all Parties, and was scheduled for oral argument before the Second Circuit Court of Appeals on November 9, 2020;

**WHEREAS**, Defendant's appeal and Plaintiffs' cross-appeal of the Court's Ruling on Post-Trial Motions for Service Awards, Attorneys Fees, and Costs, Case Nos. 20-2812, 20-22814, are stayed pending decision on the underlying merits;

**WHEREAS**, over the course of several years, the Parties have participated in a series of mediations and settlement discussions with experienced wage and hour class and collective action mediator, Hunter R. Hughes, III, Esq., which resulted in a settlement pursuant to a mediator's proposal that the Parties memorialized in a Memorandum of Understanding dated October 26, 2020; and

**WHEREAS**, the purpose of the Parties' settlement is to settle fully and finally all claims resolved by the Judgment in this Litigation.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein and without any admission or concession of liability or wrongdoing, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.   **DEFINITIONS**

1.1   "Agreement" and "Settlement" means this Joint Stipulation of Class and Collective Action Settlement and Release, which the Parties understand and agree set forth all material terms and conditions of the Settlement between them.

1.2   "Application for Final Approval" means documents and materials to be filed with the Court pursuant to Section 3.8, seeking final approval of the settlement.

1.3   "Bar Date" means the date set by the Court as the deadline for Objections or Opt-outs, if any.

1.4   "CAFA Notice" means the notice required by CAFA, 28 U.S.C. §1715, to be provided by Defendant within ten days of the filing of the preliminary approval motion.

1.5   "California Class Members" means all persons in the California Class whose claims were resolved by the Judgment in this Litigation.

1.6   "Class Counsel" means Outten & Golden LLP; Feinberg, Jackson, Worthman & Wasow LLP; and Lieff Cabraser Heimann & Bernstein, LLP.

1.7   "Class Counsel Fees and Expenses" means the amount of $8,094,740.41 awarded by the Court to compensate Class Counsel for their attorneys' fees and costs incurred in connection with this Litigation. ECF No. 563. Class Counsel Fees and Expenses includes the Class Representative Fee Awards.

1.8   "Class Information" means the updated contact information regarding Settlement Class members that Defendant will in good faith compile from Defendant's electronic payroll and/or human resource database and provide to the Settlement Administrator in a secure manner on a confidential basis.  It shall include each Settlement Class member's name, social security number, and Last Known Address, and Last Known E-Mail Address(es) (if known).

1.9   "Class Members" means all California Class Members and Connecticut Class Members.

1.10   "Class Representatives" and "Plaintiffs" refers to Joseph Strauch, Timothy Colby, Charles Turner, and Vernon Carre.

1.11    "Class Representative Service Award(s)" means the amount of $10,000 that the Court authorized to be paid to each Class Representative ($40,000 total), in recognition of their efforts and risks in assisting with the prosecution of this Litigation.  ECF No. 563.

1.12    "Collective Members" means all persons who joined this Litigation by filing consent to join forms and who work or worked as an Associate Professional System Administrator and/or Professional System Administrator for Defendant, who have not withdrawn such consent to join forms, and whose claims were resolved by the Judgment in this Litigation.

1.13    "Connecticut Class Members" means all persons in the Connecticut Class whose claims were resolved by the Judgment in this Litigation.

1.14    "Court" means the United States District Court for the District of Connecticut.

1.15    "Cy Pres Beneficiaries" means Statewide Legal Services of Connecticut, subject to Court approval, or another non-profit entity approved by the Court.

1.16    "Cy Pres Payment" means the amount of any unpaid cash residue or unclaimed or abandoned Settlement funds, plus any accrued interest.

1.17    "Defendant" means Computer Sciences Corporation.

1.18    "Defendant's Counsel" means Jackson Lewis P.C.

1.19    "Effective Date" shall mean the date on which this Agreement becomes effective, which is the later of (a) thirty (30) calendar days following the Court's Final Approval Order if no appeal is taken of such Order, or (b) if there is an appeal of the Final Approval Order, the day after all appeals are resolved in favor of final approval.

1.20    "Employer Payroll Taxes" means all tax payments an employer is required to make arising out of or based upon the payment of employment/wage compensation in this Litigation, including FICA, FUTA, and SUTA obligations.  Defendant shall pay Employer Payroll Taxes, separately from the Settlement Fund.

1.21    "Final Approval Order" shall mean the final Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, authorizing distribution

of Individual Settlement Payments, Class Representative Service Awards, and Class Counsel

Fees and Expenses, and dismissing the Litigation with prejudice.

1.22    "Individual Settlement Payment" means the total, gross amount payable from the

Settlement Amount to each Collective and Class Member, which shall be calculated for each

Collective and Class Member as described in Section 3.4.

1.23    "Last Known Address" means the most recently recorded mailing address for a

Settlement Class member as such information is contained in electronic payroll and/or electronic

human resource records maintained by Defendant.

1.24    "Last Known E-Mail Addresses" means the most recently recorded personal e-

mail address, if such E-Mail exists,  for a Settlement Class member as such information is

contained in electronic payroll and/or electronic human resource records maintained by

Defendant.

1.25    "Litigation" means the lawsuit entitled *Strauch, et al. v. Computer Sciences

Corporation*, pending in the United States District Court for the District of Connecticut, Case

No. 3:14-cv-956 (JBA).

1.26    "Net Settlement Amount" is the amount of the full settlement fund

($9,505,259.59) minus Settlement Administration Expenses and seventy-five percent (75%) of

the PAGA Payment.

1.27    "Notice" means, collectively, the proposed Notice of Settlement of Class and

Collective Action Lawsuit to be distributed to Class and Collective Members.  The Notice shall

advise each Class and Collective Member of, *inter alia*, his or her Settlement Payment.

1.28    "PAGA Amount" means an amount of $100,000.00, 75% of which ($75,000.00)

shall be deducted from the Settlement Fund and paid to the California Labor and Workforce

Development Agency ("LWDA") as a payment of penalties for the claims asserted under PAGA.

In connection with settlement approval, the LWDA shall be notified of the existence of the

settlement.  Should the LWDA object to the amount of this payment, the parties agree to work in

good faith to negotiate if possible another agreeable amount to be paid out of the Settlement

Fund for this payment of penalties to the LWDA under PAGA, and any amount shall be paid out of the Settlement Fund.

      1.29   "Parties" means Plaintiffs and Defendant, collectively, and "Party" shall mean either Plaintiffs or Defendant, individually.

      1.30   "Preliminary Approval Order" means the Order preliminary approving the terms and conditions of this Agreement; directing the manner and timing of providing Notice to the Settlement Class Members; and setting dates to effectuate the terms of this Agreement, including the Bar Date and the date of the Fairness Hearing.

      1.31   "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Administrator paid from the Settlement Fund.  The QSF will be controlled by the Settlement Administrator subject to the terms of this Agreement and any applicable Court order(s).  Interest, if any, earned on any monies in the QSF will become part of the Settlement Fund.

      1.32   "Released Claims" means all claims resolved by the Judgment in this Litigation.

      1.33   "Settlement Administrator" means the entity selected by Plaintiffs and approved by Defendant to provide notice to Class and Collective Members and administer payment of the settlement to Class and Collective Members.

      1.34   "Settlement Administration Expenses" means those expenses incurred and charged by the Settlement Administrator in effectuating the Settlement.  Settlement Administration Expenses shall be paid from the Settlement Fund.

      1.35   "Settlement Class" means, collectively, all members of the California Class, Connecticut Class, and Collective (or if any such person is incompetent or deceased, the person's legal representative or successor in interest evidenced by reasonable verification).

      1.36   "Settlement Class Period" means the relevant settlement period for the California Class, Connecticut Class, and Collective, respectively.

      1.37   "Settlement Fund" shall mean the amount of $9,505,259.59 that Defendant has agreed to pay to fully resolve and settle this Litigation, including any and all amounts to be paid

to Plaintiffs, and Class and Collective Members, including: employees' share of payroll taxes and Settlement Administration Expenses.  With the exception of the Class Counsel Fees and Expenses (as specified in Paragraph 1.6, above) and the Employer Payroll Taxes (as specified in Paragraph 1.19, above), the Settlement Fund shall be Defendant's only monetary obligation related to this Settlement.

## 2.   <u>SETTLEMENT ADMINISTRATION</u>

2.1   <u>Retention and Duties of Settlement Administrator</u>.  The Settlement Administrator shall be responsible for establishing a QSF account; preparing, printing, mailing, and e-mailing the Notice; locating Settlement Class members, including performing skip tracing and calling and emailing Settlement Class members, if necessary; responding to Settlement Class members' inquiries; preparing, monitoring, and maintaining a website where Settlement Class Members can review additional information regarding the Settlement; preparing, monitoring, and maintaining a telephone number with phone answerers; receiving and reporting any Requests for Exclusion submitted by Settlement Class members; calculating, processing, preparing, and mailing all Individual Settlement Amounts to be paid to Settlement Class Members; distributing Class Representative Service Awards, Class Counsel Fees and Expenses, and the share of the PAGA Amount being paid to the LWDA; calculating, withholding, and paying all appropriate taxes and complying with all applicable tax reporting obligations, including preparing and filing all applicable tax forms; calculating, retaining and providing a copy of settlement checks signed and cashed Class Counsel and Defendant's Counsel; and, if requested by any Party, preparing a declaration describing all duties performed and settlement administration statistics.  The Settlement Administrator will be responsible for keeping the Parties timely apprised of the performance of all Settlement Administrator responsibilities.  The Parties agree to cooperate with the Settlement Administrator and assist it in administering the Settlement.  All Settlement Administration Expenses shall come out of the Settlement Fund.  If the Settlement is not given final approval by the Court and does not become Effective, the Parties shall bear settlement administration fees and costs equally.

2.2     <u>Equal Access to Settlement Administrator Records</u>.  The Parties will have equal access to the Settlement Administrator and all information related to the administration of the Settlement.  Defendant's Counsel and Class Counsel have the right to make inquiries and receive any information from the Settlement Administrator as is necessary to the administration of this Settlement.  The Settlement Administrator shall provide such information to counsel for either Party upon request.  The Settlement Administrator will provide regular reports to counsel for the Parties regarding the status of the issuance of the Notice, the settlement administration process, and distribution of the settlement checks.

2.3     <u>Cooperation with Settlement Administrator</u>.  Defendant agrees to cooperate with the Settlement Administrator, and to provide accurate information, to the extent reasonably available and necessary to determine the Last Known Address and Last Known Personal E-Mail Addresses for each Class and Collective Member.

2.4     <u>Class and Collective Member Notice</u>. The Parties shall take the following steps to effectuate Settlement Class Notice:

(a)     Within fourteen (14) calendar days of the Preliminary Approval Order, Defendant shall give the Settlement Administrator a list of Class Information, in electronic form, including all Class and Collective Members' names, social security numbers, last known telephone numbers, last known addresses, and Last Known Personal E-Mail Addresses. A copy of the Class Information, with the exception of the Social Security Numbers, shall also be provided to Class Counsel, who shall promptly supplement the Class Information with any additional Last Known Addresses and Last Known E Personal -Mail Addresses if it is maintained in electronic records.  This contact information is deemed confidential pursuant to the Court's standing protective order.  Class Counsel shall give the Settlement Administrator the dates each Class and Collective Member worked in a covered position during the Settlement Class Period and the final May 30, 2019 individual damages calculation.  All information provided pursuant to this paragraph shall be kept confidential by Class Counsel and the Settlement Administrator.

JOINT STIPULATION FOR CLASS ACTION SETTLEMENT

(b)      Within fourteen (14) calendar days of the Preliminary Approval Order, the Settlement Administrator shall (1) provide to Defendant's Counsel and Class Counsel the total Individual Settlement Amount due to each Class and Collective Member, together with the Settlement Administrator's underlying calculations for such Individual Settlement Amounts, and (2) notify Defendant of the total amount of Defendant's share of payroll taxes due for the Individual Settlement Amounts due to Class and Collective Members.

(c)      Prior to mailing the Notice, the Settlement Administrator will update the addresses for Class and Collective Members using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator.

(d)      Within twenty-eight (28) calendar days of the Preliminary Approval Order, the Settlement Administrator shall send the applicable Notice to each Class and Collective Member, using each member's Last Known Address and Last Known Personal E-Mail Addresses as provided by Defendant and as updated by Class Counsel and the Settlement Administrator.  The Notice shall be sent via (i) First Class United States mail, postage prepaid, and (ii) electronic mail.  The Notice shall inform all Class and Collective Members of their rights under this Agreement, including their right to object to or exclude themselves from the Settlement.  The Notice will include a statement that Defendant will pay out the same total amount regardless of how many Class Members and Collective Members participate and/or cash their checks, and that there will be no retaliation for participation.  The Notice shall include a calculation of each Class Member's and each Collective Member's estimated Individual Settlement Payment.  The Parties will work together in good faith on the content of the Notices.

(e)      If any Notices are returned as undeliverable, the Settlement Administrator shall forward them to any forwarding addresses provided by the U.S. Postal Service.  If no such forwarding address is provided, or if the forwarding address(es) provided return undeliverable, the Settlement Administrator shall perform skip traces up to two (2) times using Class and Collective Member's Social Security Number to attempt to obtain the most recent addresses for these Class and Collective Members and re-mail Notice.  The Settlement Administrator will use

all appropriate tracing and location methods to ensure that the Notices are received by all Settlement Class members.

2.5 <u>Settlement Administrator Notice Program Reporting</u>.  After issuing the Notice, the Settlement Administrator shall, on a weekly basis, compile and transmit to Defendant's Counsel and Class Counsel statistics on the notice program.

2.6 <u>Class and Collective Member Notice of Settlement Payments</u>. The Parties shall take the following steps to effectuate Settlement payment:

(a)  Within seven (7) calendar days of the Effective Date, Defendant shall provide the Settlement Administrator with: (1) the Settlement Fund, (2) the anticipated amount of Employer Payroll Taxes due as calculated pursuant to Section 2.4(b)(2); and (3) the Class Counsel Fees and Expenses.

(b)  Within fourteen (14) calendar days of the Effective Date, the Settlement Administrator shall issue a check in the amount of each Class and Collective Member's Individual Settlement Amount to the Last Known Address of each Class and Collective Member, or any updated address for the Class and Collective Member obtained during the notice administration process.

(c)  If any Settlement checks are returned as undeliverable, the Settlement Administrator shall forward them to any forwarding addresses provided by the U.S. Postal Service.  If no such forwarding address is provided, or if the forwarding address(es) provided return undeliverable.  The Settlement Administrator shall perform up to two (2) additional skip traces using Class or Collective Member's Social Security Number to attempt to obtain the most recent addresses for these Class and Collective Members and re-mail the Settlement check,

(d)  Settlement checks issued pursuant to this Agreement shall expire one hundred and twenty (120) calendar days from when initially mailed or subsequently re-mailed by the Settlement Administrator.

2.7 <u>Settlement Administrator Settlement Check Reporting</u>.  After issuing the Settlement checks, the Settlement Administrator shall, on a weekly basis, compile and transmit

to Defendant's Counsel and Class Counsel statistics on the number of individuals who have endorsed and cashed Settlement checks.

2.8   <u>Uncashed Settlement Checks</u>.  After sixty (60) calendar days from the date of the issuance of the Individual Settlement Awards, the Settlement Administrator shall provide the Parties with a list of the names of all Settlement Class members who have not yet cashed their checks, and the Parties shall within five (5) business days provide the Settlement Administrator with any personal telephone and/or email addresses for the Settlement Class member that the Parties have on file for the Settlement Class member, if such information has not already been provided, and the Settlement Administrator shall attempt to contact the Settlement Class member by calling and/or emailing the Settlement Class member to advise him or her of the deadline to cash the check, and to re-issue and re-mail the check if the Settlement Class member needs a new check.  If after thirty (30) calendar days, the Settlement Administrator is unable to locate the Settlement Class member, the Settlement Administrator shall provide Class Counsel with the name and all available contact information for the Settlement Class member, and Class Counsel shall attempt to locate the Settlement Class member.  If Participating Class Members do not cash their checks within one hundred and twenty (120) calendar days from the date of their issuance, those checks will become void and a stop payment will be placed on the uncashed checks.  In such event, those Settlement Class Members will be deemed to have waived irrevocably any right in or claim to a settlement payment.

2.9   <u>Unclaimed Settlement Funds</u>.  Any amount remaining 210 days after the Settlement Administrator transmits payment to Class and Collective Members will be distributed pro rata among the Class and Collective Members who have timely cashed their checks based on their distribution's share of the distributions for all Class and Collective Members who have timely cashed their checks, or, if the amount remaining is small enough that a redistribution is not sensible, the unclaimed funds will be donated to the Cy Pres Beneficiaries under the *cy pres* doctrine.

JOINT STIPULATION FOR CLASS ACTION SETTLEMENT

### 3.   SETTLEMENT TERMS

3.1   Binding Agreement.  This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement of the Litigation.

3.2   Settlement Consideration.  This is a non-reversionary, non-claims made, opt-out Settlement.  Defendant shall pay the following amounts:

(a)   Settlement Fund.  Defendant agrees to pay $9,505,259.59, which shall resolve and satisfy all monetary obligations to Class and Collective Members under this Agreement, including the PAGA Amount, all Settlement Administration Expenses, and the employees' share of payroll taxes.

(b)   Employer Payroll Taxes. In addition, Defendant shall pay all Employer Payroll Taxes in the amount calculated by the Settlement Administrator.

(c)   Class Counsel Fees and Expenses.  In addition, Defendant shall pay attorneys' fees and costs of Class Counsel pursuant to the Court's Ruling on Post-Trial Motions for Service Awards, Attorneys Fees, and Costs (ECF No. 563).  Within three (3) calendar days after the deposit of the funds, the Settlement Administrator will distribute payment to Class Counsel per the instruction of Class Counsel.

3.3   Qualified Settlement Fund.  The Parties agree that the QSF Account is intended to be a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code of 1986, as amended (the "Code"), 26 U.S.C. Section 468B and Treas. Reg. §1.468B-1, 26 C.F.R § 1.468B-1, *et seq*., and will be administered by the Settlement Administrator as such.  With respect to the QSF Account, the Settlement Administrator shall:  (1) calculate, withhold, remit and report each Settlement Class Member's share of applicable payroll taxes (including, without limitation, federal, state and local income tax withholding, FICA, Medicare and any state or local employment taxes); (2) satisfy all federal, state and local and income and other tax reporting, return and filing requirements with respect to the QSF Account; and (3) satisfy out of the QSF Account all (i) taxes (including any estimated taxes, interest or penalties) with respect to the interest or other income earned by the QSF Account, and (ii) fees, expenses and costs incurred in

connection with the opening and administration of the QSF Account and the performance of its duties and functions as described in this Stipulation.  The Settlement Administrator will agree to indemnify and hold harmless the Parties for and against any claims or liabilities resulting from errors or omissions in its administration of the QSF Account.

      3.4    <u>Allocation to Class and Collective Members</u>.  Each Class Member's and Collective Member's Individual Settlement Payment shall be calculated by Class Counsel, with input from Defense Counsel, as follows:

      (a)    First, the final May 30, 2019 individual damages calculation, which formed the basis for the Special Master's May 31, 2019 Report and Recommendation (ECF No. 503) shall be adjusted to derive an "Adjusted Damages Amount," as follows:

      (i)    California state law damages including for overtime, double-time and FLSA liquidated damages, where applicable, through January 5, 2018 and interest on those damages through May 31, 2019 shall be multiplied by seventy-five percent (75%) to account for the risk that the California Class would be decertified on appeal; and

      (ii)    Connecticut state law damages and FLSA damages including for overtime, double-time and liquidated damages through January 5, 2018 and interest on those damages through May 31, 2019 shall be multiplied by thirty-five percent (35%) to account for the risks of decertification and that any eventual judgment in litigation would require damages to be calculated by the fluctuating workweek method.

      (b)    Then, each Class Member and Collective Member's total workweeks as a member of a class and/or the FLSA collective shall be calculated based on the Parties' final class lists from the spring 2019 special master process. For purposes of this calculation, workweeks where a Class Member was also a Collective Member shall not be double counted. The total number of workweeks shall be multiplied by $30 to determine a "Minimum Gross Damages Figure".

(c)     The greater of each Class Member's and Collective Member's Adjusted Damages Amount and Minimum Gross Damages Figure shall be their Distribution Basis. It is the Parties' intent that the total Distribution Basis approximate the Net Settlement Amount.

(d)     The Net Settlement Amount shall be distributed to each Class Member and Collective Member based on the ratio of their Distribution Basis to the total of all Class Member's and Collective Member's Distribution Bases, resulting in each Individual Settlement Payment.  If the total Distribution Basis exceeds the Net Settlement Amount, each Individual Settlement Payment will be slightly less than each Class Member's and Collective Member's Distribution Bases.  If the total Distribution Basis is less than the Net Settlement Amount, each individual Settlement Payment will be slightly more than each Class Member's and Collective Member's Distribution Bases.

(e)     Taxes shall be withheld from each Individual Settlement Payment pursuant to section 3.5.

3.5     <u>Taxability of Settlement Payments</u>.  For tax purposes, one-third of each Class and Collective Member's Individual Settlement Amount calculated under this Agreement shall be treated as back wages, one-third shall be treated as liquidated damages and other non-wage relief, and one-third shall be treated as interest.

(a)     Payments treated as back wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and Social Security number on an IRS Form W-2. Payments treated as liquidated damages, interest, and other non-wage relief shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and Social Security number on an IRS Form 1099  The Settlement Administrator shall be responsible for determining the appropriate number of exemptions to be used in calculating payroll tax and withholding, deciding the appropriate tax rate, issuing the settlement checks and Service Awards and issuing IRS Forms W-2 and Form 1099  The

Settlement Administrator shall determine the appropriate tax treatment of the Class Representative Service Awards.

(b)     The employee portion of all applicable income and payroll taxes will be the sole responsibility of the individual Settlement Class Member receiving an Individual Settlement Amount and/or Service Award.  Defendant makes no representations, and it is understood and agreed that Defendant has made no representations, as to the taxability of any portions of the settlement payments to any Class and Collective Members, the payment of any costs, expenses or award of attorneys' fees, or any Service Awards.  The Notice will advise Class and Collective Members to seek their own tax advice prior to acting in response to that Notice. Neither Class Counsel nor Defendant's Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

(c)     The Settlement Administrator shall be responsible for making all reporting, deposits, and withholdings with respect to all amounts payable to Class and Collective Members required pursuant to any federal, state, or local tax law or regulation hereunder under the EIN of the QSF Account.

(d)     The Settlement Administrator shall handle all tax reporting with respect to the payments made pursuant to this Agreement, and shall report the payments in accordance with applicable law.

3.6     <u>Settlement Class Member Opt-Outs.</u>

(a)     California and Connecticut Class Members who choose to opt out of the settlement as set forth in this Agreement must mail via First Class United States Mail, a written, signed statement to the Settlement Administrator that states he or she is opting out of the Settlement, include his or her name, address, telephone number, email address, and a statement indicating his or her intention to opt-out, such as: "I opt out of the CSC wage and hour

settlement." ("Opt-out Statement").  To be effective, an Opt-out Statement must be postmarked or otherwise received by the Bar Date.

(b)      The Settlement Administrator will stamp the received date on the original of each Opt-out Statement that it receives and shall serve copies of each Opt-out Statement on Class Counsel and Defendant's Counsel not later than three (3) days after receipt.  The Settlement Administrator shall provide all Opt-out Statements in its compliance affidavit to be filed with the Application for Final Approval.  The Settlement Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

3.7     <u>Objections to Settlement</u>.

(a)      California and Connecticut Class Members who have not opted out and Collective Members who wish to present objections to the settlement or the Agreement at the Fairness Hearing must first do so in writing ("Objection").  To be considered, such Objection must be mailed to the Settlement Administrator via First Class United States Mail and post-marked or otherwise received by the Bar Date.  The Objection must include all reasons for the objection to the Settlement or the Agreement, and any supporting documentation.  The Objection must also include the name, address, and telephone number for the Settlement Class Member making the Objection (the "Objector").  The Settlement Administrator will stamp the date received on the original and send copies of each Objection, supporting documents, as well as a copy of the Notice and Claim Form mailed to the Objector, to Class Counsel and Defendant's Counsel by email no later than three (3) days after receipt of the Objection. A California or Connecticut Class Member who opts out may not object.

JOINT STIPULATION FOR CLASS ACTION SETTLEMENT

(b)      An Objector has the right to appear at the Fairness Hearing either in person or

through counsel hired by the Objector. An Objector who wishes to appear at the Fairness

Hearing must state his or her intention to do so in writing on his or her written Objection at the

time he or she submits his or her written Objection. An Objector may withdraw his or her

Objection at any time.

(c)      The Parties may file with the Court written responses to any filed Objections no

later than three (3) days before the Fairness Hearing.

3.8      <u>Application for Final Approval</u>.

(a)      In accordance with the schedule set by the Court in the Preliminary

Approval Order and in advance of the Fairness Hearing, Class Counsel shall file supporting

documents and materials for the Final Approval of the Settlement.  The Application for Final

Approval will include a compliance affidavit from the Settlement Administrator, an application

for attorneys' fees, costs, and service awards, and supporting affidavits and documents from

Class Counsel regarding the fairness, adequacy, and reasonableness of the Settlement or any

aspect related to this Agreement and a proposed Final Approval Order.

(b)      At the Fairness Hearing and through the Application for Final Approval,

the Parties shall request that the Court, among other things: (1) approve the Settlement and this

Agreement as fair, reasonable, adequate, and binding on all California Class Members and

Connecticut Class Members who have not opted-out, and all Collective Members; (2) order the

Settlement Administrator to distribute Settlement Checks to Settlement Class Members,

including Class Representative Service Awards to Plaintiffs; (3) order fees and costs to be paid;

(4) order dismissal with prejudice of all Released Claims, as set forth herein; (5) order entry of

the Final Approval Order in accordance with this Agreement; and (6) retain jurisdiction over the

interpretation and implementation of this Agreement as well as any and all matters arising out of,

or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated hereby.

3.9     <u>Release of Claims by Class and Collective Members</u>.  By operation of, and effective as of the Effective Date, and except as to such rights or other claims as may be created by this Agreement, each Class and Collective Member fully, finally and forever completely settles, compromises, releases, remises and discharges Defendant Computer Sciences Corporation its affiliated entities, parents, subsidiaries, co-employers, insurers, successors and assigns, and each of their  current and former employees, officers, directors, members and agents from any and all state and/or federal claims that were resolved by the Judgment (the "Release"). This Release applies for the time period applicable to each Class or Collective Member through the January 5, 2018 date of the Judgment.

3.10    <u>No Assignment</u>.  Plaintiffs represent and warrants that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

3.11    <u>Preliminary Approval Motion</u>.  On or before twenty-eight (28) calendar days of the execution of this Agreement, or as may otherwise be agreed to between the Parties, Plaintiffs will file the Preliminary Approval Motion.  Plaintiffs will provide Defendant with a draft of the Preliminary Approval Motion seven (7) calendar days before its filing.  The Preliminary Approval Motion shall include: (1) the proposed Notice; (2) a proposed Preliminary Approval Order; (3) an executed version of this Agreement; and (4) necessary documents, memoranda, affidavits, and exhibits for purposes of preliminarily approving this Agreement.  The Preliminary Approval Motion will also seek the setting of the Bar Date for Settlement Class Members to object to this Agreement, and for California and Connecticut Class Members to opt-out, which date shall be sixty (60) days from the initial dissemination of the Notice to Settlement Class Members and for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date.   Settlement Class Members to whom Notice was re-mailed shall have

the later of the Bar Date or forty-five (45) days from the date of re-mailing in which to opt-out or object to the Settlement, in accordance with this Agreement.

      3.12   <u>LWDA Notice</u>.  At the same time that Plaintiffs file the Preliminary Approval Motion, Plaintiffs shall also submit to the LWDA a copy of the proposed settlement pursuant to California Labor Code § 2699, *et seq.*

      3.13   <u>Effect of Failure to Grant Approval</u>.  In the event that the Court fails to approve this Agreement (except as to Class Counsel Fees and Expenses and Class Representative Service Award(s) as otherwise provided herein), the Parties (a) will attempt to renegotiate the Settlement for the purpose of obtaining Court approval of a renegotiated settlement and agreement, and/or (b) seek reconsideration or appellate review of the decision denying approval of the Agreement. In the event reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement modification is not approved, and the Parties decide to forego further negotiation of a settlement, then: (i) this Agreement shall have no force or effect; (ii) neither this Agreement, nor any other related papers or orders, nor the negotiations leading to the Settlement, shall be cited to, used, or admissible in any judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; (iii) none of the Parties will be deemed to have waived any claims, objections, defenses, or arguments with respect to any issue; and (iv) the Litigation will proceed as if no settlement had been attempted.

      3.14   <u>Publicity</u>.  The terms of this Agreement shall remain confidential until the filing of the Preliminary Approval Motion.  Plaintiffs and Class Counsel agree that they have not and will not discuss, disclose, communicate, or publish the Agreement other than to explain it to Class or Collective Members and the potential Settlement Administrator(s).  Class Counsel shall not affirmatively contact the press, reporters, or general media regarding the fact or terms of the Agreement, and, if contacted for comment, Class Counsel will not comment on the Agreement. As used herein, "press, reporters, or general media" shall refer to and include newspapers, periodicals, magazines, online publications, and television and radio stations and programs, and any representative of the foregoing.  Nothing herein shall prevent Class Counsel from

communicating with Plaintiffs and Class and Collective Members regarding the terms of this Agreement, or from discussing this Agreement in their firm websites or resumes.

3.15    Cooperation Between the Parties; Further Acts.  The Parties shall cooperate fully with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

3.16    Entire Agreement.  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

3.17    Arms' Length Transaction; Materiality of Terms.  The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

3.18    Captions.  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

3.19    Construction.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

3.20    Governing Law.  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Connecticut, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

3.21    Continuing Jurisdiction.  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.  The Court shall not have jurisdiction to modify the terms of the Agreement or to increase Defendant's payment obligations hereunder.

3.22    Waivers, etc. to Be in Writing.  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

3.23    When Agreement Becomes Effective; Counterparts.  This Agreement shall become effective upon its execution.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

3.24    Facsimile/Electronic Signatures.  Any Party may execute this Agreement by signing, including by electronic means, or by causing its counsel to sign on the designated signature block below.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

3.25    Extensions of Time.  If any deadlines related to this Settlement cannot be met, Class Counsel and Defendant's Counsel shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Agreement.  In the event that

JOINT STIPULATION FOR CLASS ACTION SETTLEMENT

the Parties fail to reach such agreement, any of the Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation.

3.26    <u>Counterparts</u>.  The Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

3.27    <u>No Third Party Beneficiaries</u>.  The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto; but this Agreement is not designed to and does not create any third-party beneficiaries.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

*Plaintiffs:*

Date: February __, 2021
2/22/2021

By: _____
Joseph Strauch

Date: February __, 2021

By: _____
Timothy Colby

Date: February __, 2021

By: _____
Charles Turner

Date: February __, 2021

By: _____
Vernon Carre

**Defendant:**

**Computer Sciences Corporation**

Date: February __, 2021

By: _____
Its: _____

*Approved as to form:*

Date: February __, 2021

By: _____
Jahan C. Sagafi
Attorney for Plaintiffs

Date: February __, 2021

By: _____
David R. Golder
Attorney for Defendant

*Plaintiffs:*

Date: February __, 2021                    By: _____
                                                Joseph Strauch


              2/21/2021
Date: February __, 2021                    By: _____
                                                Timothy Colby


Date: February __, 2021                    By: _____
                                                Charles Turner


Date: February __, 2021                    By: _____
                                                Vernon Carre


*Defendant:*                                **Computer Sciences Corporation**

Date: February __, 2021                    By: _____
                                           Its: _____


*Approved as to form:*

Date: February __, 2021                    By: _____
                                                Jahan C. Sagafi
                                                Attorney for Plaintiffs


Date: February __, 2021                    By: _____
                                                David R. Golder
                                                Attorney for Defendant


          4827-9713-5568, v. 1
          4811-8596-3990, v. 1

*Plaintiffs:*

Date: February ___, 2021                    By: _____
                                                  Joseph Strauch


Date: February ___, 2021                    By: _____
                                                  Timothy Colby


Date: February ___, 2021                    By: *Charles Turner* _____
2/23/2021                                         DocuSigned by:
                                                  FB011218753C41D...
                                                  Charles Turner


Date: February ___, 2021                    By: _____
                                                  Vernon Carre




*Defendant:*                                **Computer Sciences Corporation**

Date: February ___, 2021                    By: _____
                                            Its: _____




*Approved as to form:*

Date: February ___, 2021                    By: _____
                                                  Jahan C. Sagafi
                                                  Attorney for Plaintiffs


Date: February ___, 2021                    By: _____
                                                  David R. Golder
                                                  Attorney for Defendant


4827-9713-5568, v. 1
4811-8596-3990, v. 1


2054714.3                          - 24 -

JOINT STIPULATION FOR CLASS ACTION SETTLEMENT

*Plaintiffs:*

Date: February ___, 2021              By: _____
                                             Joseph Strauch


Date: February ___, 2021              By: _____
                                             Timothy Colby


Date: February ___, 2021              By: _____
                                             Charles Turner


Date: February ___, 2021              By: _____
        2/22/2021                            *Vernon Carre*
                                             Vernon Carre




*Defendant:*                          **Computer Sciences Corporation**

Date: February 24, 2021               By: _____
                                      Its: _____
                                             William L. Deckelman
                                             EVP General Counsel



*Approved as to form:*

Date: February ___, 2021              By: _____
                                             Jahan C. Sagafi
                                             Attorney for Plaintiffs



Date: February ___, 2021              By: _____
                                             David R. Golder
                                             Attorney for Defendant



4827-9713-5568, v. 1
4811-8596-3990, v. 1

JOINT STIPULATION FOR CLASS ACTION SETTLEMENT

*Plaintiffs:*

Date: February ___, 2021                      By: _____
                                                         Joseph Strauch

Date: February ___, 2021                      By: _____
                                                         Timothy Colby

Date: February ___, 2021                      By: _____
                                                         Charles Turner

Date: February ___, 2021                      By: _____
                                                         Vernon Carre

*Defendant:*                                  **Computer Sciences Corporation**

Date: February ___, 2021                      By: _____
                                              Its: _____

*Approved as to form:*

Date: February 23, 2021                       By: _____
                                                         Jahan C. Sagafi
                                                         Attorney for Plaintiffs

Date: February ___, 2021                      By: _____
                                                         David R. Golder
                                                         Attorney for Defendant

4827-9713-5568, v. 1
4811-8596-3990, v. 1

JOINT STIPULATION FOR CLASS ACTION SETTLEMENT

*Plaintiffs:*

Date: February ___, 2021                    By: _____
                                                 Joseph Strauch


Date: February ___, 2021                    By: _____
                                                 Timothy Colby


Date: February ___, 2021                    By: _____
                                                 Charles Turner


Date: February ___, 2021                    By: _____
                                                 Vernon Carre




*Defendant:*                                **Computer Sciences Corporation**

Date: February ___, 2021                    By: _____
                                            Its: _____




*Approved as to form:*

Date: February ___, 2021                    By: _____
                                                 Jahan C. Sagafi
                                                 Attorney for Plaintiffs



Date: February 23, 2021                     By: _____
                                                 David R. Golder
                                                 Attorney for Defendant


4827-9713-5568, v. 1
4811-8596-3990, v. 1


2054714.3                              - 24 -
_____
JOINT STIPULATION FOR CLASS ACTION SETTLEMENT