# NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT

<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

**If you worked for CSC as an Associate Professional or Professional System Administrator during the dates specified below, you may be entitled to a payment from a proposed class and collective action settlement.  Please read this notice carefully.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- You are receiving this notice because Computer Science Corporation's ("CSC's") records show that you are among the people eligible to receive a settlement payment from the lawsuit known as *Strauch, et al. v. Computer Sciences Corp.*, No. 14 Civ. 956 (D. Conn.) (JBA) (the "Lawsuit").

- The Lawsuit was brought by four individuals who worked for CSC ("Named Plaintiffs").  The Named Plaintiffs sued CSC on behalf of themselves and other Associate Professional and Professional System Administrators who worked for CSC during the applicable time period and meet other eligibility criteria (collectively, "SAs").  The Named Plaintiffs alleged that CSC was required to pay SAs overtime pay when they worked overtime hours.  CSC's position is that it was not legally required to do so.

- On January 5, 2018, after a two-week trial, the Court entered a Judgment in favor of the Named Plaintiffs and SAs finding, among other things, that CSC misclassified the Named Plaintiffs and SAs as exempt employees ineligible for overtime compensation under federal, Connecticut, and California law.  After the entry of Judgment, CSC appealed several of the Court's rulings, including the Court's rulings allowing the Named Plaintiffs to bring the Lawsuit as a class and collective action on behalf of other SAs, and the Court's ruling regarding the appropriate method for calculating overtime damages for members of the FLSA collective and Connecticut class.  The appeals in this matter are currently held in abeyance in order for the Parties to seek approval of a settlement.  The appellate court has not issued any ruling with respect to the appeals.

- The Parties have agreed to settle the Lawsuit, subject to Court approval.  CSC has agreed to a settlement fund of $9,505,259.59 to pay individual settlement awards to SAs for all claims resolved by the Judgment in the Lawsuit (the "Settlement Fund"), as well as additional settlement expenses.  In addition to the Settlement Fund, CSC has agreed to an attorneys' fees and costs fund of $8,094,740.41 to pay Class Counsel for their attorneys' fees and costs and to pay Class Representative Service Awards to the Named Plaintiffs ("Fees and Costs Fund").

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:** | |
|---|---|
| **DO NOTHING** | If you do nothing, you will remain a part of this case and receive a settlement payment of approximately **$_____,** subject to applicable taxes and withholdings. |
| **EXCLUDE YOURSELF** | If you are a Connecticut or California Class Member (as defined in Paragraph 2 below) and you wish to exclude yourself from the settlement, you must follow the directions outlined in Paragraph 9 below.  You will not be bound by the settlement if you exclude yourself from the Lawsuit. |

2132972.1

| | |
|---|---|
| **OBJECT** | You may also object to the settlement by writing the Court about why you believe the settlement is unfair or unreasonable.  If the Court rejects your objection, you will still be bound by the terms of the settlement unless you submit a valid and timely Request for Exclusion (only available for Class Members). |

## BASIC INFORMATION

- These rights and options – **and the deadlines to exercise them** – are explained in greater detail in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Settlement payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

- The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, is presiding over this case.

### 1. Why did I get this notice?

The Court ordered that you be sent this notice because you have a right to know about a proposed class and collective action settlement, and about all of your options, before the Court decides whether to approve the settlement.  This Notice explains the lawsuit, your legal rights, and what benefits are available.

### 2. Am I covered by this settlement?

CSC's records show that you meet one or more of the following criteria:

- **Connecticut Class Member:** You worked as an Associate Professional or Professional System Administrator for CSC in Connecticut during the period July 1, 2012 through January 5, 2018, earned less than $100,000 per year, and were not a member of CSC's Test and Training Ranges segment.

- **California Class Member:** You worked as an Associate Professional or Professional System Administrator for CSC in California during the period July 1, 2010 through January 5, 2018, earned less than $100,000 per year, and were not a member of CSC's Test and Training Ranges segment.

- **Collective Member:** You previously consented to join this case in writing, worked for CSC as an Associate Professional or Professional System Administrator during the applicable period (three (3) years prior to the date your individual Consent to Join form was filed with the Court), earned less than $100,000 per year, and were not a member of CSC's Test and Training Ranges segment.

### 3. What is a class/collective action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims.  These other people are known as "class members."  Here, the Connecticut and California

Class Members (as defined in Paragraph 2 above) are referred to together as Class Members. In a class action, one court resolves the issues for all class members, except for those who exclude themselves from the class.

In a collective action lawsuit, one or more persons who have similar claims bring a lawsuit on behalf of individuals who may have similar claims. Individuals must "opt-in" to join the collective action lawsuit. All SAs who previously decided to participate in the case and whose timely signed consent forms were filed with the Court became part of the collective, as long as they meet the eligibility criteria. These individuals are referred to as the Collective Members.

### 4. Why Is There A Settlement?

Plaintiffs have litigated this case since July 2014. During that time the case was certified as a collective action and a class action. On January 5, 2018, after a two-week trial, the Court entered a Judgment in favor of the Named Plaintiffs and the Class and Collective Members finding, among other things, that CSC misclassified the Named Plaintiffs and Class and Collective Members as exempt employees ineligible for overtime compensation under federal, Connecticut, and California state law. After the entry of Judgment, CSC appealed several of the Court's rulings, including the Court's rulings allowing the Named Plaintiffs to bring the Lawsuit as a class and collective action, and the Court's ruling regarding the appropriate method for calculating overtime damages.

The Parties were prepared to litigate the appeals, but instead of doing so, decided to bring the case to an end sooner. The Named Plaintiffs entered into this proposed settlement on behalf of the Class and the Collective Members. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of the Named Plaintiffs and Class and Collective Members.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 5. What does the settlement provide?

CSC has agreed to fund the $9,505,259.59 Settlement Fund. Subject to Court approval, the Settlement Fund will be used to pay: (1) Class Members and Collective Members; (2) $75,000.00 to the California Labor and Workforce Development Agency; and (3) the Settlement Administrator's fees and costs. CSC will pay the same total amount regardless of how many Class Members and Collective Members participate and/or cash their checks.

CSC has agreed to separately fund the $8,094,740.41 Fees and Costs Fund. Subject to Court approval, the Fees and Costs Fund will be used to pay Class Counsel's fees and reasonable litigation expenses and costs. In addition, the Named Plaintiffs will each apply to the Court for Class Representative Service Awards of $10,000.00 ($40,000.00 total) for their services in identifying and prosecuting the claims in this case on behalf of the Class and Collective. These amounts will be paid from the Fees and Costs Fund.

### 6. How much will my settlement payment be and how was it calculated?

Based on the formula that has been preliminarily approved by the Court, your settlement payment is estimated to be **$[AMOUNT]**, one-third of which is subject to payroll deductions for applicable taxes and withholdings like any other paycheck, for which you will receive a Form W-2, and two-thirds of which is not subject to deductions and will be reported on a Form 1099. Neither Class Counsel nor CSC's counsel can advise you regarding the tax consequences of the settlement. You may wish to consult with your own personal tax advisor in connection with the settlement prior to acting in response to this notice.

2132972.1

The formula that has been approved by the Court and used to calculate your settlement payment considers: (a) the amount of overtime hours you recorded in CSC's timekeeping systems (called e-TES and MyTime) and your salary as a member of the classes and/or collective during the applicable period; (b) the number of workweeks you worked for CSC as a member of the classes and/or collective during the applicable period; and (c) whether you are Connecticut Class Member, California Class Member, and/or Collective Member, with concomitant weights based on the risks each claim faced on appeal. The Settlement Agreement contains the exact allocation formula.  You may obtain a copy of the Settlement Agreement by visiting [INSERT URL] or contacting the Settlement Administrator using the information in Section 9 below

### 7. How can I get my payment?

You do not have to do anything to receive a settlement payment.  If you do nothing, you will remain a part of this case and receive a settlement payment of approximately **$_____,** subject to applicable taxes and withholdings.  If this notice was not addressed to your mailing address or you change mailing addresses before a settlement payment is mailed, please contact the settlement administrator via the contact information in Section 9 to provide your best contact information. There will be no retaliation for participation in this settlement.

### 8. What am I giving up by releasing my claims?

**Class Member Release:** If the Court grants final approval of the Settlement, this action will be dismissed and Class Members who do not opt out will fully release any and all state and/or federal wage and hour claims that were resolved by the Court's Judgment, from the beginning of the applicable statutory period through January 5, 2018, even if they did not cash their settlement check.  This means that you cannot sue, continue to sue, or be a party to any other lawsuit against CSC regarding the state and/or federal wage and hour claims resolved by the Court's Judgment.  It also means that all of the Court's orders will apply to you and legally bind you.

**Collective Member Release:** If the Court grants final approval of the Settlement, this action will be dismissed, and Collective Members will fully release any and all state and/or federal wage and hour claims that were resolved by the Court's Judgment, from the beginning of the applicable statutory period through January 5, 2018, even if they did not cash their settlement check.  This means that you cannot sue, continue to sue, or be a party to any other lawsuit against CSC regarding the state and/or federal wage and hour claims resolved by the Court's Judgment.

You may obtain a copy of the Settlement Agreement, including the full text of the release, by visiting [INSERT URL] or contacting the Settlement Administrator using the information in Section 9 below.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Class Member who is not also a Collective Member and you do not wish to release your claims, then you must take steps to exclude yourself.  This is sometimes referred to as "opting out" of the settlement.

### 9. How do I exclude myself from the settlement?

If you wish to exclude yourself from the settlement, you must submit a written Opt-out Statement to the Settlement Administrator, including: (i) your name, address, telephone number, and email address; and (ii) a statement indicating your intent to exclude yourself from the settlement, such as "I opt out of the CSC wage and hour

settlement." The Opt-out Statement must be postmarked by or otherwise received on or before [**INSERT DATE 60 DAYS FROM NOTICE MAILING OR 45 DAYS FROM RE-MAILING**].

If you submit an Opt-out Statement, you will not be eligible to receive a settlement check. You will retain the right to bring your own legal action against CSC for the claims resolved by the Court's Judgment. You should be aware that your claims are subject to a statute of limitations, which means that they will expire on a certain date.

If you ask to be excluded, you cannot object to the settlement.

Settlement Administrator
[NAME]
[ADDRESS]
[ADDRESS]
[PHONE NUMBER]
[WEBSITE]

### 10.  If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not be eligible to receive a settlement check.

# THE LAWYERS REPRESENTING YOU

### 11.  Do I have a lawyer in this case?

You are represented by the lawyers listed below. They are called "Class Counsel." You may call Class Counsel if you have any questions about the settlement or participating in it.

Michael J. Scimone
Outten & Golden LLP
685 Third Avenue
25th Floor, New York, NY 10017
212-245-1000
CSClawsuit@outtengolden.com

### 12.  How will the lawyers be paid?

Class Counsel's fees will be paid from the Fees and Costs Fund, subject to Court approval. Class Counsel will ask the Court to approve attorneys' fees and equal to $7,700,151.52 from the Fees and Costs Fund, plus litigation expenses and costs equal to $354,567.90. The fees would pay Class Counsel for investigating the facts, litigating the lawsuit (including through trial and appeals), and negotiating and overseeing the settlement. These amounts will be awarded separately from the Settlement Fund and do not affect the amount of money available for Class and Collective Members. The Court will ultimately decide the amount that will be paid to the Named Plaintiffs and Class Counsel for their services. If you want to be represented by your own lawyer, you may hire one at your own expense.

2132972.1

## OBJECTING TO THE SETTLEMENT

**13. How do I tell the Court that I do not like the settlement?**

You can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims unless you have submitted a valid and timely request for exclusion.

To object, you must send a letter stating all reasons for the objection and any supporting documentation, as well as your name, address, and telephone number. If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. Mail the objection to the Settlement Administrator via First-Class United States Mail at the address below. Your objection may not be heard unless it is mailed to the Settlement Administrator via First Class United State Mail and postmarked by [**INSERT DATE 60 DAYS FROM NOTICE MAILING OR 45 DAYS FROM RE-MAILING**].

Settlement Administrator<br>
[NAME]<br>
[ADDRESS]<br>
[ADDRESS]<br>
[PHONE NUMBER]<br>
[WEBSITE]

Your objection statement will be filed with the Court. You may not object to the settlement if you exclude yourself or "opt out" of the settlement.

**14. What's the difference between objecting and opting out?**

Objecting is telling the Court that you do not like something about the settlement. Class Members who choose to remain in the Class can object. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

**15. When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing on July 12, 2021, at 10:00 a.m. to determine whether to give final approval to the settlement. If the Court approves the settlement, and there are no appeals, settlement checks will be mailed within fourteen (14) days after the expiration date of the time for an appeal to have been filed. If there is an appeal, settlement checks will be mailed within fourteen (14) days after all appeals are resolved in favor of final approval of the settlement. Please be patient.

2132972.1

## GETTING MORE INFORMATION

| 16. Are there more details about the settlement? |
|---|

This Notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the Settlement Administrator or Class Counsel using the contact information below, or via the internet at [LINK].

| 17. How do I get more information? |
|---|

If you have other questions about the settlement or want more information, you can contact the Settlement Administrator, or Class Counsel at:

    Michael J. Scimone
    OUTTEN & GOLDEN LLP
    695 Third Avenue, 25th Floor
    New York, NY 10017
    Telephone: (212) 245-1000
    CSClawsuit@outtengolden.com

DATED: **[INSERT]**, 2021

**Do not contact the Court directly for any reason.**

2132972.1