**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi*
Jared W. Goldman*
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

Michael J. Scimone*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct 19665)
P.O. Box 1684
New Haven, CT 06507
Telephone: (203) 624-9830

**FEINBERG JACKSON WORTHMAN
& WASOW**
Todd Jackson*
Darin Ranahan*
Genevieve Casey*
2030 Addison St., Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7998

**LIEFF CABRASER HEIMANN &
BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

*admitted pro hac vice

*Attorneys for Plaintiffs, the Classes, and
the Collective*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH STRAUCH, TIMOTHY COLBY, CHARLES TURNER, and VERNON CARRE, on behalf of themselves and all those similarly situated,<br><br>        Plaintiffs,<br><br>-against-<br><br>COMPUTER SCIENCES CORPORATION,<br><br>        Defendant. | No.: 3:14-cv-956 (JBA)<br><br>**DECLARATION OF JAHAN C. SAGAFI IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS** |

I, JAHAN C. SAGAFI, declare as follows:

1.        I am a partner at Outten & Golden LLP ("O&G"), counsel for the Plaintiffs, the Classes, and the FLSA Collective.  I make these statements based on personal knowledge and would so testify if called as a witness.

2.        This Declaration is submitted in support of Plaintiffs' Motion for Approval of Attorneys' Fees and Costs and Service Awards.

3.        I am a member in good standing of the bar of the State of California; the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California; and the United States Courts of Appeals for the First, Second, Ninth, and Eleventh Circuits.  I am admitted Pro Hac Vice before this Court.

4.        O&G, together with Feinberg, Jackson, Worthman & Wasow, LLP ("FJWW"), Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), and Susman, Duffy & Segaloff, P.C. ("Susman Duffy"), comprise Class Counsel ("Class Counsel") responsible for prosecuting this matter.

**Outten & Golden LLP**

5.        **The firm**.  Outten & Golden is the largest firm in the country that exclusively represents individuals (not companies) in employment matters.  O&G is a 60+ attorney firm with offices in New York, San Francisco, and Washington, D.C., representing plaintiffs in a wide variety of employment matters, including individual and class action litigation involving wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations. In addition to taking contingency fee matters, O&G maintains a substantial practice of hourly work for paying clients and often receives fee awards in the cases it handles, giving O&G a solid foundation of resources from which to take on class action matters such as this one.

6.        **Outten & Golden's experience advocating for workers' rights.**  O&G has represented plaintiffs in hundreds of class and collective actions asserting employment rights on behalf of workers around the country.  *See, e.g.*, *Garret v. Urban Outfitters, Inc.*, No. 17 Civ. 7826, ECF No. 56 at 10 (S.D.N.Y. Mar. 13, 2019) ("The Court has previously recognized the

experience and expertise of the Outten & Golden LLP firm in the area of employment law, which was demonstrated again in this action."); *Zamora v. Lyft, Inc.*, No. 16 Civ. 02558, ECF No. 103 at 6 (N.D. Cal. Sept. 26, 2018) (O&G attorneys "have capably and effectively represented the Settlement Class Members' interests" and praising "their outstanding work on this case."); *Zorrilla v. Carlson Rests. Inc.*, No. 14 Civ. 2740, 2017 WL 5004848, at *3 (S.D.N.Y. Oct. 26, 2017) (O&G attorneys "have significant experience in both prosecuting and settling wage and hour and discrimination class actions."); *Lillehagen v. Alorica*, No. 13 Civ. 0092, ECF No. 262 (C.D. Cal. May 31, 2016) (O&G attorneys "have . . . extensive experience and expertise in prosecuting wage-and-hour class actions and collective actions."); *Galeener v. Source*, No. 13 Civ. 4960, ECF No. 131 (N.D. Cal. Mar. 13, 2015) (same); *Ballinger v. Advance Magazine Publishers, Inc.*, No. 13 Civ. 4036, 2014 WL 7495092, at *7 (S.D.N.Y. Dec. 29, 2014) (appointing O&G as class counsel, explaining that "[b]ased on the firm's performance before me in this and other cases and its work in the foregoing and other cases, I have no question that it will prosecute the interests of the class vigorously"); *Perez v. Allstate Ins. Co.*, No. 11 Civ. 1812, 2014 WL 4635745, at *25 (E.D.N.Y. Sept. 16, 2014) (appointing O&G as class counsel and noting that "O & G has the requisite experience in handling class actions . . . , are well versed in the applicable law, and have the resources necessary to represent the NYLL Class fairly and adequately"); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *4 (S.D.N.Y. Oct. 2, 2013) (appointing O&G as class counsel, finding that O&G attorneys "have substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour and class action law"); *Easterling v. Conn., Dep't of Correction*, No. 08 Civ. 826, 2013 WL 12291474, at *3 (D. Conn. Sept. 10, 2013) (O&G attorneys "are nationally recognized employment class action litigators."); *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405, at *2 (S.D.N.Y. May 17, 2011) (same); *Capsolas v. Pasta Res., Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *2 (S.D.N.Y. May 9, 2012) (O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Alli v. Boston Mkt.*

*Corp.*, No. 10 Civ. 4, 2011 WL 6156938, at *2 (D. Conn. Dec. 9, 2011) (O&G counsel are "qualified and experienced in the issues raised in" wage and hour overtime litigation); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) (O&G "are experienced employment lawyers with good reputations among the employment law bar . . . [and] have prosecuted and favorably settled many employment law class actions, including wage and hour class actions"); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008) (O&G lawyers have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area").

7.      Law360 has listed Outten & Golden as one of a handful of firms in the employment law category of its nationwide "Practice Group of the Year" list for each of the years 2016, 2017, 2018, 2019, and 2020.  That list typically includes about half a dozen firms, two of which are plaintiffs' firms.  Outten & Golden is the only plaintiffs' firm to be listed in each year during the 2016-20 period.

8.      Outten & Golden is one of a limited number of class action firms able to effectively prosecute large, national class actions requiring a large outlay of up-front costs.  *See Easterling v. Conn., Dep't of Correction*, No. 08 Civ. 826, 2013 WL 12291474, at *3 (D. Conn. Sept. 10, 2013) ("Outten & Golden's resources played a significant role in Plaintiffs' counsel's ability to pursue this litigation without compensation over the past eight years."); *Gonzalez v. Pritzker*, No. 10 Civ. 3105, 2016 WL 5395905, at *4 (S.D.N.Y. Sept. 20, 2016) (same in case involving hundreds of thousands of class members).

### **My Background and Experience**

9.      **Education**.  I graduated magna cum laude from Harvard College in 1994, where I concentrated in Social Studies.  I graduated from Harvard Law School in 2001 and throughout my practice have specialized in class actions, with a focus on employment class actions.

10.      **Clerkship**.  For the first year after I graduated from law school, I clerked for the Honorable William W Schwarzer, Senior Judge of the United States District Court for the

Northern District of California.

11.     **Lieff Cabraser**.  Immediately thereafter, in 2002, I joined Lieff, Cabraser, Heimann & Bernstein, LLP, where I became a partner in January 2008.  My practice consisted primarily of representing class members in employment class actions (including wage and hour, employment discrimination, and other employment-related disputes), as well as significant work representing plaintiffs in consumer class actions and appeals of consumer and product liability cases in the Ninth Circuit and other appellate courts.

12.     **Outten & Golden.**  In fall 2013, I left Lieff Cabraser to help open O&G's San Francisco office.  Here, my practice has consisted almost exclusively of representing workers in employment class actions (including wage and hour, employment discrimination, and other employment-related disputes).

13.     **Current employment cases.**  Currently, I represent plaintiffs asserting employment claims in representative actions in this District, other federal districts, and California state court.

        Ongoing wage and hour class actions.  Currently, I represent plaintiffs and proposed class members asserting wage and hour claims in several class and collective action cases, including:  *Clayborne v. Chevron Corp.*, No. 19-cv-07624-JSW (N.D. Cal.) (off-the-clock claims on behalf of refinery workers); *Whitworth v. SolarCity Corp.*, No. 16-cv-1540-JSC (N.D. Cal.) (off-the-clock and meal break claims on behalf of installers); *Diaz v. Chevron Corp.*, No. C20-00192 (Contra Costa Super. Ct.) (off-the-clock claims on behalf of refinery workers); *Gimenez v. Alacrity Solutions Group, LLC*, No. 30-2020-01175645-CU-OE-CXC (Orange County Super. Ct.) (independent contractor misclassification claims for insurance claims adjusters); *Chen v. Morgan Stanley Smith Barney LLC*, No. 30-2014-00724866-CU-OE-CJC (Orange Co. Super. Ct.) (PAGA claims on behalf of Financial Advisors regarding reimbursement of business expenses).

        b.      Ongoing discrimination class actions.  Currently, I represent plaintiffs and proposed class members asserting employment discrimination claims in several class and

collective action cases, including: *Anderson v. City and County of San Francisco*, No. 20-cv-01149-DMR (N.D. Cal.) (class action on behalf of veterans and servicemembers asserting USERRA claims); *Rabin v. PricewaterhouseCoopers LLP*, No. 16-cv-2276-JST (N.D. Cal.) (nationwide age discrimination class action on behalf of applicants for introductory accountant positions; final approval of $11,625,000 settlement with programmatic relief); *Cassel v. Google, Inc.*, No. 17-CV-319202 (Santa Clara Super. Ct.) (challenge to limitations on speech and disclosure rights of Google employees); *Doe v. Google, Inc.*, No. CGC-16-556034 (San Francisco Super. Ct.) (challenge to limitations on speech and disclosure rights of Google employees); *Lee v. The Hertz Corp.*, No. CGC-15-547520 (San Francisco Co. Super. Ct.) (Fair Credit Reporting Act claims based on employment application process).

14.     **Past employment cases.**  During my career, I have represented plaintiff classes and collectives in many employment class actions.

a.     Past wage and hour class actions on behalf of computer technical support workers.  Over the past 18 years, I have represented computer technical support worker classes in ten wage and hour class and collective actions besides this one:  *Benedict v. Hewlett-Packard Co.*, 314 F.R.D. 457 (N.D. Cal. 2016) (case dismissed after Rule 23 class certification denied and FLSA collective decertified); *Buccellato v. AT&T, Inc.*, No. 10 Civ. 463 (N.D. Cal.) ($12.5 million settlement of overtime misclassification claims for technical support workers in 2011); *Sherrill v. Premera Blue Cross*, No. 10 Civ. 590 (W.D. Wash.) ($1.45 million settlement in 2011 for 133 class members in overtime misclassification case); *Higazi v. Cadence Design Systems, Inc.*, No. 07 Civ. 2813 (N.D. Cal.) ($7.7 million settlement of overtime misclassification claims for technical support workers in 2008); *Rosenburg v. Int'l Bus. Machines Corp.*, No. 06 Civ. 430 (N.D. Cal.) ($65 million settlement in 2007 for overtime misclassification claims for technical support workers); *Lewis v. Wells Fargo & Co.*, No. 08 Civ. 2670 (N.D. Cal.) ($6.72 million settlement for overtime misclassification claims for technical support workers in 2011); *Danieli v. Int'l Bus. Machines Corp.*, No. 08 Civ. 3688 (S.D.N.Y.) ($7.5 million settlement of overtime misclassification claims in 2010); *Clarke v JPMorgan Chase Bank, N.A.*, No. 08 Civ. 2400, 2010

WL 1379778 (S.D.N.Y. Mar. 26, 2010) (case dismissed after summary judgment granted for

defendant); *Gerlach v. Wells Fargo & Co.*, No. 05 Civ. 585 (N.D. Cal.) ($12.8 million settlement

in 2007 for overtime misclassification claims for business systems consultants); *Giannetto v.

CSC Corp.*, No. 03 Civ. 8201 (C.D. Cal.) ($24.0 million settlement in 2005 for overtime

misclassification claims).

                    b.        Other past wage and hour class actions.  In the past, I have successfully

represented plaintiff classes in other wage and hour class and/or collective actions, including:

*Godhigh v Savers*, No. 16-cv-2874-WHO (N.D. Cal.) ($750,000 settlement for overtime

misclassification claims of retail store assistant managers in 2018); *Wolf v. Permanente Medical

Group, Inc.*, No. 17-cv-05345-VC (N.D. Cal.) ($2,950,000 settlement for off-the-clock claims of

telephone service representatives in 2018); *Zamora v. Lyft, Inc.*, No. 16-cv-02558-VC (N.D.

Cal.) ($1,950,000 settlement for claims of drivers asserting that Lyft used deceptive language in

explaining how Prime Time Premiums would be paid to drivers; Lyft eliminated the challenged

language during the litigation); *Walton v. AT&T Svcs., Inc.*, No. 15-cv-03653-VC (N.D. Cal.)

($2,750,000 settlement for overtime misclassification claims of deliverers and designers of

corporate trainings in 2018); *Armstrong v. Concentrix Corp.*, No. 16-cv-05363-WHO (N.D. Cal.)

($320,000 settlement for off-the-clock claims of at-home customer service representatives in

2018); *Brown v. Permanente Medical Group, Inc.*, No. 16-cv-05272-VC (N.D. Cal.) ($6,255,000

settlement for off-the-clock claims of advice nurses in 2017); *Zajonc v. Morgan Stanley & Co.

LLC*, No. 14 Civ. 5563 (N.D. Cal.) ($5,995,000 settlement as part of multi-case settlement)

(Final Analyst trainee off-the-clock wage and hour claims); *Zaborowski v. MHN Gov't Servs.*,

No. 12 Civ. 5102 (N.D. Cal.) (FLSA conditional collective action certification granted;

arbitration motion defeated and affirmed on appeal, 601 F. App'x 461 (9th Cir. 2014); settled on

nationwide class basis for over $12.7 million) (military base counselor independent contractor

misclassification claims); *Adams v. Inter-Con Security Services, Inc.*, No. 06 Civ. 5428 MHP

(N.D. Cal.) ($4 million settlement of wage and hour off-the-clock work class and collective

action on behalf of security officers in 2008); *Bush v. GlobalTranz Enterprises, Inc.*, No. 15-cv-

0536-DJH (D. Ariz.) ($640,000 settlement for inside salespeople's misclassification claims); *Lillehagen v. Alorica, Inc.*, No. 13 Civ. 92 (C.D. Cal.) (nationwide class action settlement) (call center worker off-the-clock claims); *In re Farmers Ins. Group Claims Reps. Overtime Litigation*, MDL Docket No. 1439 (D. Or.) ($8 million settlement of overtime misclassification class and collective action on behalf of insurance claims adjusters in 2010); *Barnett v. Wal-Mart*, No. 01-2-24553-8 (King Cty. Sup. Ct.) ($35 million settlement of wage and hour off-the-clock class action in 2009).

       15.      **Appellate work.**  In addition, I have represented plaintiffs in various appeals.

       a.      Representation of plaintiffs.  I have represented plaintiffs at oral argument in *Marsh v. J. Alexander's LLC*, No. 15-15791 (9th Cir. en banc 2018) (validity of DOL's 20% rule from Field Operations Handbook, interpreting 29 C.F.R. § 531.56e (dual jobs regulation)); *Guess?, Inc. v. Russell*, No. 15-56870 (9th Cir. 2017) (delegation of class arbitrability to the arbitrator); *Zaborowski v. MHN Government Services, Inc.*, No. 13-15671 (9th Cir. 2014) (unconscionability analysis of arbitration clause); *Taragan v. Nissan North America, Inc.*, No. 11-15664 (9th Cir. 2012) (consumer deception regarding defective automobile design); *Degelmann v. Advanced Medical Optics Inc.*, No. 10-15222 (9th Cir. 2011-12) (medical device preemption); *Integon Corp. v. Gordon*, No. 1D05-3187 (Fla. 1st DCA 2007) (class certification of consumer claims asserting insurance pricing deception).

       b.      Amicus briefing.  I have also volunteered to write amicus briefs in the Ninth Circuit and other appellate courts, including:

- *Uribe v. Crown Building Maintenance. Co.*, No. G057836 (California 4th District Court of Appeal 2021) (appropriate standard for review of PAGA settlement in context of overlapping litigation, dangers of plaintiff shopping and reverse auction)
- *HomeAway.com v. City of Santa Monica*, No. 18-55367 (9th Cir. 2018) (limitations on Communications Decency Act immunity)
- *New Prime, Inc. v. Oliveira*, No. 17-340 (S. Ct. 2018) (limitations on applicability of FAA to employment cases)
- *Mohamed v. Uber Technologies, Inc.*, No. 15-16178, 15-16181, 15-16250 (9th Cir. 2016) (challenging unconscionability and unfairness in arbitration agreement)
- *Meyer v. Kalanick*, No. 16-2750 (2d Cir. 2016) (internet contract formation)
- *Williams v. Superior Court*, No. S227228 (Cal. S.Ct. 2015) (plaintiffs' right to

classwide discovery in PAGA representative action)

- *Braun v. Wal-Mart Stores, Inc.*, No. 32 EAP 2012 (Pa. S. Ct. 2013) (plaintiffs' class action trial victory upheld by Pennsylvania's highest court)
- *Mazza v. American Honda Motor Co.*, No. 09-55376 (9th Cir. 2012) (consumer class action choice-of-law issues)
- *Duran v. U.S. Bank National Ass'n.*, No. S200923 (Cal. S.Ct. 2012) (use of representative testimony to prove workers' wage and hour claims)
- *DeLodder v. Aerotek, Inc.*, No. 10-56755 (9th Cir. 2011) (Rule 23 class certification of overtime misclassification case)
- *Russell v. Wells Fargo & Co.*, No. 07-cv-03993 (N.D. Cal. 2009) (limitations on fluctuating workweek method of calculating damages in overtime misclassification cases)
- *Gutierrez v. Johnson & Johnson*, No. 07-8025 (3rd Cir. 2007) (employment discrimination class action)
- *Ledbetter v. The Goodyear Tire & Rubber Co.*, No. 05-1074 (U.S. S. Ct. 2006) (employment discrimination)
- *Dukes v. Wal-Mart Stores, Inc.*, Nos. 04-16688 & 04-16720 (9th Cir. 2005) (employment discrimination class action)

16.     **Community involvement**.  In addition to being an active litigator, I have been involved in many educational and legal groups.

       a.       Those include the following **bar organizations and committees**:

- <u>Attorney Representative for the Northern District of California to the Ninth Circuit Judicial Conference</u> (selected by the judges of the District) (2020-22)
- <u>The Civil Local Rules Attorney Advisory Committee for the Northern District of California</u> (appointed by the Chief Judge of the District) (2020-22)
- <u>The American Bar Association</u> ("ABA"):  Labor & Employment Law ("LEL") Section
- <u>The State Bar of California</u>:   Litigation Section Executive Committee (2006-07), CACI Civil Jury Instructions committee (2004-07), and Administration of Justice Committee (2004-07)
- <u>The Bar Association of San Francisco</u> ("BASF") Judicial Evaluations Committee member (2013-15) and volunteer attorney fee dispute arbitrator (2009-15)
- <u>The National Employment Lawyers Association</u> ("NELA"):  frequent speaker
- <u>The American Association for Justice</u> ("AAJ"):  Co-Chair of the Wage and Hour Litigation Group (2016-present) and frequent speaker
- <u>California Employment Lawyers Association</u> ("CELA"):  Member of two task forces on preserving access to justice
- <u>The Consumer Attorneys of California</u> ("CAOC")

       b.       Those include the following **nonprofits and advocacy groups**:

- <u>Legal Aid at Work</u>:  Board of Directors, Executive Committee, Development Committee (2019-present)
- <u>People's Parity Project</u>:  Board of Advisors (2019-present)

- American Constitution Society ("ACS") Bay Area Lawyer Chapter:  member of the Executive Board (2005-11; Chair of the Board, 2009-11) and member of the Advisory Board (2014-present)
- The Berkeley Center on Comparative Equality and Anti-Discrimination Law (2019-present)
- Alliance for Justice ("AFJ"):  Board of Directors (2014-19)
- Public Advocates, Inc. (Board of Governors, 2012-15)
- The American Civil Liberties Union ("ACLU") of Northern California:  Board of Directors (2006-11), Chair of the Legal Committee (2010-11), Vice Chair of the Board (2010-11), and member of the Board's Executive Committee (2009-11)

17.     **Articles, speeches, and presentations.**  I regularly write articles and give speeches and presentations at conferences, primarily on employment law and representative action issues.

18.     **Awards.**  I have also received various awards, including the following:
- Top 100 lawyers in all fields in Northern California (*Super Lawyers*) (2015-20)
- Top 75 Labor & Employment Lawyers in California (*The Daily Journal*) (2015-20)
- 500 Leading Plaintiff Employment Lawyers in the United States (*Lawdragon*) (2018-20)
- California "Super Lawyer" (*Super Lawyers*) (2014-20)
- Northern California "Rising Star" (*Super Lawyers*) (2009-11)
- "Top 20 California Lawyers Under 40" (*The Daily Journal*) (2011)
- Community Justice Award (Centro Legal de la Raza) (2008) (for my work on behalf of the class in the *Gonzalez v. Abercrombie & Fitch Stores, Inc.* race and gender discrimination class action, described above)

**Settlement Negotiations**

19.     After years of unsuccessful settlement attempts, the parties renewed settlement discussions with the assistance of experienced wage and hour class and collective action mediator Hunter R. Hughes, III, Esq. around August 2020, after the merits appeals were fully briefed.

20.     Mr. Hughes independently analyzed and assessed the parties' respective risks on appeal in light of his 21 years of experience mediating similar actions.

21.     Under the guidance and direction of Mr. Hughes, the parties separately negotiated the settlement fund and the fee and cost amount.

22.     Those negotiations necessarily reflected the risks faced by the parties on the

Amended Judgment and fee appeals, respectively.

23.     After months of negotiations, the parties reached impasse.

24.     The mediator therefore made a mediator's proposal to break the impasse.

25.     That mediator's proposal consisted of a separate amount for damages

($9,505,259.59) and for Class Counsel's fees and costs ($8,094,720.41).

26.     The parties executed a Memorandum of Understanding on October 26, 2020, two

weeks before the appellate merits argument scheduled for November 9, 2020.

27.     Over the next four months, the parties negotiated the terms of the final Settlement

Agreement, which was fully executed on February 24, 2021.

**Class Counsel's Lodestar and Costs Post-Dating the September 2019 Fee Motion**

28.     The litigated fee award of $7,740,152.51 represents 91% of Class Counsel's total

lodestar under the Court-ordered rates set forth in the July 2020 Fee Order.  Class Counsel's

lodestar under the Court-ordered rates for the time period post-dating the September 2019 fee

motion is $756,134.50, representing 1,795 additional hours of work, as follows:[1]

| Firm | Lodestar | Hours |
|------|----------|-------|
| O&G | $371,864.00 | 1085.5 |
| FJWW | $221,636.50 | 355.5 |
| LCHB | $162,634.00 | 354 |

29.     This additional time spent by Class Counsel represents work briefing and

preparing for argument of CSC's merits appeals, negotiating and seeking approval for the

settlement, communicating with and assisting Class and Collective Members during the litigation

and settlement process, and litigating the 2019 fee motion.

---

[1] Susman Duffy did not incur any additional lodestar after the September 2019 fee motion.

30.     Further, this lodestar is based on the rates and positions of attorneys in September 2019 and does not account for subsequent rate increases below the rate ceiling, nor for the promotion of multiple attorneys involved in this litigation.  For example, Mr. Michael Scimone was an important part of the Class Counsel team and was promoted from counsel to partner in January 2020—based in part on his exemplary work on this case.  Mr. Scimone's current hourly rate is $650, but this calculation awards Mr. Scimone $450 for all of his work on the matter.

31.     Class Counsel's lodestar based on their customary billing rates at the time of the September 2019 fee petition was $10,369,189.  Since that time, Class Counsel have incurred an additional $962,700.00 in lodestar at their customary billing rates.  Accordingly, the requested fee represents 68% of Class Counsel's current lodestar based on their customary rates.

32.     Since September 2019, Class Counsel have incurred approximately $39,826.33 in additional out-of-pocket costs.  These costs include appellate printing fees, computerized research expenses, Special Master fees, telephonic conferences, copies, and other expenses associated with the preparation, research, and filing of the papers in this matter.

**Risks of Representation and Resources Expended**

33.     Since September 2019, Class Counsel have responded to over 208 inquiries from their clients across the country regarding the litigation and proposed settlement.  Over the life of the case, Class Counsel have engaged in hundreds of other communications with clients and witnesses.  Class Counsel's paralegal professionals, working under the supervision of attorneys, perform the majority of the work in communicating with clients and witnesses to answer their questions and assist them in navigating the legal system.

34.     Given the duration of the litigation, several clients have passed away in the interim since certification and Class Counsel have heard from several others who are seriously

ill.

35.      The class certification and damages appeals, which involved an eleven-volume

joint appendix consisting of more than 3,000 pages and Plaintiffs-Appellees' four-volume

supplemental appendix of approximately 900 pages, required significant paralegal and staff

resources.

36.      This matter has required O&G to expend substantial time that could have been

spent on other fee-generating matters.  We took this matter on a pure contingency basis,

expending this effort without any guarantee of recovery.  At various times, the litigation has

consumed a significant percentage of my time, my attorney colleagues' time, and my staff's

time.

37.      Because we often decline to represent workers with valid legal claims – who

might pay hourly or retain us on a contingency basis – there is a significant opportunity cost to

each class action we pursue.  O&G undertook representation of Plaintiffs in this action without

any assurance of payment for its services, litigating the case on a wholly contingent basis in the

face of significant risk.  Class cases of this type are, by their very nature, complicated and time-

consuming, and this case was no exception, requiring a tremendous investment of time, energy,

and resources.  As of today, my firm has expended over 12,500 hours on this matter, with work

still continuing.  Sometimes these cases result in a recovery for the class, and sometimes they do

not, in which case we are paid nothing for our time and costs incurred.

38.      For example, we have invested millions of dollars of time and hundreds of

thousands of dollars of expenses with no reimbursement in many cases without being

compensated for our time or out-of-pocket costs.  *See, e.g.*, *Benedict v. Hewlett-Packard Co.*,

No. 13-cv-119-BLF (N.D. Cal.) (overtime misclassification claims on behalf of technical support

workers); *Winans v. Starbucks Corp.*, 796 F. Supp. 2d 515 (S.D.N.Y. 2011) (tip pool violation

claims on behalf of baristas); *Pippins v. KPMG LLP*, No. 11 Civ. 377, 2012 WL 6968332

(S.D.N.Y. Nov. 30, 2012) (overtime misclassification claims on behalf of auditors).

*        *        *

I declare, under penalty of perjury, under the laws of the State of California that the

foregoing is true and correct.  Executed this first day of June, 2021, at Oakland, California.


*/s/ Jahan C. Sagafi*
Jahan C. Sagafi