| | |
|---|---|
| **OUTTEN & GOLDEN LLP**<br>Jahan C. Sagafi*<br>Jared W. Goldman*<br>One California Street, 12th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 638-8800<br><br>Michael J. Scimone*<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Telephone: (212) 245-1000<br><br>**SUSMAN, DUFFY & SEGALOFF, P.C.**<br>Karen B. Kravetz (ct 19665)<br>P.O. Box 1684<br>New Haven, CT 06507<br>Telephone: (203) 624-9830<br><br>*Attorneys for Plaintiffs, the Classes, and the Collective* | **FEINBERG JACKSON WORTHMAN & WASOW**<br>Todd Jackson*<br>Darin Ranahan*<br>Genevieve Casey*<br>2030 Addison St., Suite 500<br>Berkeley, CA 94704<br>Telephone: (510) 269-7998<br><br>**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**<br>Daniel M. Hutchinson*<br>Lin Y. Chan*<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br><br>*admitted *pro hac vice* |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH STRAUCH, TIMOTHY COLBY, CHARLES TURNER, and VERNON CARRE, on behalf of themselves and all those similarly situated,<br><br>     Plaintiffs,<br><br>  -against-<br><br>COMPUTER SCIENCES CORPORATION,<br><br>     Defendant. | No.: 3:14-cv-956 (JBA)<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

Plaintiffs Joseph Strauch, Timothy Colby, Charles Turner, and Vernon Carre ("Plaintiffs") respectfully submit this Reply Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement ("Motion") to provide additional information about Class and Collective Members' reaction to the Settlement.

As set forth in Plaintiffs' Motion, the Settlement Administrator distributed the Notice to the 909 Class and Collective Members on April 13, 2021.[1]  *See* ECF No. 584-2 ¶¶ 10-11.  The Notice explains that Class and Collective Members may submit an objection postmarked on or before June 12, 2021, and that Class Members may exclude themselves from the Settlement by the same deadline.[2]  *See id*. at Ex. A §§ 9, 13.

As of June 1, 2021 (the date Plaintiffs filed their Motion), just one of the 909 Class and Collective Members had objected to the Settlement.  *See id*. at Ex. B.  Plaintiffs addressed this objection in detail in their Motion (*see* ECF No. 584 at 18), and no other Class or Collective Members have objected since Plaintiffs filed their Motion.  *See* Ex. A (Supplemental Declaration of Lisa Pavlik for Rust Consulting, Inc.) ¶ 19.[3]  Similarly, as of the date of Plaintiffs' Motion, there were zero Class Member exclusions, and no Class Members have excluded themselves since Plaintiffs' Motion.  *Id*. ¶ 18.  Thus, as of today's date, just one of 909 individuals (approximately 0.1% of the Class and Collective) has objected, and none have asked to exclude themselves.

During the June 3, 2021 status conference, the Court asked whether Plaintiffs' statement that the reaction of the Class had been "overwhelmingly positive," ECF No. 584 at 17, was based on communications with Class and Collective Members, or was an inference drawn from a lack of objection.  In the two and one-half months since the Settlement Administrator distributed

---

[1]  In addition to Notice via First Class mail to all Class and Collective Members, the Settlement Administrator emailed the Notice to 631 Class and Collective Members for whom email addresses were available.  ECF No. 584-2 ¶ 11.
[2]  Class and Collective Members to whom the Notice was re-mailed were provided with an extended deadline of 45 days after the re-mail date.  ECF No. 584-2 ¶ 14.
[3]  All exhibits hereto are attached to the Declaration of Michael J. Scimone in Support of Plaintiffs' Motion.

Notice, Outten & Golden LLP ("O&G") has responded to approximately 96 communications from current and former CSC employees (the vast majority of whom are Class and/or Collective Members) seeking information related to the Settlement. Declaration of Michael J. Scimone in Support of Plaintiffs' Motion ¶ 5. While the majority of these communications involved logistical issues such as changes to contact information, the schedule for the approval process, and the logistics of check distribution, approximately two dozen involved more substantive topics such as how and why the final Settlement amount was negotiated and how the allocation formula works. *See id*. ¶¶ 6-7. Although a handful of these callers initially expressed frustration that they did not recover more from the Settlement, all stated that they accepted the outcome and understood the rationale after in-depth discussions with Class Counsel and, in some cases, clarifications regarding the specific positions and time periods at issue in the litigation. *See id*. ¶ 7. Moreover, O&G's notes reflect that in the course of these communications, approximately a dozen Class and Collective Members expressed affirmative, unsolicited support for the Settlement, including appreciation for Class Counsel's efforts in litigating the case, securing the Settlement, and answering their questions about it. *See id*. ¶ 8.

       This represents, on balance, a positive response to the Settlement from individuals who have actively followed this litigation and waited years for a recovery. It is natural for any party who settles a legal claim to wish for a more favorable settlement; but here, only a small number of the Class and Collective Members have expressed that sentiment, and with the exception of a single objector, all have understood and accepted the reasons for the result. And many have volunteered a far more positive response. This reaction weighs in favor of final approval. *See, e.g.*, *In re Bear Stearns Cos., Inc. Secs., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (5.1% opt-out rate and less than 1% objection rate "weighs strongly in favor of approval"); *Wright v. Stern*, 553 F. Supp. 2d 337, 345 (S.D.N.Y. 2008) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication that the proposed settlement is fair, reasonable, and adequate.").

Dated: June 28, 2021

Respectfully submitted,

By: /s/ *Michael J. Scimone*
    Michael J. Scimone

**OUTTEN & GOLDEN LLP**
Michael J. Scimone*
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000

Jahan C. Sagafi*
Jared W. Goldman*
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800

**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
Daniel M. Hutchinson*
Lin Y. Chan*
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

**FEINBERG JACKSON WORTHMAN & WASOW**
Todd Jackson*
Darin Ranahan*
Genevieve Casey*
2030 Addison St., Suite 500
Berkeley, CA 94704
Telephone: (510) 269-7998

**SUSMAN, DUFFY & SEGALOFF, P.C.**
Karen B. Kravetz (ct19665)
P.O. Box 1684
New Haven, CT 06507
Telephone: (203) 624-9830

*Attorneys for Plaintiffs, the Classes, and the Collective*

*admitted *pro hac vice*

4